Brent O. Hatch (5715)
Hatch Law Group, PC
22 E. 100 S. Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendant – Additional counsel listed in signature*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., <br><br> *Defendant*. | **ANSWER AND COUNTERCLAIMS** <br><br> **JURY DEMANDED** <br><br> Case No.: 2:21-cv-00283 <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

## ANSWER TO COMPLAINT

Defendant, Nearmap US, Inc. ("Nearmap"), files this Answer and Counterclaims ("Answer") in response to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") Complaint for Patent Infringement ("the Complaint").

## Nature of Action

1.      Nearmap admits that the Complaint purports to bring a civil action for patent infringement.  Nearmap admits that MapBrowser is a Nearmap product, and denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 1.

2.      Nearmap admits that the Complaint purports to bring a civil action for patent infringement alleging infringement of United States Patent Nos. 8,209,152; 8,542,880; 8,593,518; 8,670,961; 9,135,737; 9,514,568; 10,528,960; and 10,685,149 (collectively, "the Asserted Patents").  Nearmap denies the remaining allegations of paragraph 2.

**The Parties**

3.      Nearmap lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3, and therefore denies those allegations.

4.      Nearmap lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4, and therefore denies those allegations.

5.      Nearmap lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5, and therefore denies those allegations.

6.      Nearmap admits that it is a corporation organized and existing under the laws of the State of Delaware and has a regular and established place of business at 10897 S. River Front Pkwy., Suite 150, South Jordan, Utah 84095.  Nearmap admits that MapBrowser is a Nearmap product that competes with EagleView, and Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 6.

**Patents-in-Suit**

7.      Nearmap admits that U.S. Patent No. 8,209,152 ("the '152 patent") bears on its face the title "Concurrent Display Systems and Methods for Aerial Roof Estimation," an issue date of June 26, 2012, and EagleView Technologies, Inc., as the assignee of the patent.  Nearmap further admits that EagleView has attached what purports to be a copy of the '152 patent to the

Complaint as Exhibit 1.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7, and therefore denies those allegations.

8.      Nearmap admits that, on its face, the '152 patent states that it was subject to *inter partes* review in IPR2016-00591.  The remaining allegations call for a legal conclusion for which an answer is not required.  Nearmap denies the remaining allegations of paragraph 8.

9.      Nearmap admits that U.S. Patent No. 8,542,880 ("the '880 patent") bears on its face the title "System and Process for Roof Measurement Using Aerial Imagery," an issue date of September 24, 2013, and Pictometry International Corp. as the assignee of the patent. Nearmap further admits that EagleView has attached what purports to be a copy of the '880 patent to the Complaint as Exhibit 2.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9, and therefore denies those allegations.

10.      Nearmap admits that, on its face, the '880 patent states that it was subject to *inter partes* review in IPR2016-00594.  The remaining allegations call for a legal conclusion for which an answer is not required.  Nearmap denies the remaining allegations of paragraph 10.

11.      Nearmap admits that U.S. Patent No. 8,593,518 ("the '518 patent") bears on its face the title "Computer System for Continuous Oblique Panning," an issue date of November 26, 2013, and Pictometry International Corp. as the assignee of the patent.  Nearmap further admits that EagleView has attached what purports to be a copy of the '518 patent to the Complaint as Exhibit 3.  Nearmap lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations of paragraph 11, and therefore denies those

allegations.

12.      Nearmap denies the allegations of paragraph 12.

13.      Nearmap admits that U.S. Patent No. 8,670,961 ("the '961 patent") bears on its

face the title "Aerial Roof Estimation Systems and Methods," an issue date of March 11, 2014,

and Eagle View Technologies, Inc., as the assignee of the patent.  Nearmap further admits that

EagleView has attached what purports to be a copy of the '961 patent to the Complaint as

Exhibit 4.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations of paragraph 13, and therefore denies those allegations.

14.      Nearmap denies the allegations of paragraph 14.

15.      Nearmap admits that U.S. Patent No. 9,135,737 ("the '737 patent") bears on its

face the title "Concurrent Display Systems and Methods for Aerial Roof Estimation," an issue

date of September 15, 2015, and Eagle View Technologies, Inc., as the assignee of the patent.

Nearmap further admits that EagleView has attached what purports to be a copy of the '737

patent to the Complaint as Exhibit 5.  Nearmap lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations of paragraph 15, and therefore denies

those allegations.

16.      Nearmap admits that, on its face, the '737 patent states that it was subject to *inter*

*partes* review in IPR2016-00592.  The remaining allegations call for a legal conclusion for

which an answer is not required.  Nearmap denies the remaining allegations of paragraph 16.

17.      Nearmap admits that U.S. Patent No. 9,514,568 ("the '568 patent") bears on its

face the title "Aerial Roof Estimations Systems and Methods," an issue date of December 6,

2016, and Eagle View Technologies, Inc., as the assignee of the patent.  Nearmap further admits that EagleView has attached what purports to be a copy of the '568 patent to the Complaint as Exhibit 6.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17, and therefore denies those allegations.

18.     Nearmap denies the allegations of paragraph 18.

19.     Nearmap admits that U.S. Patent No. 10,528,960 ("the '960 patent") bears on its face the title "Aerial Roof Estimations Systems and Methods," an issue date of January 7, 2020, and Eagle View Technologies, Inc., as the assignee of the patent.  Nearmap further admits that EagleView has attached what purports to be a copy of the '960 patent to the Complaint as Exhibit 7.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 19, and therefore denies those allegations.

20.     Nearmap denies the allegations of paragraph 20.

21.     Nearmap admits that U.S. Patent No. 10,685,149 ("the '149 patent") bears on its face the title "Pitch Determination Systems and Methods for Aerial Roof Estimation," an issue date of June 16, 2020, and Eagle View Technologies, Inc., as the assignee of the patent. Nearmap further admits that EagleView has attached what purports to be a copy of the '149 patent to the Complaint as Exhibit 8.  Nearmap lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 21, and therefore denies those allegations.

22.     Nearmap denies the allegations of paragraph 22.

23.     Nearmap admits the Asserted Patents purport to be directed at the subject matter described therein.  Nearmap denies the remaining allegations of paragraph 23.

24.     Nearmap admits the Asserted Patents purport to be directed at the subject matter described therein.  Nearmap denies the remaining allegations of paragraph 24.

25.     Nearmap admits the Asserted Patents purport to be directed at the subject matter described therein.  Nearmap denies the remaining allegations of paragraph 25.

26.     Nearmap admits the Asserted Patents purport to be directed at the subject matter described therein.  Nearmap denies the remaining allegations of paragraph 26.

27.     Nearmap admits the '152, '961, '737, '568, '960, and '149 patents purport to be directed at the subject matter described therein.  Nearmap denies the remaining allegations of paragraph 27.

28.     Nearmap denies the allegations of paragraph 28.

29.     The allegations call for a legal conclusion for which an answer is not required. Nearmap admits that EagleView has asserted different patents other than the Asserted Patents in the District of New Jersey against a different defendant in an earlier lawsuit.  Nearmap denies that arguments and determinations made in the District of New Jersey apply here.  Nearmap denies the remaining allegations of paragraph 29.

30.     The allegations call for a legal conclusion for which an answer is not required. Nearmap admits that EagleView has asserted in the District of New Jersey that Xactware Solutions, Inc. and Verisk Analytics, Inc. infringe different patents than the Asserted Patents. Nearmap denies that arguments and determinations made in the District of New Jersey in that case apply here.  Nearmap denies the remaining allegations of paragraph 30.

31.     The allegations call for a legal conclusion for which an answer is not required. Nearmap admits that EagleView has asserted in the District of New Jersey that Xactware

Solutions, Inc. and Verisk Analytics, Inc. infringe different patents than the Asserted Patents. Nearmap denies that arguments and determinations made in the District of New Jersey in that case apply here.  Nearmap denies the remaining allegations of paragraph 31.

32.     The article speaks for itself.  Nearmap denies the remaining allegations of paragraph 32.

## Jurisdiction and Venue

33.     Nearmap admits that the Complaint purports to bring an action for patent infringement arising under the Patent Laws of the United States.  Nearmap denies the remaining allegations of paragraph 33.

34.     Nearmap admits the allegations of paragraph 34.

35.     For the purposes of this action only, Nearmap does not contest that this Court has personal jurisdiction over Nearmap.  Nearmap denies that it infringes or has infringed any valid and enforceable claim of the Asserted Patents.  Nearmap denies the remaining allegations of paragraph 35.

36.     For the purposes of this action only, Nearmap does not contest that venue and personal jurisdiction are proper in this judicial district.  Nearmap denies that it infringes or has infringed any valid and enforceable claim of the Asserted Patents.  Nearmap denies the remaining allegations of paragraph 36.

## Count I (Infringement of the '152 Patent by Nearmap)

37.     Nearmap incorporates its answers to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    Nearmap admits that the '152 patent states on its face that it issued on June 26, 2012.  Nearmap denies the remaining allegations of paragraph 38.

39.    Nearmap denies the allegations of paragraph 39.

40.    Nearmap denies the allegations of paragraph 40.

41.    Nearmap admits that paragraph 41 recites the language of claim 10 of the '152 patent.  Nearmap denies the remaining allegations of paragraph 41.

42.    Nearmap admits that the paragraph 42 recites the language of claim 1 of the '152 patent.  Nearmap denies the remaining allegations of paragraph 42.

43.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 43.

44.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 44.

45.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 45.

46.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 46.

47.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 47.

48.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 48.

49.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 49.

50.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 50.

51.     Nearmap admits that Nearmap provides OpenSolar with access to Nearmap imagery, but denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies that Ex. 12 of the Complaint is a webpage for "Nearmap on OpenSolar."  Nearmap further denies that the information provided in paragraph 51 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of paragraph 51.

52.     Nearmap admits that Exhibit 13 purports to be a copy of the information disclosure statement for U.S. Patent Application No. 16/136,585 that includes the '152 patent.

Nearmap admits that it was aware of the '152 patent prior to the filing of the Complaint, at least by July 2, 2019.  Nearmap denies the remaining allegations of paragraph 52.

53.     Nearmap denies the allegations of paragraph 53.

54.     Nearmap denies the allegations of paragraph 54.

55.     Nearmap denies the allegations of paragraph 55.

56.     Nearmap denies the allegations of paragraph 56.

57.     Nearmap denies the allegations of paragraph 57.

58.     Nearmap denies the allegations of paragraph 58.

**Count II (Infringement of the '880 Patent by Nearmap)**

59.     Nearmap incorporates its answers to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.     Nearmap admits that the '880 patent states on its face that it issued on September 24, 2013.  Nearmap denies the remaining allegations of paragraph 60.

61.     Nearmap denies the allegations of paragraph 61.

62.     Nearmap denies the allegations of paragraph 62.

63.     Nearmap admits that paragraph 63 recites the language of claim 1 of the '880 patent.  Nearmap denies the remaining allegations of paragraph 63.

64.     Nearmap denies the allegations of paragraph 64.

65.     Nearmap denies the allegations of paragraph 65.

66.     Nearmap denies the allegations of paragraph 66.

67.     Nearmap denies the allegations of paragraph 67.

68.     Nearmap denies the allegations of paragraph 68.

69.     Nearmap denies the allegations of paragraph 69.

70.     Nearmap denies the allegations of paragraph 70.

71.     Nearmap admits that its website has stated MapBrowser is "a web-based application for searching and navigating Nearmap's library of current and historical aerial photos."  Nearmap denies the remaining allegations of paragraph 71.

72.     Nearmap denies the allegations of paragraph 72.

73.     Nearmap denies the allegations of paragraph 73.

74.     Nearmap denies the allegations of paragraph 74.

75.     Nearmap denies the allegations of paragraph 75.

76.     Nearmap denies the allegations of paragraph 76.

77.     Nearmap denies the allegations of paragraph 77.

### Count III (Infringement of the '518 Patent by Nearmap)

78.     Nearmap incorporates its answers to paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.     Nearmap admits that the '518 patent states on its face that it issued on November 26, 2013.  Nearmap denies the remaining allegations of paragraph 79.

80.     Nearmap denies the allegations of paragraph 80.

81.     Nearmap denies the allegations of paragraph 81.

82.     Nearmap admits paragraph 82 recites the language of claim 1 of the '518 patent.

83.     Nearmap denies the allegations of paragraph 83.

84.     Nearmap denies the allegations of paragraph 84.

85.     Nearmap denies the allegations of paragraph 85.

86.     Nearmap denies the allegations of paragraph 86.

87.     Nearmap denies the allegations of paragraph 87.

88.     Nearmap denies the allegations of paragraph 88.

89.     Nearmap denies the allegations of paragraph 89.

90.     Nearmap denies the allegations of paragraph 90.

91.     Nearmap admits that it was aware of the '518 patent prior to the filing of the Complaint.  Nearmap denies the remaining allegations of paragraph 91.

92.     Nearmap denies the allegations of paragraph 92.

93.     Nearmap denies the allegations of paragraph 93.

94.     Nearmap denies the allegations of paragraph 94.

95.     Nearmap denies the allegations of paragraph 95.

96.     Nearmap denies the allegations of paragraph 96.

**Count IV (Infringement of the '961 Patent by Nearmap)**

97.     Nearmap incorporates its answers to paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.     Nearmap admits that the '961 patent states on its face that it issued on March 11, 2014.  Nearmap denies the remaining allegations of paragraph 98.

99.     Nearmap denies the allegations of paragraph 99.

100.    Nearmap denies the allegations of paragraph 100.

101.    Nearmap admits paragraph 101 recites the language of claim 1 of the '961 patent.

102.    Nearmap denies the allegations of paragraph 102.

103.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 103.

104.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 104.

105.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 105.

106.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap further denies that Ex. 19 of the Complaint is a webpage for "Nearmap on OpenSolar."  Nearmap denies the remaining allegations of paragraph 106.

107.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 107.

108.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap further denies that the information provided in paragraph 108 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of paragraph 108.

109.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap further denies that Ex. 19 of the Complaint is a webpage for "Nearmap on OpenSolar."  Nearmap denies the remaining allegations of paragraph 109.

110.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 110.

111.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 111.

112.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 112.

113.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 113.

114.     Nearmap admits that it was aware of the '961 patent prior to the filing of the Complaint.  Nearmap denies the remaining allegations of paragraph 114.

115.     Nearmap denies the allegations of paragraph 115.

116.     Nearmap denies the allegations of paragraph 116.

117.     Nearmap denies the allegations of paragraph 117.

118.     Nearmap denies the allegations of paragraph 118.

119.     Nearmap denies the allegations of paragraph 119.

**Count V (Infringement of the '737 Patent by Nearmap)**

120.     Nearmap incorporates its answers to paragraphs 1 through 119 of the Complaint

as if fully set forth herein.

121.     Nearmap admits that the '737 patent states on its face that it issued on September

15, 2015.  Nearmap denies the remaining allegations of paragraph 121.

122.     Nearmap denies the allegations of paragraph 122.

123.     Nearmap denies the allegations of paragraph 123.

124.     Nearmap admits that paragraph 124 recites the language of claim 1 of the '737

patent.  Nearmap denies the remaining allegations of paragraph 124.

125.     Nearmap denies the allegations of paragraph 125.

126.     Nearmap denies the allegations of paragraph 126.

127.     Nearmap denies the allegations of paragraph 127.

128.     Nearmap denies the allegations of paragraph 128.

129.     Nearmap denies the allegations of paragraph 129.

130.     Nearmap denies the allegations of paragraph 130.

131.     Nearmap denies the allegations of paragraph 131.

132.     Nearmap denies the allegations of paragraph 132.

133.     Nearmap denies the allegations of paragraph 133.

134.     Nearmap denies the allegations of paragraph 134.

135.     Nearmap admits that it was aware of the '737 patent prior to the filing of the

Complaint.  Nearmap denies the remaining allegations of paragraph 135.

136.     Nearmap denies the allegations of paragraph 136.

137.     Nearmap denies the allegations of paragraph 137.

138.     Nearmap denies the allegations of paragraph 138.

139.     Nearmap denies the allegations of paragraph 139.

140.     Nearmap denies the allegations of paragraph 140.

## Count VI (Infringement of the '568 Patent by Nearmap)

141.     Nearmap incorporates its answers to paragraphs 1 through 140 of the Complaint as if fully set forth herein.

142.     Nearmap admits that the '568 patent states on its face that it issued on December 6, 2015.  Nearmap denies the remaining allegations of paragraph 142.

143.     Nearmap denies the allegations of paragraph 143.

144.     Nearmap denies the allegations of paragraph 144.

145.     Nearmap admits that paragraph 145 recites the language of claim 1 of the '568 patent.  Nearmap denies the remaining allegations of paragraph 145.

146.     Nearmap denies the allegations of paragraph 146.

147.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 147.

148.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 148.

149.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 149.

150.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 150.

151.     Nearmap admits that OpenSolar uses certain images from Nearmap, but denies that "Nearmap on OpenSolar" is available on the Nearmap website which directs users to the OpenSolar website for that product.  Nearmap further denies that Ex. 22 of the Complaint is a webpage for "Nearmap on OpenSolar."  Nearmap denies the remaining allegations of paragraph 151.

152.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap further denies that the information provided in paragraph 152 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of paragraph 152.

153.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 153.

154.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 154.

155.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 155.

156.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 156.

157.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 157.

158.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 158.

159.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 159.

160.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 160.

161.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies that Ex. 23 of the Complaint is a webpage for "Nearmap on OpenSolar."  Nearmap further denies that the information provided in paragraph 161 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of paragraph 161.

162.    Nearmap admits that it was aware of the '568 patent prior to the filing of the Complaint.  Nearmap denies the remaining allegations of paragraph 162.

163.    Nearmap denies the allegations of paragraph 163.

164.    Nearmap denies the allegations of paragraph 164.

165.    Nearmap denies the allegations of paragraph 165.

166.    Nearmap denies the allegations of paragraph 166.

167.    Nearmap denies the allegations of paragraph 167.

## Count VII (Infringement of the '960 Patent by Nearmap)

168.    Nearmap incorporates its answers to paragraphs 1 through 167 of the Complaint as if fully set forth herein.

169.    Nearmap admits that the '960 patent states on its face that it issued on January 7, 2020.  Nearmap denies the remaining allegations of paragraph 169.

170.    Nearmap denies the allegations of paragraph 170.

171.    Nearmap denies the allegations of paragraph 171.

172.    Nearmap admits that paragraph 172 recites the language of claim 1 of the '960 patent.  Nearmap denies the remaining allegations of paragraph 172.

173.    Nearmap denies the allegations of paragraph 173.

174.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap further denies that the information provided in paragraph 174 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations in

paragraph 174.

174.    175.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap

on OpenSolar" is an OpenSolar product.  Nearmap denies that Ex. 12 of the Complaint is a

webpage for "Nearmap on OpenSolar."  Nearmap further denies that the information provided in

paragraph 175 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of

paragraph 175.

176.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap

on OpenSolar" is an OpenSolar product.  Nearmap further denies that the information provided

in paragraph 176 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations in

paragraph 176.

177.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap

on OpenSolar" is an OpenSolar product.  Nearmap further denies that the information provided

in paragraph 177 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v.*

*Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations in

paragraph 177.

178.    Nearmap admits that Nearmap provides OpenSolar with access to Nearmap

imagery, but denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on

OpenSolar" is an OpenSolar product.  Nearmap denies that Ex. 24 of the Complaint is a webpage

for "Nearmap on OpenSolar."  Nearmap further denies that the information provided in

paragraph 178 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014). Nearmap denies the remaining allegations of paragraph 178.

179.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 179.

180.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies that Exs. 20 and 21 of the Complaint are webpages for "Nearmap on OpenSolar."  Nearmap further denies that the information provided in paragraph 180 supports a cognizable claim of patent infringement.  *See Limelight Nets., Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014).  Nearmap denies the remaining allegations of paragraph 180.

181.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 181.

182.    Nearmap denies the allegations of paragraph 182.

183.    Nearmap denies the allegations of paragraph 183.

184.    Nearmap denies the allegations of paragraph 184.

185.    Nearmap denies the allegations of paragraph 185.

186.    Nearmap denies the allegations of paragraph 186.

187.    Nearmap denies the allegations of paragraph 187.

## Count VIII (Infringement of the '149 Patent by Nearmap)

188.     Nearmap incorporates its answers to paragraphs 1 through 187 of the Complaint as if fully set forth herein.

189.     Nearmap admits that the '149 patent states on its face that it issued June 16, 2020. Nearmap denies the remaining allegations of paragraph 189.

190.     Nearmap denies the allegations of paragraph 190.

191.     Nearmap denies the allegations of paragraph 191.

192.     Nearmap admits that paragraph 192 recites the language of claim 1 of the '149 patent.  Nearmap denies the remaining allegations of paragraph 192.

193.     Nearmap denies the allegations of paragraph 193.

194.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations in paragraph 194.

195.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations in paragraph 195.

196.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 196.

197.     Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 197.

198.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 198.

199.    Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap denies the remaining allegations of paragraph 199.

200.    Nearmap denies the allegations of paragraph 200.

201.    Nearmap denies the allegations of paragraph 201.

202.    Nearmap denies the allegations of paragraph 202.

203.    Nearmap denies the allegations of paragraph 203.

204.    Nearmap denies the allegations of paragraph 204.

205.    Nearmap denies the allegations of paragraph 205.

206.    Nearmap denies all remaining allegations of the Complaint not specifically admitted above.

207.    Nearmap denies that Plaintiffs are entitled to the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Complaint, Nearmap asserts the following additional defenses:

### First Defense (Failure to State a Claim)

208.    EagleView's Complaint fails to state a claim upon which relief can be granted.

## Second Defense (Non-Infringement)

209.     Nearmap does not infringe any valid and enforceable claim of the Asserted

Patents directly or indirectly, literally or under the doctrine of equivalents.

## Third Defense (Invalidity)

210.     EagleView has asserted in its Complaint at least claim 10 of the '152 patent,

claim 1 of the '880 patent, claim 1 of the '518 patent, claim 1 of the '961 patent, claim 1 of the

'737 patent, claim 1 of the '568 patent, claim 1 of the '960 patent, and claim 1 of the '149 patent

The asserted claims of the Asserted Patents are invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type

double patenting.

## Fourth Defense (Waiver, Estoppel, Laches)

211.     EagleView's claims are barred, in whole or in part, by the doctrines of waiver,

estoppel, and laches, including because of admissions, amendments, arguments, and statements

to the United States Patent and Trademark Office during prosecution of the applications leading

to, or related to, the issuance of the Asserted Patents and because damages to EagleView, if any,

are limited by 35 U.S.C. §§ 286 and 287.

## Fifth Defense (No Entitlement to Injunctive Relief)

212.     EagleView is not entitled to preliminary and/or permanent equitable relief against

Nearmap under the principles of equity applicable to actions for patent infringement by virtue of

35 U.S.C. § 283.  Nearmap has not infringed and is not infringing any valid and enforceable

claim of the Asserted Patents.  Further, any purported injury to EagleView is not immediate and

irreparable, and EagleView will have an adequate remedy at law.  Nor do the public interest or the balance of hardships favor an injunction under the circumstances here.

### Sixth Defense (No Exceptional Case Based on Nearmap's Conduct)

213.    Nearmap's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

### Seventh Defense (No Willful Infringement)

214.    Nearmap has not willfully infringed any claim of the Asserted Patents.

### Eighth Defense (Failure to Follow Patent Marking Requirements and/or False Patent Marking)

215.    On information and belief, EagleView failed to follow the patent marking requirements set forth in 35 U.S.C. § 287 for at least the '518 and '149 patents in violation of 35 U.S.C. § 292.

### Ninth Defense (Additional Defenses or Counterclaims)

216.    Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Nearmap US, Inc. ("Nearmap") by and through their attorneys, hereby submit these Counterclaims against Counterclaim-Defendants Eagle View Technologies, Inc. ("Eagle View") and Pictometry International Corp. ("Pictometry") (collectively, "EagleView").

1.    These are Nearmap's Counterclaims for declaratory judgment of non-infringement and invalidity of one or more claims of U.S. Patent Nos. 8,209,152; 8,542,880; 8,593,518; 8,670,961; 9,135,737; 9,514,568; 10,528,960; and 10,685,149.  These Counterclaims

arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the

United States, 35 U.S.C. § 1 et seq.

### The Parties

2.      Nearmap is a corporation organized and existing under the laws of the State of

Delaware and has a regular and established place of business at 10897 S. River Front Pkwy.,

Suite 150, South Jordan, Utah 84095.

3.      Nearmap is a leading provider of cloud-based geospatial information services and

an innovative location intelligence company which provides high-resolution aerial imagery, city-

scale 3D datasets, derived AI and integrated geospatial tools.  Nearmap is an innovator in aerial

imagery, using its own patented camera systems and processing software, Nearmap conducts

aerial surveys capturing wide-scare urban areas in the United States multiple times each year,

making fresh content instantly available in the cloud via web app or API integration.  Nearmap

captures a rich data set about the real world, providing high value insights to a diverse range of

businesses and government organizations.  Every day, Nearmap helps tens of thousands of users

(where it operates) to conduct virtual site visits for deep, data driven insights – enabling

businesses and government organizations to make informed decisions, streamline operations and

bolster bottom lines.  Founded in Australia in 2007 by a group of leading remote sensing

technologists, Nearmap expanded into the US market in October 2014 and launched its

nationwide urban capture program. Since this time, Nearmap has developed scalable and

optimized high-resolution (up to 3-inch GSD) aerial imagery collection and processing

capabilities resulting in surveys of over 457 US urban areas, (approx. 71% of the population).

4.      On information and belief, Eagle View Technologies, Inc. is a corporation organized and existing under the laws of the State of Washington, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

5.      On information and belief, Pictometry International Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 25 Methodist Hill Drive, Rochester, New York 14623.

**Jurisdiction and Venue**

6.      These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 100 et seq., respectively.

7.      This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

8.      This Court has personal jurisdiction over each of Eagle View Technologies, Inc., and Pictometry International Corp. at least because they have subjected themselves to the jurisdiction of this Court in this case by filing the Complaint.

9.      Venue in this judicial district for Nearmap's counterclaims is proper because EagleView has consented to this venue by asserting and filing claims of patent infringement against Nearmap.

**The EagleView Patents**

10.      U.S. Patent No. 8,209,152 ("the '152 patent") is titled "Concurrent Display Systems and Methods for Aerial Roof Estimation" and lists Chris Pershing as the inventor.  The

'152 patent, on its face, is assigned to EagleView Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '152 patent.

11.     U.S. Patent No. 8,542,880 ("the '880 patent") is titled "System and Process for Roof Measurement Using Aerial Imagery" and lists Dale R. Thornberry, Chris T. Thornberry, Mark F. Garringer as the inventors.  The '880 patent, on its face, is assigned to Pictometry International Corp.  According to the Complaint, Pictometry is the owner of all rights, title, and interest in the '880 patent.

12.     U.S. Patent No. 8,593,518 ("the '518 patent") is titled "Computer System for Continuous Oblique Panning" and lists Stephen Schultz, Chris Schnaufer, and Frank Giuffrida as the inventors.  The '518 patent, on its face, is assigned to Pictometry International Corp.  According to the Complaint, Pictometry is the owner of all rights, title, and interest in the '518 patent.

13.     U.S. Patent No. 8,670,961 ("the '961 patent") is titled "Aerial Roof Estimation Systems and Methods" and lists Chris Pershing and David P. Carlson as the inventors.  The '961 patent, on its face, is assigned to Eagle View Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '961 patent.

14.     U.S. Patent No. 9,135,737 ("the '737 patent") is titled "Concurrent Display Systems and Methods for Aerial Roof Estimation" and lists Chris Pershing as the inventor.  The '737 patent, on its face, is assigned to Eagle View Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '737 patent.

15.     U.S. Patent No. 9,514,568 ("the '568 patent") is titled "Aerial Roof Estimations Systems and Methods" and lists Chris Pershing and David P. Carlson as the inventors.  The '568

patent, on its face, is assigned to Eagle View Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '568 patent.

16.     U.S. Patent No. 10,528,960 ("the '960 patent") is titled "Aerial Roof Estimations Systems and Methods" and lists Chris Pershing and David P. Carlson as the inventors.  The '960 patent, on its face, is assigned to Eagle View Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '960 patent.

17.     U.S. Patent No. 10,685,149 ("the '149 patent") is titled "Pitch Determination Systems and Methods for Aerial Roof Estimation" and lists Chris Pershing as the inventor.  The '149 patent, on its face, is assigned to Eagle View Technologies, Inc.  According to the Complaint, Eagle View is the owner of all rights, title, and interest in the '149 patent.

### Count One (Declaratory Judgment of Non-Infringement of the '152 Patent)

18.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 17 of these Counterclaims as if fully set forth herein.

19.     EagleView has accused Nearmap of infringing at least claim 10 of the '152 patent.

20.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '152 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

21.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '152 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

22.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 10 of the '152 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '152 patent.

23.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

24.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

### Count Two (Declaratory Judgment of Invalidity of the '152 Patent)

25.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 24 of these Counterclaims as if fully set forth herein.

26.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 10 of the '152 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

27.     At least claim 10 of the '152 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

28.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

29.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

### Count Three (Declaratory Judgment of Non-Infringement of the '880 Patent)

30.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 29 of these Counterclaims as if fully set forth herein.

31.     EagleView has accused Nearmap of infringing at least claim 1 of the '880 patent.

32.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '880 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

33.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '880 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

34.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '880 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '880 patent.

35.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

36.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

### Count Four (Declaratory Judgment of Invalidity of the '880 Patent)

37.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 36 as if fully set forth herein.

38.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '880 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

39.     At least claim 1 of the '880 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

40.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

41.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Five (Declaratory Judgment of Non-Infringement of the '518 Patent)**

42.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 41 of these Counterclaims as if fully set forth herein.

43.     EagleView has accused Nearmap of infringing at least claim 1 of the '518 patent.

44.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '518 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

45.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '518 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

46.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '518 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '518 patent.

47.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

48.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Six (Declaratory Judgment of Invalidity of the '518 Patent)**

49.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 48 of these Counterclaims as if fully set forth herein.

50.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '518 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

51.     At least claim 1 of the '518 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

52.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

53.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Seven (Declaratory Judgment of Non-Infringement of the '961 Patent)**

54.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 53 of these Counterclaims as if fully set forth herein.

55.     EagleView has accused Nearmap of infringing at least claim 1 of the '961 patent.

56.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '961 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

57.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '961 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

58.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '961 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '961 patent.

59.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

60.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Eight (Declaratory Judgment of Invalidity of the '961 Patent)**

61.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 60 of these Counterclaims as if fully set forth herein.

62. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '961 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

63. At least claim 1 of the '961 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

64. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

65. Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

### Count Nine (Declaratory Judgment of Non-Infringement of the '737 Patent)

66. Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 65 of these Counterclaims as if fully set forth herein.

67. EagleView has accused Nearmap of infringing at least claim 1 of the '737 patent.

68. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '737 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

69. Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '737 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

70.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '737 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '737 patent.

71.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

72.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

### Count Ten (Declaratory Judgment of Invalidity of the '737 Patent)

73.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 72 of these Counterclaims as if fully set forth herein.

74.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '737 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

75.     At least claim 1 of the '737 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

76.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

77.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

## Count Eleven (Declaratory Judgment of Non-Infringement of the '568 Patent)

78.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 77 of these Counterclaims as if fully set forth herein.

79.     EagleView has accused Nearmap of infringing at least claim 1 of the '568 patent.

80.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '568 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

81.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '568 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

82.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '568 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '568 patent.

83.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

84.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

## Count Twelve (Declaratory Judgment of Invalidity of the '568 Patent)

85.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 84 of these Counterclaims as if fully set forth herein.

86.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '568 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

87.     At least claim 1 of the '568 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

88.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

89.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Thirteen (Declaratory Judgment of Non-Infringement of the '960 Patent)**

90.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 89 of these Counterclaims as if fully set forth herein.

91.     EagleView has accused Nearmap of infringing at least claim 1 of the '960 patent.

92.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '960 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

93.     Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '960 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

94.     Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '960 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '960 patent.

95.     Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

96.     Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Fourteen (Declaratory Judgment of Invalidity of the '960 Patent)**

97.     Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 96 of these Counterclaims as if fully set forth herein.

98.     There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '960 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

99.     At least claim 1 of the '960 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

100.    Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

101.    Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Fifteen (Declaratory Judgment of Non-Infringement of the '149 Patent)**

102.    Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 101 of these Counterclaims as if fully set forth herein.

103.    EagleView has accused Nearmap of infringing at least claim 1 of the '149 patent.

104.    There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether Nearmap has infringed any valid and enforceable asserted claim of the '149 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

105.    Nearmap has not infringed, actively induced others to infringe, or contributed to the infringement of any asserted claim of the '149 patent that is valid and enforceable, either literally or under the doctrine of equivalents, and is not liable for such infringement.

106.    Nearmap is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of at least claim 1 of the '149 patent either literally or under the doctrine of equivalents, and that Nearmap has not infringed, does not infringe, and will not infringe any valid or enforceable asserted claim of the '149 patent.

107.    Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

108.    Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

**Count Sixteen (Declaratory Judgment of Invalidity of the '149 Patent)**

109.    Nearmap repeats and incorporates by reference the allegations in paragraphs 1 through 108 of these Counterclaims as if fully set forth herein.

110.    There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of at least claim 1 of the '149 patent based on EagleView's allegation in its Complaint that Nearmap has infringed or will infringe that claim.

111.    At least claim 1 of the '149 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

112.    Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

113.    Nearmap is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285 because this case is exceptional.

## DEMAND FOR JURY TRIAL

Nearmap requests a trial by jury of all issues that may be properly tried by a jury, and it gives notice of its reliance on Plaintiffs' payment of the statutory fee.

## PRAYER FOR RELIEF

WHEREFORE, Nearmap prays that the Court enter judgment in its favor and against EagleView as follows:

A.     Adjudging and decreeing that EagleView be denied all relief requested under its Complaint;

B.     Declaring that Nearmap has not and will not infringe any valid and enforceable claim of the Asserted Patents;

C.     Declaring that at least the asserted claims of the Asserted Patents are invalid;

D.     Enjoining EagleView and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof from threatening or initiating infringement litigation against Nearmap or its actual or prospective customers, sellers, dealers, or suppliers, or charging them either orally or in writing with infringement of any of the Asserted Patents;

E.     Granting Nearmap judgment in its favor on EagleView's Complaint;

F.     Denying EagleView's request for any injunctive relief;

G.     Denying EagleView's request for any monetary damages;

H.     Finding that EagleView did not have a good-faith basis for bringing this action;

I.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Nearmap its costs and reasonable attorneys' fees;

J.     Awarding costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927;

K.     Awarding taxable costs;

L.     Awarding interest; and

M.      Awarding any other relief in law or equity as the Court may deem just and proper.

Submitted this 29th day of November, 2021

By:     */s/ Brent O. Hatch*
        Brent O. Hatch
        HATCH LAW GROUP, PC

        *Of Counsel:*
        Nicholas Groombridge *(pro hac vice)*
        Jennifer H. Wu *(pro hac vice)*
        Jenny C. Wu *(pro hac vice)*
        Jennifer Rea Deneault *(pro hac vice)*
        Jacob M. Berman *(pro hac vice)*
        PAUL, WEISS, RIFKIND,
            WHARTON & GARRISON LLP
        1285 Avenue of the Americas
        New York, New York 10019
        212-373-3000 (telephone)
        ngroombridge@paulweiss.com
        jwu@paulweiss.com
        jcwu@paulweiss.com
        jdeneault@paulweiss.com
        jberman@paulweiss.com