Jess M. Krannich (#14398)
**KIRKLAND & ELLIS LLP**
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 877-8100
Facsimile: (801) 877-8101
jess.krannich@kirkland.com

*Attorney for Plaintiffs - Additional counsel listed in signature*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,**<br>*Plaintiffs*,<br>v.<br>**NEARMAP US, INC.,**<br>*Defendant*. | **MOTION UNDER DUCivR 83-2(g) TO TRANSFER RELATED CASE**<br><br>Case No.: 2:21-cv-00283-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "Plaintiffs" or "EagleView") respectfully move to transfer a related patent infringement case—*Eagle View Technologies, Inc et al. v. GAF Materials, LLC*, case no. 2:22-cv-00215-JCB (the "GAF case"), currently assigned to Magistrate Judge Jared C. Bennett—to Judge Ted Stewart, who is currently presiding over the above-captioned case, *Eagle View Technologies, et al. v. Nearmap US, Inc.*, case no. 2:21-cv-00283 (the "Nearmap case"), which is the lowest-numbered case as provided by the DUCivR 83-2(g) and which involves assertions by EagleView of certain

1

patents that are also asserted by EagleView in the GAF case.  The defendant in the GAF case supports this Motion to Transfer.  EagleView is contemporaneously filing a notice of this Motion to Transfer in the GAF case, before Judge Bennett.[1]

## I.      DISCUSSION

On March 28, 2022, Judge Bumb in the District of New Jersey granted transfer of the GAF case to the District of Utah, where it was given case no. 2:22-cv-00215-JCB and assigned to Magistrate Judge Jared C. Bennett.  A primary basis for Judge Bumb's decision to transfer the GAF case to this District is the overlap between the patents asserted by EagleView in the GAF case and the patents asserted by EagleView in the Nearmap case, presently pending before this Court.  *See* Case No. 1:21-cv-10669, Dkt. 65 at 20.  As discussed further below and in accordance with Local Rule DUCiv83-2(g), EagleView respectfully requests that the related GAF case be transferred from Judge Bennett to Judge Stewart.

### A.      Transfer Is Warranted Due to the Overlap in the Asserted Patents

Pursuant to DUCiv83-2(g), when two or more cases are pending before different judges of this Court, a party to the later-filed case may request transfer to the judge assigned to the lower-numbered case.  In assessing whether transfer is appropriate, DUCiv83-2(g) states that the Court may consider the following factors:

(1) Whether the cases arise from the same or a closely related transaction or event;

(2) Whether the cases involve substantially the same parties or property;

---

[1]   GAF does not oppose this motion to transfer the GAF case to Judge Stewart.  Although the parties explored filing this request as a stipulated motion, GAF has not yet completed its retention of Utah local counsel, and as such was unable to sign on to a stipulated form of this motion.

(3) Whether the cases involve the same patent, trademark, or copyright;

(4) Whether the cases call for a determination of the same or substantially related questions of law and fact;

(5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;

(6) Whether there is risk of inconsistent verdicts or outcomes;

(7) Whether the motion has been brought for an improper purpose, or

(8) Other factors as provided by case law.

Here, based on GAF's representations before Judge Bumb in support of its request to transfer the GAF case to this District, the applicable factors support transfer from Judge Bennett to this Court.  Six of the same patents are asserted by EagleView in both matters, and all asserted patents in both cases involve specific aspects of systems and methods for generating roof measurement information (factors 2 and 3).  Moreover, under GAF's contentions that led Judge Bumb to transfer the GAF case from New Jersey to this District—including GAF's representation that Nearmap's technology is being used to generate GAF-branded QuickMeasure reports (factors 1 and 2)—and given the overlap in patents, there will be related questions of law and fact, such as issues concerning patent claim scope, infringement, and invalidity, as well as possibly additional issues to be decided (factor 4).  As such, with respect to those issues, transfer to this Court could assist in avoiding duplicative work or inconsistent outcomes (factors 5 and 6).  Finally, as stated above, GAF supports transfer as well.

## II.     CONCLUSION

For the foregoing reasons, EagleView respectfully requests that its Motion to Transfer the related GAF case to the judge(s) assigned to this case be granted.


Dated: April 7, 2022                              Respectfully submitted,

                                                  _/s/ Jess M. Krannich_
                                                  Jess M. Krannich (#14398)
                                                  KIRKLAND & ELLIS LLP
                                                  60 East South Temple
                                                  Salt Lake City, UT 84111
                                                  (801) 877-8100
                                                  jess.krannich@kirkland.com

                                                  Adam R. Alper (*pro hac vice*)
                                                  Brandon H. Brown (*pro hac vice*)
                                                  Natalie Flechsig (*pro hac vice*)
                                                  KIRKLAND & ELLIS LLP
                                                  555 California Street
                                                  San Francisco, CA 94104
                                                  (415) 439-1400
                                                  adam.alper@kirkland.com
                                                  brandon.brown@kirkland.com
                                                  natalie.flechsig@kirkland.com

                                                  Michael W. De Vries (*pro hac vice*)
                                                  KIRKLAND & ELLIS LLP
                                                  555 South Flower Street
                                                  Suite 3700
                                                  Los Angeles, CA 90071
                                                  (213) 680-8400
                                                  michael.devries@kirkland.com

                                                  Leslie Schmidt (*pro hac vice*)
                                                  KIRKLAND & ELLIS LLP
                                                  601 Lexington Avenue
                                                  New York, NY 10022
                                                  (212) 446-4800
                                                  leslie.schmidt@kirkland.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April, 2022, the undersigned electronically transmitted the foregoing **MOTION UNDER DUCivR 83-2(g) TO TRANSFER RELATED CASE** to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-captioned case.

*/s/ Jess M. Krannich*
Jess M. Krannich