Jess M. Krannich (#14398)
**KIRKLAND & ELLIS LLP**
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 877-8100
Facsimile: (801) 877-8101
jess.krannich@kirkland.com

*Attorney for Plaintiffs - Additional counsel listed in signature*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,** <br> *Plaintiffs*, <br> v. <br> **NEARMAP US, INC.,** <br> *Defendant.* | **MOTION UNDER DUCivR 42-1(a) TO CONSOLIDATE RELATED CASE AND FOR ENTRY OF CONSOLIDATED CASE SCHEDULE** <br><br> Case No.: 2:21-cv-00283-TS-DAO <br><br> District Judge Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "Plaintiffs" or "EagleView") respectfully move to (1) consolidate for all pretrial purposes *Eagle View Technologies, Inc et al. v. GAF Materials, LLC*, case no. 2:22-cv-00215-JCB (the "GAF case"), which was recently transferred to this District and is currently assigned to Magistrate Judge Jared C. Bennett, with *Eagle View Technologies, et al. v. Nearmap US, Inc.*, case no. 2:21-cv-00283 (the "Nearmap case"), which is pending before this Court; and (2) for entry of the proposed consolidated case schedule, attached hereto as Exhibit 1.   Nearmap agrees to the proposed consolidation for pretrial purposes and also agrees to EagleView's proposed schedule.  GAF has not agreed to consolidation, but has not affirmatively opposed it either.[1]

The Nearmap and GAF cases should be consolidated for pretrial purposes.  Consolidation will avoid unnecessary duplication of efforts, wastes of party and Court resources, and a prejudicial delay in the GAF proceedings.  It is undisputed that every applicable factor of DUCivR 42-1 strongly supports consolidation:  each action shares the same plaintiffs, most of the same asserted

---

[1]   Pursuant to DUCivR 83-2(g), GAF recently agreed to EagleView's motion for an intra-District transfer of the GAF case from Judge Bennett to this Court.  Dkt. 59.  With respect to GAF's position on consolidation, in connection with its motion to transfer the GAF case to this District from the District of New Jersey, GAF repeatedly argued for the pre-trial consolidation of the GAF and Nearmap cases in this Court, pursuant to the existing Nearmap case schedule.  Accordingly, before filing this motion, EagleView sought to confirm GAF's position on consolidation and a consolidated case schedule.   GAF, however, would not commit to consolidating the cases nor confirm that its position will be the same as it was before the District of New Jersey, and it did not provide feedback on the proposed consolidated case schedule.  GAF also suggested that it could not weigh in on consolidation until it retains Utah local counsel (despite having previously repeatedly stated that consolidation could occur on the existing schedule in the Nearmap case, in support of its transfer motion).  In light of GAF's apparent change in position, and because the Nearmap case continues to move forward, EagleView respectfully brings this motion now, to resolve this issue before significant case events occur in the Nearmap case that would benefit from consolidation (*e.g., Markman* proceedings and other joint deadlines).

patents, and according to GAF, the same accused technologies.  Without pretrial consolidation, EagleView will be forced to engage in duplicative discovery (including depositions, and potential discovery disputes), *Markman* proceedings, and dispositive motions.  This wasteful and highly inefficient use of resources would also unnecessarily delay resolution of the GAF case.

GAF does not dispute the application of the consolidation factors here—in conferring over EagleView's motion to transfer the GAF case to this Court, GAF agreed that the very same factors were met.  *See* Dkt. 59.  Likewise, Judge Bumb recognized the very same facts in ordering transfer from New Jersey, when she relied on this overlap between the cases—and, according to her, the attendant risk of inconsistent results and duplication of judicial efforts—as the **sole** basis for her order, finding that it outweighed every other transfer factor, which leaned against transfer or was neutral.  *Eagle View Technologies, Inc., et al. v. GAF Materials, LLC,* No. 1:21-cv-10669, Dkt. 65 at 20 (D.N.J. March 28, 2022) ("Transfer Order").

GAF's reluctance to now take a position on consolidation is contrary to its repeated statements to Judge Bumb during the transfer proceedings that the cases should be consolidated on the existing Nearmap schedule.  Ex. 2 (1/21/2022 Hr'g Tr. in GAF case) at 53:10-12 ("We just don't see the prejudice to EagleView if this case were to be transferred and, say, ***consolidated on the same schedule that's already been entered into***."),[2] 19:11-14 ("Utah is essentially the only place where this case could be consolidated, where there could be one judge hearing everything."). As GAF stated it in its transfer briefing, "[t]here is no reason for two courts to be simultaneously considering discovery issues, reviewing *Markman* briefing on the same patents, and holding

---

[2]   All emphases added unless otherwise noted.

multiple trials on the same patents, which would be the case absent transfer to Utah." GAF case, Dkt. 32-1 at 21. And while GAF has vaguely suggested during the parties' meet and confers over this motion that consolidation might be improper because it may refile a motion to dismiss the patents-in-suit on § 101 grounds, that is incorrect. Discovery and other pretrial activities in the consolidated cases can proceed in parallel with such a motion to dismiss, and any such motion— which would effectively seek reconsideration of the Court's § 101 analysis in the Nearmap case— does not justify allowing the cases to proceed in an uncoordinated fashion. GAF has not raised any issues with EagleView's proposed schedule to move the two cases forward, which provides GAF with many additional months before key disclosures are due—even though EagleView filed the GAF case nearly a year ago. For these reasons, EagleView respectfully requests that its motion to consolidate be granted, and its proposed consolidated case schedule entered.

## I.      STATEMENT OF FACTS

On May 4, 2021, EagleView filed both the Nearmap case (in this District) and the GAF case (in the District of New Jersey). The Nearmap case asserted infringement of eight patents, and the GAF case alleged infringement of nine patents; six asserted patents are the same between both cases. Dkt. 2; GAF case at Dkt. 1. Nearmap filed a motion to dismiss based on § 101 against the '152 patent (also asserted against GAF) and the '737 patent. Dkt. 40. This Court denied that motion, holding that "[w]hatever the focus of the patent claims at issue, Nearmap has not convinced the court that it is an abstract idea. The representative claims recite **_specific computerized steps using specific inputs and outputs to achieve specific goals in roof modeling technology_**." Dkt. 50 at 7.

In New Jersey, GAF also filed a motion to dismiss based on § 101 on all nine patents pending there, as well as a motion to transfer the case to this District.  GAF specifically confirmed in its transfer briefing that "[t]here is no reason for two courts to be simultaneously considering discovery issues, reviewing *Markman* briefing on the same patents, and holding multiple trials on the same patents, which would be the case absent transfer to Utah."  GAF case, Dkts. 31-32; *id.* at Dkt. 32-1 at 21.  GAF also contended that the accused products in both cases are based on the same Nearmap technology.  *Id.* at 6, 14.  On those bases, Judge Bumb ordered transfer, even though she found ***every other factor*** to be either neutral or weighing against transfer.  Transfer Order at 20. As Judge Bumb stated, "[c]onsidering the significant overlap of mostly the same patents asserted, the similarity of products accused, the potential for inconsistent results, and duplication of judicial efforts, the Court finds that the practical considerations at issue strongly tilt … in favor of transferring the present action to the District of Utah."  *Id.* at 20, 22.

On April 7, 2022, EagleView moved for an intra-District transfer of the GAF case to this Court under DUCivR 83-2(g).  Dkt. 59.  Although GAF has not taken a position with respect to consolidation or EagleView's proposed consolidated case schedule, it does not oppose the transfer of the GAF case to this Court.  *Id.* at 2, n.1.

## II.   ARGUMENT

### A.   All Five Factors Weigh in Favor of Consolidation

Pursuant to DUCiv42-1(a), when two or more cases are pending before a single judge, any party may file a motion to consolidate those cases if the party believes that such cases:

(1) arise from substantially the same transaction or event;

(2) involve substantially the same parties or property;

(3) involve the same patent, trademark, or copyright;

(4) call for determination of substantially the same questions of law; or

(5) for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

Here, based on the relationship between the GAF and Nearmap case and GAF's representations before Judge Bumb in support of its motion to transfer the GAF case to this District, all applicable factors support consolidation of the GAF and Nearmap cases.  This is undisputed:  GAF already agreed that these very same factors are met in connection with the intra-District transfer of the GAF case from Judge Bennett to this Court under DUCivR 83-2(g).  *See* Dkt. 59 (EagleView motion to transfer which was not opposed by GAF); Ex. 3 (4/6/22 and 4/7/22 correspondence confirming GAF agrees with the substance of EagleView's transfer motion).  And in arguing for transfer of the GAF case before Judge Bumb, GAF repeatedly represented that consolidation of the GAF and Nearmap cases in Utah was appropriate.  Ex. 2 at 19:11-14 ("Utah is essentially the only place where this case could be consolidated, where there could be one judge hearing everything."), 53:10-17.

An analysis of the consolidation factors confirms that consolidation is appropriate here. With respect to **factor 1** (substantially the same transaction or event)**, factor 2** (same parties) and **factor 3** (same patents), six of the same patents are asserted in both matters, and, as Judge Bumb stated in her transfer opinion, all asserted patents in both cases involve specific aspects of systems and methods for generating roof measurement information.  Moreover, according to GAF, GAF uses the same Nearmap technology accused of infringement in the Nearmap case, which GAF says is rebranded as GAF "QuickMeasure" reports.  *See* Transfer Order at 5, 13-14; *see also* Ex. 2 at 14:20-21 (GAF arguing that "[B]ut for Nearmap, there are no [GAF] QuickMeasure reports.").  Judge Bumb relied on these assertions in ordering transfer.  Transfer Order at 18 (Judge Bumb

finding that "It may very well be the case that it was, in fact, Utah-based Nearmap that developed and maintains the software and source code behind GAF's Accused Product, ***which would strongly suggest that the District of Utah is the proper venue for this suit***.").

**Factor 4** (determination of substantially the same questions of law) also weighs heavily in favor of consolidation.  Given GAF's assertions concerning the overlap between the cases, there will certainly be common questions of law and fact on core issues such as patent claim scope, infringement, and or invalidity.  GAF repeatedly relied on this overlap in its transfer motion.  GAF case, Dkt. 32-1 at 20-22.  And without consolidation, there is a risk of inconsistent outcomes—a fact GAF also relied on in seeking transfer to this Court.  *Id.* at 2-3 ("Unless this case is transferred to Utah, there is a substantial risk of inconsistent judgments and inefficient duplication of judicial expenditures, ***even just on the motions that have been filed to date (including a partial motion to dismiss filed in the Utah Action and GAF's concurrently filed motion to dismiss in this action***, both of which seek dismissal of some of the same claims based on Section 101).").

Likewise, there is no question **factor 5** (avoiding duplicative work and unnecessary delay) is met, too.  Without pretrial consolidation, EagleView and the Court will be forced to engage in duplicative discovery proceedings, including requiring individual witnesses to sit for multiple depositions covering the same subject matter.  The Court's resources will also be wasted if the cases are not consolidated.  For example, without consolidation, there will be duplicative and overlapping *Markman* proceedings and duplicative dispositive motions.  The potential for duplication of proceedings absent consolidation is not speculative: GAF has already suggested that it may take another run at § 101 at the motion to dismiss stage.  Not only has this Court already rejected overlapping § 101 arguments on EagleView's patents, GAF indicated to Judge Bumb that

it would not reargue § 101 if she transferred the case to Utah.[3]  Ex. 2 at 18:18-19:2, 57:24-58:7; *see also* GAF case, Dkt. 32-1 at 6 (arguing to Judge Bumb the "substantial risk of inconsistent judgments" on the § 101 motions because those motions "seek dismissal of some of the same claims").  As with the other factors, this factor weighs heavily in favor of consolidation, as GAF itself confirmed when it explicitly relied on it in urging Judge Bumb to transfer the GAF case to this Court.  *Id.* at 6:23-7:5 ("That Utah case is off and running.  There's a scheduling order, as Your Honor probably saw, which we submitted earlier this week.  That case is in discovery and is going to proceed.  ***So the only way to avoid two parallel cases involving six of the same patents, same plaintiffs, same technology, and at least one entity that is involved in both of the accused products***, is to transfer.").

### B.    GAF's Apparent Arguments Concerning a Motion to Dismiss Are Unavailing

During the parties' meet and confer process leading to this motion, GAF would not take a clear position on consolidation—despite having urged the propriety of consolidation when it was trying to get the GAF case transferred to this Court.  Ex. 2 at 53:10-12, 19:11-14.  Nor has GAF articulated any specific reasons as to why it would or could reverse course and oppose consolidation.  Although GAF vaguely asserted that it might renew its motion to dismiss on § 101 grounds, that is not relevant.  Regardless of how GAF responds to EagleView's complaint, discovery and other pretrial proceedings in the GAF and Nearmap cases can proceed while the

---

[3]    GAF's prior position respecting the Court's § 101 opinion was for good reason:  the Court's reasoning for rejecting Nearmap's § 101 arguments with respect to the '152 and '737 patents applies to the other patents asserted in the GAF case, as those too "recite specific computerized steps using specific inputs and outputs to achieve specific goals in roof modeling technology," which the Court found to indicate the EagleView patent claims are not abstract.  Dkt. 50 at 7.

Court presides over any potential motion to dismiss in parallel.  Certainly, GAF's desire to renew its motion to dismiss does not outweigh the many justifications for consolidation discussed above, nor the prejudice to EagleView if consolidation is not ordered.

This approach is consistent with this Court's application of the local patent rules.  For example, in *Phillip M. Adams & Associates, LLC v. Dell, Inc. and Quanta Computer, et al.*, the plaintiff filed suit on the same five patents against different defendants in two cases that were filed two years apart.  Case No. 1:05-cv-64, Dkt. 432 (D. Utah Jan. 23, 2008).  The Court granted a motion for consolidation despite the later-sued defendant's assertions that it would be "disadvantaged by an acceleration of their discovery process to catch up with discovery in the older … case," finding instead that such arguments "are not persuasive because they can be addressed by adjustments in the scheduling 'to avoid unnecessary costs or delay.'"  *Id.* at 3-4 (citing Fed. R. Civ. P. 42(a)).  Moreover, the Court held that a pending motion to dismiss for lack of personal jurisdiction by a consolidated defendant could be adjudicated "without affecting the remainder of the case," such that "consolidation will allow all issues regarding the alleged infringement of the five patents to go forward in one case and will thereby avoid unnecessary costs and delay…."  *Id.* at 5-6.

Likewise here, to the extent GAF renews its motion to dismiss, the Court may preside over that motion while also allowing the GAF and Nearmap cases to move forward in consolidated fashion.  *Id.*  Any other result would lead to great inefficiencies, and unnecessarily delay the GAF case without justification, particularly considering a jury and three judges—Judge Bumb, Judge Kugler, and this Court—have now found that collectively five ('436, '376, '840, '152, '880) of EagleView's patents asserted against GAF are not invalid under § 101.  GAF case, Dkt. 11-2, Ex.

13 (Judge Kugler denying Motion for Summary Judgment); *id.* at Ex. 10 (Judge Bumb denying Motion for New Trial); Dkt. 50 (this Court denying Motion to Dismiss).

GAF's resistance is inconsistent with its representations to Judge Bumb in connection with the transfer proceedings. There, GAF acknowledged that this Court had already made findings on the '152 patent asserted in both cases, and suggested that any additional Section 101 arguments are for "down the line," *i.e.*, not at the motion to dismiss stage. Ex. 2 at 18:23-19:2 (Judge Stewart's denial of Nearmap's § 101 Motion to Dismiss was "just on a motion to dismiss. There were a number of issues that he may grapple with *down the line*...."); *id.* at 57:24-58:7 ("My point is one of efficiency or convenience for the courts. *Judge Stewart has already made some Alice calls*. . . . I believe it's accurate to say that Nearmap challenged only two [patents] at the pleadings stage. So there will be substantial overlap of Alice calls between Utah and New Jersey if these two cases proceed separately."); *id.* at 18:18-22 ("This was not about trying to find the court which in our view was going to be the best place for the arguments that we were advancing [with respect to its Section 101 motion to dismiss]. This is really about where is the most convenient place, where do the interests of justice lie."); GAF case, Dkt. 32-1 at 8 ("Nearmap has filed a partial motion to dismiss in the Utah Action *based on at least some of the same grounds that GAF has asserted in its concurrently filed motion to dismiss*."); *id.* at 23 ("this Court should transfer this case to where *a related case at roughly the same procedural posture* is pending."). GAF's potential motion to dismiss is no impediment to consolidation with the Nearmap case.

### C. EagleView's Proposed Schedule Integrates GAF Into The Nearmap Case Without Undue Delay To Either Action

EagleView's proposed consolidated case schedule (Ex. 1) integrates GAF into the existing Nearmap case schedule without unduly delaying either case. Specifically, EagleView's proposed

schedule is identical to that in the Nearmap case except it (1) sets specific deadlines for EagleView's and GAF's Local Patent Rule 2.3, 2.4, 3.1, and 3.2 disclosures (infringement, invalidity and unenforceability contentions); and (2) extends the current Nearmap deadlines relating to fact discovery and claim construction by about a month, to accommodate GAF's integration into this case.  There is no question GAF should be prepared to proceed on this schedule.  The GAF case was filed nearly a year ago on May 4, 2021, on the same day as the Nearmap case, and GAF will have an additional four months from now to provide its final invalidity, unenforceability, and non-infringement contentions.  Likewise, in view of modest adjustments to the existing Nearmap case schedule, GAF will have five months before any claim construction disclosures, and six months before its claim construction brief is due.  The schedule is also fair to Nearmap, as it only proposes modest extensions of a subset of the fact discovery and claim construction deadlines.  Notably, GAF has not raised any issues with this proposed schedule—to the contrary, in connection with its transfer motion, it indicated to Judge Bumb that consolidation could occur on the existing Nearmap schedule, without any extensions.  Ex. 2 at 53:10-12.

## III.    CONCLUSION

EagleView respectfully requests that its motion to consolidate the GAF and Nearmap cases be granted, and the Court enter its proposed consolidated case schedule.

Dated: April 8, 2022

Respectfully submitted,

 _/s/ Jess M. Krannich_
Jess M. Krannich (#14398)
KIRKLAND & ELLIS LLP
60 East South Temple
Salt Lake City, UT 84111
(801) 877-8100
jess.krannich@kirkland.com

Adam R. Alper (*pro hac vice*)
Brandon H. Brown (*pro hac vice*)
Natalie Flechsig (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400
adam.alper@kirkland.com
brandon.brown@kirkland.com
natalie.flechsig@kirkland.com

Michael W. De Vries (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street
Suite 3700
Los Angeles, CA 90071
(213) 680-8400
michael.devries@kirkland.com

Leslie Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
leslie.schmidt@kirkland.com

*Attorney for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2022, the undersigned electronically transmitted the foregoing **MOTION UNDER DUCivR 42-1(a) TO CONSOLIDATE RELATED CASE AND FOR ENTRY OF CONSOLIDATED CASE SCHEDULE** to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-captioned case.

*/s/ Jess M. Krannich*
Jess M. Krannich