Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., <br><br> Defendant. | **PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF TIME TO SERVE FINAL INFRINGEMENT CONTENTIONS** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc., and Pictometry International Corp. (collectively "EagleView") hereby move this Court pursuant to Federal Rule of Civil Procedure 6(b) and DUCivR 7-1(a)(2) for a four-week extension of time to serve their Final Infringement Contentions from June 30, 2022 (the current due date) to July 28, 2022. Importantly, just last week, EagleView was tipped off during its source code review that a new Accused Product exists that improperly had not previously been provided to EagleView.  That, in and of itself, necessitates a four-week extension.

1

Nearmap has refused to consent to this requested extension and has offered only a one-week extension of time *provided that* that EagleView (1) does not meet and confer with Nearmap on this issue and (2) does not seek a longer extension of time. In fact, counsel for Nearmap specifically stated that, if counsel for EagleView would like to proceed with a meet and confer "there is no extension in that circumstance." *See* Exhibit A, Email from Nicholas Groombridge, dated June 25, 2022. Given that EagleView's deadline is this Thursday, June 30, 2022, and counsel for Nearmap refuses to speak with counsel for EagleView regarding a longer extension, EagleView has no choice but to seek expedited consideration of its request from the Court.

Good cause exists for this extension of time. The undersigned counsel from Parsons Behle & Latimer and Shearman & Sterling were substituted for EagleView's prior counsel of record in early May, in both this action and in the related matter of *Eagle View Technologies v. GAF Materials, LLC*, Case No. 2:22-cv-00215 ("GAF Case," also pending before this Court). In the seven weeks that have followed, new counsel for EagleView has worked diligently to maintain all existing case schedules in both cases while simultaneously getting up to speed and absorbing two new, substantial patent infringement cases. This case alone includes infringement allegations regarding eight asserted patents and dozens of asserted claims. Moreover, despite repeated requests regarding whether new counsel for EagleView had access to all Accused Products, the source code review just revealed that counsel for EagleView has not been provided access to at least one Accused Product.[1]

---

[1] Due to the hidden nature of software licenses/subscriptions, EagleView did not know of this additional Accused Product until it was tipped off during the source code review. EagleView's investigation has been diligent and has in fact been hindered by Nearmap's position, contrary to

The work of new counsel has included the transfer and review of case files from prior counsel for EagleView; the completion of four additional productions of documents to Nearmap, including well over 300,000 documents; participation in multiple written and oral meet and confers with counsel for Nearmap regarding various discovery disputes; the successful negotiation of agreed search terms for fact discovery; analysis of Nearmap's MapBrowser and Nearmap on OpenSolar ("NMOS") products, the latter of which was only provided to counsel for EagleView at the end of May and only after counsel explicitly asked for it; interviews and retention of two technical advisors; and the review of Nearmap's source code, which was delayed one week due to a scheduling conflict with EagleView's technical advisor.[2] It has also included briefing an opposition to the Section 101 Motion to Dismiss that had recently been filed by GAF Materials in the GAF case.

Nonetheless, despite their best efforts, counsel for EagleView requires additional time to complete their Final Infringement Contentions in this matter. The undersigned counsel for EagleView did not enter this case predisposed to seek extensions of time, did not seek an extension of all case deadlines after they entered the case as substitute counsel, and has endeavored to avoid this request. EagleView submits that this request for a four-week extension of time to serve their Final Infringement Contentions in this case is reasonable and will not adversely affect Nearmap's rights in this case. *See* DUCivR 83-1.1(d)(1) and R. 14 of Utah Standards of Professionalism and Civility.

---

Plaintiffs' LPR 2.1 Accused Instrumentality Disclosures, that the only Accused Products were those that are specifically named, *i.e.*, MapBrowser and Nearmap on OpenSolar.

[2] Further, EagleView has not yet obtained hard copies of the source code that it has requested.

Further adding to the grounds for this request for extension of time was the recent discovery by EagleView's source code analyst that Nearmap appears to be withholding access to an Accused Product. As mentioned above, counsel for EagleView repeatedly inquired whether they had been given access to all Accused Products and counsel for Nearmap responded that it would not be providing access to "unaccused products in this action." *See* Exhibit B, Emails from Eric Lucas and Jennifer Deneault, dated May 27 and 31, 2022.[3] However, during EagleView's technical advisor's source code review last week, he found evidence of what appears to be at least one Accused Product to which Nearmap has not yet provided EagleView access. Such Accused Product—which appears to embody roof geometry technology—is directly relevant to the infringement allegations in this case.[4] Immediately upon learning of this previously-undisclosed Accused Product, counsel for EagleView requested further information about it (and any other similar products). *See* Exhibit C, Letter from L. Kieran Kieckhefer, dated

---

[3] The Accused Products in this case include MapBrowser, NMOS, and "any other Nearmap products that contain similar functionality" to MapBrowser and NMOS. *See* Exhibit H, Plaintiffs' LPR 2.1 Accused Instrumentalities Disclosures ("EagleView's current understanding, ***but before any discovery has been conducted***, is that the accused products include at least (1) MapBrowser and (2) Nearmap on OpenSolar, including software and imagery features that are used with, or integrated into, MapBrowser or Nearmap on OpenSolar, including at least Nearmap Vertical, Nearmap Oblique, and Nearmap 3D, ***as well as any other Nearmap products that contain similar functionality***…. Discovery may reveal the existence of additional infringing products and methods, or otherwise provide information about the scope of the accused products and methods.") (emphasis added).

[4] *See, e.g.*, https://www.nearmap.com/us/en/recent-aerial-imagery-news/nearmap-acquires-pushpin-technology-to-provide-roof-geometry-insights ("Leading aerial imagery company Nearmap today announced that it has acquired technology and assets from Pushpin, a deep learning and analytics technology company that extracts data from 3D models to provide roof geometry insights to a variety of sectors including roofing, solar and government. The technology acquisition allows Nearmap to rapidly extract and disseminate roof geometry from its wide scale 3D models and offer a new form of location content to its customers.").

June 22, 2022. Counsel for EagleView followed up on this request upon completion of its technical advisor's source code review. *See* Exhibit D, Email from Juliette Palmer White to Groombridge, dated June 24, 2022. Counsel for Nearmap responded on Monday, June 27, reaffirming its position that it would not provide any information or discovery on products other than MapBrowser and NMOS. *See* Exhibit E, Email from Deneault to Lucas, dated June 27, 2022. Accordingly, Nearmap appears to have improperly withheld access to an Accused Product, and, as a result, EagleView may need even more time to obtain appropriate discovery on this product, analyze the product, and prepare infringement contentions accordingly.

EagleView contacted counsel for Nearmap last Wednesday, June 22, to request the courtesy of a four-week extension for their Final Infringement Contention deadlines. *See* Exhibit F, Email from White to Nearmap counsel, dated June 22, 2022. Counsel for Nearmap declined. *See* Exhibit G, Letter from Groombridge to White, dated June 23, 2022. Counsel for Nearmap contends that this four-week extension would prejudice its client because it would delay the resolution of this case, which is "casting a cloud on Nearmap's legitimate business," and cause Nearmap to incur additional costs. *Id.* at 2. However, there is no preliminary injunction in this case, and no trial date. It is difficult to see how this four-week extension will cause prejudicial delay in the resolution of this case—particularly given the significant efficiencies that will be gained by not having to amend final infringement contentions if counsel for Nearmap has failed to give counsel for EagleView access to an entire Accused Product—given there are presently no deadlines for expert discovery, dispositive motions, or even the trial.

While Nearmap's counsel did offer a one-week extension of time for EagleView's Final Infringement Contentions, that offer was unacceptably conditional and violated the duty of good

faith to resolve disputes without Court intervention. EagleView accepted the one-week extension but requested a meet and confer to further discuss an additional extension and the new, but previously withheld Accused Product. However, Nearmap's counsel made plain on Saturday, June 25, that the one-week extension was *only* available if EagleView dropped its request for a four-week extension *and* dropped its request for a meet and confer with Nearmap. *See* Exhibit A, Email from Groombridge, dated June 25, 2022. In other words, Nearmap's offer of a one-week extension would be rescinded if (1) EagleView met and conferred with Nearmap *and/or* (2) if EagleView continued to seek a longer extension. Given Nearmap's position, EagleView has been left with no choice but to file this motion for extension of time with the Court and seek expedited consideration.

      For all the foregoing reasons, good cause exists to grant EagleView's expedited motion for a four-week extension of time for their Final Infringement Contentions.  A proposed order is attached hereto and submitted in accordance with DUCivR 7-1(e)(1).

Dated:  June 27, 2022

                                                                         */s/*    Juliette P. White
                                                                        Juliette P. White
                                                                        Parsons Behle & Latimer

                                                                        201 South Main Street, Suite 1800
                                                                        Salt Lake City, Utah 84111
                                                                        Telephone: 801.532.1234
                                                                        Fax: 801.536.6111
                                                                        JWhite@parsonsbehle.com
                                                                        ecf@parsonsbehle.com

4886-7598-3910.v2

L. Kieran Kieckhefer
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
kieran.kieckhefer@shearman.com

Matthew G. Berkowitz
Patrick Colsher
Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
matthew.berkowitz@shearman.com
patrick.colsher@shearman.com
lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 27th day of June, 2022, I caused to be electronically filed and served the foregoing PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF TIME with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

*/s/* Juliette P. White
Juliette P. White

*Attorney for Plaintiffs*