UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING SETTLEMENT DOCUMENTS (DOC. NO. 81)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant Nearmap US, Inc. ("Nearmap") moves to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "Eagle View") to produce agreements and negotiation documents related to the settlement of a different patent case involving related patents. (Mot., Doc. No. 81.) Specifically, Nearmap seeks (1) the settlement agreement; (2) the "integration agreement," which the parties to the other case entered into contemporaneously with the settlement agreement; and (3) nonprivileged negotiation documents related to the two agreements. (*Id.*) Eagle View filed a response indicating the settlement agreement had already been produced and opposing production of the other requested documents on grounds of relevance and undue burden. (Opp'n, Doc. No. 83.) The court held a hearing on July 5, 2022. (*See* Doc. No. 91.) As explained at the hearing, the motion is moot as to the settlement agreement and granted as to the other requested documents. Because the integration agreement and negotiation documents are

relevant to damages and proportional to the needs of the case, Eagle View must produce these documents.

## BACKGROUND

Eagle View brought this action against Nearmap alleging infringement of eight patents. (Compl. ¶ 2, Doc. No. 2.)  Eagle View seeks damages, including lost profits, in an amount not less than a reasonable royalty.  (*Id.* at 95.)

Eagle View asserted claims for infringement of three of the same patents in another case brought by Eagle View against Xactware Solutions, Inc. and Verisk Analytics, Inc. (the "Xactware litigation").  (*See* Mot. 1, Doc. No. 81.)  These three patents were later dropped from the Xactware litigation, but the case proceeded on related patents.  (*See id.*; Opp'n 3, Doc. No. 83.)  A judgment was entered in favor of Eagle View, and the parties entered into a settlement agreement resolving the litigation while an appeal was pending.  (*See* Mot. 1, Doc. No. 81; Opp'n 3, Doc. No. 83.)  Contemporaneously with the settlement agreement, Eagle View and the Xactware defendants entered into an "integration agreement"—described in an Eagle View press release as a "long-term commercial agreement enabling joint innovation."  (Ex. 4 to Mot., Doc. No. 81-4.)  The press release states the integration agreement was "part of the settlement."  (*Id.*)

Nearmap served discovery requests in this case seeking production of the Xactware settlement agreement and documents and communications relating to the settlement agreement. (*See* Ex. 2 to Mot., Pls.' Objections and Resps. to Def.'s First Set of Reqs. for Prod. 12–13, Doc. No. 81-2.)  Eagle View objected on numerous grounds including relevance and undue burden. (*Id.* at 13–14.)  Eagle View produced the settlement agreement shortly before Nearmap filed the

instant motion to compel but has not produced the integration agreement or negotiation documents.[1]

## LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  This rule provides "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

## ANALYSIS

As an initial matter, Nearmap acknowledged at the hearing that its motion is moot as to the settlement agreement because this document was produced.  Accordingly, the parties' dispute concerns Nearmap's request for the integration agreement and negotiation documents.

Nearmap argues the requested documents are relevant to Eagle View's claim for lost profits and reasonable royalty damages for alleged patent infringement.  (Mot. 2–3, Doc. No. 81.)  Nearmap contends the integration agreement was part of the settlement of the Xactware litigation, and both the integration agreement and negotiation documents are relevant to assessing the value of the asserted patents.  (*Id.*)

---

[1] At the hearing, Nearmap explained the agreement was produced as part of a voluminous production of documents a few hours before this motion was filed, and Nearmap was unaware the settlement agreement had already been produced at the time of filing.

In opposition, Eagle View argues these documents are irrelevant and production would be unduly burdensome. (Opp'n, Doc. No. 83.) According to Eagle View, the integration agreement is a commercial agreement dealing with "delivery of products through platform," and it was not part of the settlement of the Xactware litigation. (*Id.* at 2–3.) Eagle View argues the integration agreement and negotiation documents are irrelevant because the only pertinent information is the final settlement amount, which is contained in the settlement agreement already produced. (*Id.* at 2.) Eagle View also contends compelling production of confidential settlement communications would have a chilling effect on future settlement negotiations. (*Id.*) Finally, Eagle View argues a privilege review would be complex and unduly burdensome. (*Id.*)

"In patent infringement cases, damages are calculated by determining a reasonable royalty." *Modern Font Applications v. Alaska Airlines*, No. 2:19-cv-561, 2021 U.S. Dist. LEXIS 21563, at *6 (D. Utah Feb. 3, 2021) (unpublished) (citing 35 U.S.C. § 284). "A reasonable royalty is determined using the . . . hypothetical negotiation approach, which attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Id.* at *6–7 (internal quotation marks omitted).

Settlement and licensing agreements relating to the patents-in-suit are relevant to determining a reasonable royalty and, therefore, discoverable in patent infringement cases. *E.g., id.* at *7. Documents regarding the underlying settlement negotiations are also relevant and discoverable where they "could aid defendant in its calculations concerning a reasonable royalty amount and damages." *Kajeet, Inc. v. Qustodio, LLC*, No. 18-1519, 2019 U.S. Dist. LEXIS 227979, at *23 (C.D. Cal. Oct. 22, 2019) (unpublished); *see also Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 753 F.Supp.2d 662, 664 (E.D. Tex. 2010) (finding settlement-related

communications could "be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation").

The integration agreement and negotiation documents are relevant to Eagle View's claimed damages in this case, including calculation of a reasonable royalty. It is undisputed the Xactware litigation addressed patents related to those at issue in this case, and the settlement of that litigation is relevant to determining a reasonable royalty for the patents in this case. The integration agreement was executed contemporaneously with the settlement agreement and described by Eagle View's own public press release as part of the settlement. Therefore, the integration agreement may reveal whether the settlement amount accurately reflects a reasonable royalty or whether it was influenced by other considerations and exchanges of value, such as the parties' entry into an ongoing commercial relationship. Similarly, the underlying negotiation communications are relevant to understanding whether the settlement amount reflects considerations other than the parties' assessment of a reasonable royalty, including the parties' execution of the integration agreement.

Eagle View argued at the hearing that a heightened showing is required to obtain confidential settlement communications in discovery, citing *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012). However, in that case, the court declined to decide whether a heightened standard applied, and it found a district court did not abuse its discretion in ordering production of settlement negotiation documents. *Id.* at 1347–48. Even if a heightened showing of relevance is required, it is met in this case. As explained above, where Eagle View's own public press release indicated it entered into the integration agreement as part of the settlement agreement,

and there is no dispute the agreements were entered into simultaneously, Nearmap has a special need for the underlying negotiation documents. The underlying documents are necessary to determine whether the settlement amount reflects a reasonable royalty or other considerations. This need outweighs the settling parties' interest in maintaining confidentiality, and unfairness would result if the documents were not produced. *Cf. In re Teligent, Inc.*, 640 F.3d 53, 57–58 (2d Cir. 2011).

Eagle View has not demonstrated production of the integration agreement and negotiation documents would be unduly burdensome. Eagle View does not allege the responsive documents are voluminous and provides no estimate of the time or expense required to produce them. Given the particularized relevance of the requested documents to Eagle View's claimed damages, Eagle View has not shown the burden or expense of this discovery outweighs its likely benefit. Accordingly, the requested discovery is proportional to the needs of the case.

## CONCLUSION

Nearmap's motion is moot as to the settlement agreement, and the motion is granted as to the other requested documents. Eagle View is ordered to produce the integration agreement and nonprivileged negotiation documents related to the settlement agreement and integration agreement.

DATED this 8th day of July, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge