Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., <br><br> Defendant. | **PLAINTIFFS' SHORT FORM DISCOVERY MOTION REGARDING THE SCOPE OF THE ACCUSED PRODUCTS** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg <br><br> **REDACTED VERSION** |

Pursuant to DUCivR37-1(b), Plaintiffs move to compel Nearmap to respond to certain discovery as set out below.

**All Nearmap Roof Measurement Products with Similar Functionality**

EagleView's Interrogatories seek discovery concerning all "Accused Products"—defined as products specifically identified in EagleView's Complaint, Infringement Contentions, "and

1

any other Nearmap Product that performs similar functionality…."[1]  Nearmap did not object to this definition in response to EagleView's First Set of Interrogatories except ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, in its recent response to EagleView's Second Set of Interrogatories, Nearmap stated ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In other words, Nearmap refuses to provide discovery on other products with similar functionality, despite being asked specifically and repeatedly to do so.

Nearmap's new objection is improper, was waived (see Exhibit A), and reveals a potential hiding of additional infringing products. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ EagleView has no way to know about them by brand-name other than through discovery.  This does not mean that Nearmap gets to hide the ball and continue to infringe. Courts routinely recognize that discovery should be allowed on specifically accused products, *and* those with "similar functionality." *See, e.g., Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016) ("It is often the case that litigants have good reason to believe that additional, unspecified products infringe their patents, but formal discovery may be necessary to ascertain the precise scope and application of the alleged infringement."); *see also High 5 Games, LLC v. Marks*, 2019 WL 1499769 (D.N.J. April 5, 2019) (granting motion to compel technical information relating to undisclosed games believed to include infringing features).  Accordingly, the Court should order Defendant to amend its responses to Plaintiffs' written discovery and produce all relevant, responsive documents.

---

[1] EagleView's Second Set of Interrogatories uses a minor variation of this definition, immaterial to this motion.

**All Uses and Supply Chains of the Accused Roof Geometry Product**

Nearmap's Roof Geometry tool is an Accused Product and was already the subject of prior motion practice. ECF Nos. 84, 92. Nearmap, however, has only provided discovery on this product concerning one particular supply chain: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Nearmap is refusing to provide discovery about other uses, customers, or supply chains, including: (1) the identity of other entities contracting for its roof geometry technology (ROG 12; RFP 60), (2) revenue earned from such contracts (ROG 13; RFP 61), and (3) how the roof geometry information is determined and disseminated to such entities (ROG 17; RFPs 58, 59, 62). This information is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and is highly-relevant to a number of case-issues, including additional instances of infringement, market demand, and secondary considerations of non-obviousness (*e.g.*, commercial success). Accordingly, the Court should compel Nearmap to provide complete responses.

Plaintiffs certify compliance with DUCivR37-1 through correspondence beginning on September 19, 2022, and a meet-and-confer on September 27, 2022.

Dated:  October 6, 2022                                    */s/ Juliette P. White*

                                                        Juliette P. White
Parsons Behle & Latimer

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
SHEARMAN & STERLING LLP

3

535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
kieran.kieckhefer@shearman.com

Matthew G. Berkowitz
Patrick Colsher
Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
matthew.berkowitz@shearman.com
patrick.colsher@shearman.com
lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.4955
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 6th day of October, 2022, I caused to be electronically filed and served the foregoing PLAINTIFFS' SHORT FORM DISCOVERY MOTION with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

                                                   */s/ Juliette P. White*

                                                   Juliette P. White

                                                   *Attorney for Plaintiffs*