# EXHIBIT 8 to Dkt. No. 114

Supplemental interrogatory responses to
address EagleView's belated Rule 33(d)
argument (Dkt. No. 114 at 1–2) and moot the
short form discovery motion as to all uses and
supply chains of the accused roof geometry
product (Dkt. No. 113 at 3)

Brent O. Hatch (5715)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendant – Additional counsel listed in signature*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

---

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., | **NEARMAP'S SUPLEMENTAL RESPONSES TO EAGLEVIEW'S INTERROGATORY NOS. 2–9, 11–13, AND 17** |
| *Plaintiffs*, | |
| | Case No.: 2:21-cv-00283(TS)(DAO) |
| v. | |
| | Judge: Ted Stewart |
| NEARMAP US, INC., | |
| | Magistrate Judge: Daphne A. Oberg |
| *Defendant*. | |
| | **CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY** |

---

Defendant Nearmap US, Inc. ("Nearmap") objects and responds to Plaintiffs Eagle View Technologies, Inc.'s and Pictometry International Corp.'s (collectively, "EagleView") First and Second Sets of Interrogatories as follows.

Nearmap responds to the interrogatories without waiving or prejudicing its right to raise objections to (1) the relevance, materiality, or admissibility of its responses; and (2) any further demand for information or documents relating to its responses. Nearmap's responses are based on the information currently available to it. Nearmap's discovery and investigation in connection with this litigation is ongoing. As a result, Nearmap responds without prejudice to its

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

right to amend or supplement its responses after considering information obtained through

further discovery or investigation.

## SUPPLEMENTAL GENERAL RESPONSES AND OBJECTIONS

Nearmap responds and objects generally to EagleView's First and Second Sets of

Interrogatories (including the definitions and instructions applicable thereto) on the grounds set

forth below.  Such General Responses and Objections shall be deemed continuing throughout

Nearmap's responses to the specific interrogatories below.

1.      Nearmap objects to each interrogatory, including the definitions and instructions

included therein, to the extent that it seeks to impose requirements or obligations on Nearmap in

addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local

Civil Rules, and Local Patent Rules.  For each interrogatory, Nearmap will respond by providing

information as may be required and proper under the Federal Rules of Civil Procedure, the

applicable Local Civil Rules, or the applicable Local Patent Rules, as well as the applicable case

law developed thereunder.

2.      Nearmap objects to the interrogatories to the extent that they seek information

protected by the attorney-client privilege or other privileges, the work product doctrine, or any

other immunity from disclosure.  Such information will not be disclosed in response to

EagleView's discovery requests.  Any disclosure of such information is inadvertent and should

not be deemed to be a waiver of any privilege or immunity.

3.      Nearmap interprets the interrogatories to not require the identification or

restoration of any deleted, legacy, backup or archival data, or otherwise seek to require the

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

production of any document that is not accessible without undue burden or unreasonable

expense.

4.      Nearmap objects to the interrogatories to the extent that they seek disclosure of

information protected by any confidentiality obligation owed to a third party.  Nearmap will

provide such information only to the extent it can do so consistent with its obligations to any

parties to whom it owes obligations, or with the permission of said parties.

5.      Nearmap interprets the interrogatories as seeking the production of information,

documents, and things created before the filing of the Complaint in this case.  Consistent with

that understanding, Nearmap will provide such information, documents, and things created prior

to the filing of the Complaint in this case.

6.      Nearmap objects to the interrogatories as premature to the extent that they seek

information that will be the subject of later disclosures under the Scheduling Order in this case,

including the subject of expert testimony disclosed under the Scheduling Order in this case.

(Dkt. No. 99.)  Such information will be produced and disclosed within the time frame set by the

Scheduling Order in this case and/or any other applicable orders or laws.

7.      The failure of Nearmap to make a specific objection to a particular interrogatory

is not, and shall not be construed as, an admission that responsive information, documents, or

things exist.  Likewise, any statement herein that Nearmap will provide information or produce

documents or things in response to an individual interrogatory does not mean that Nearmap in

fact has such information or documents and/or things, or that such information, or documents or

things exist.  Rather, any such statement reflects Nearmap's intentions, subject to its general and

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

specific objections, to conduct a reasonable search for responsive, documents, things, and information.

8.      Nearmap objects to EagleView's ambiguous and redundant definitions of "Accused Product(s)" and "Accused Functionalities."  Nearmap's responses apply the following understanding.  Nearmap understands the terms "Accused Products" and "Accused Functionalities" to encompass: (1) MapBrowser, (2) Nearmap on OpenSolar, and (3) Roof Geometry supplied by Nearmap.  EagleView's attempt to seek discovery beyond these products is contrary to the rules and in particular the requirement that EagleView provide claim charts for each of the Accused Products  and Accused Functionalities in its infringement contentions.  *See* LPR 3.1; LPR 2.3(b) ("Each Accused Instrumentality must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process"); LPR 2.3(c) ("a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality").  Based on the Final Contentions served by EagleView on August 29, 2022 (including the claim charts), the accused products do not include Roof Geometry supplied by Nearmap to CoreLogic even though Nearmap has provided discovery to EagleView on CoreLogic.  Nearmap objects to any attempt to seek discovery on products not identified as Accused Products or Accused Functionalities under the rules.  Further, Nearmap understands the accused product MapBrowser to be limited to its MapBrowser products available in the United States on or after May 4, 2015.  Additionally, Nearmap denies that "Nearmap on OpenSolar" is a Nearmap product.  "Nearmap on OpenSolar" is an OpenSolar product.  Nearmap's responses reflect these facts.

4

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

9.      Nearmap interprets the term "Communication(s)" as used in the interrogatories to mean any oral or written communication which has been fixed in a tangible medium that can reasonably be searched without undue burden or expense; the term "Communication(s)" does not include instant messages or transitory online communications or communications exchanged in "internet-based remote meetings."

10.     Nearmap understands the definition of "Related Patent(s)" as used in the interrogatories to seek only information that is within the possession, custody, or control of Defendant Nearmap US, Inc. and its current directors, officers, and employees, located after a reasonable search.

11.     Nearmap objects to EagleView's definition of "Nearmap," "Defendant," "you," "your," "yours," or any form of those terms in reference to Nearmap as unduly burdensome and contrary to the Federal Rules of Civil Procedure to the extent they result in interrogatories that seek information that is outside the knowledge, custody, control, or possession of Nearmap insofar as the instruction purports to require Nearmap to produce documents and things from parties who may not presently be employed by, or under the control of, Nearmap.  Nearmap also objects to the Instructions to the extent that they seek to impose obligations beyond those which are prescribed by the Federal Rules of Civil Procedure and/or the applicable Local Civil Rules and/or the applicable Local Patent Rules, as well as the applicable case law developed thereunder.  Moreover, Nearmap objects to the Instructions to the extent that they seek information that is protected by attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, insofar as the Instructions purports to cover "attorney[s]."  For purposes of its responses herein, Nearmap will provide documents, things, and information

5

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

within the possession, custody, or control of Defendant Nearmap US, Inc. and its current

directors, officers, and employees, located after a reasonable search.

12.     The following responses are given without prejudice to Nearmap's right to

produce or rely on subsequently discovered information or documents.  Nearmap reserves the

right to amend or supplement the responses herein and/or produce or rely on subsequently

discovered documents as additional facts are ascertained, analysis is made, legal research is

completed, and contentions are made in accordance with Federal Rule of Civil Procedure 26(e).

The responses contained herein are made in a good-faith effort to comply with the provisions of

Federal Rules of Civil Procedure 26 and 33 and to supply such responsive documents presently

in Nearmap's possession, custody or control, but are in no way to be deemed to be to the

prejudice of Nearmap in relation to further discovery, research, and analysis.

13.     Nearmap objects to the definitions of the terms "Document(s)," "Thing," and

"Things" to the extent each purports to impose conditions, obligations, or duties beyond those

required by Federal Rules of Civil Procedure 26 and 34(a)(1), any applicable Local Civil Rules,

and any applicable Local Patent Rules, as well as the applicable case law developed thereunder,

particularly insofar as the definitions purport to require documents or information that are not in

Nearmap's possession, custody or control.  For purposes of responding to these interrogatories,

Nearmap interprets the terms "Document(s)," "Thing," and "Things" in accordance with their

ordinary meanings found in the Federal Rules of Civil Procedure and any applicable Local Civil

Rules and any applicable Local Patent Rules, as well as the applicable case law developed

thereunder.

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

14.     Nearmap objects to the Instructions, including Instruction No. 5, as unduly

burdensome and contrary to the Federal Rules of Civil Procedure.  If Nearmap withholds any

information, documents, or things, Nearmap will identify the information, documents, or things

as required under the Federal Rules of Civil Procedure and any applicable and any applicable

Local Civil Rules and any applicable Local Patent Rules, as well as the applicable case law

developed thereunder.

15.     The following responses are given without prejudice to Nearmap's right to

produce or rely on subsequently discovered information or documents.  Nearmap reserves the

right to amend or supplement the responses herein and/or produce or rely on subsequently

discovered documents as additional facts are ascertained, analysis is made, legal research is

completed, and contentions are made in accordance with Federal Rule of Civil Procedure 26(e).

The responses contained herein are made in a good-faith effort to comply with the provisions of

Federal Rules of Civil Procedure 26 and 33 and to supply such responsive documents presently

in Nearmap's possession, custody or control, but are in no way to be deemed to be to the

prejudice of Nearmap in relation to further discovery, research, and analysis.

## SUPPLEMENTAL SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

Separately for each version of each Accused Product, including each Product identified in

response to Interrogatory No. 1, identify all Documents showing the Accused Product's design,

structure, function, operation, and development, including but not limited to user manuals,

training guides and/or videos, promotional, advertising, and instructional materials, datasheets,

schematics, bills of materials ("BOMs"), technical specifications, functional specifications,

7

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

including but not limited to software, hardware, and system functional specifications, documents

related to product requirements, concept and design documents, research and development

documentation, Source Code and documentation related thereto, troubleshooting instructions,

testing results, and analysis reports.  Include in your response the identity of each Document that

supports your answer or to which you referred in preparing your answer.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

     Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without

waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, Nearmap further responds that pursuant to

Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which

information responsive to this interrogatory can be derived and for which the burden of deriving

or ascertaining such information is substantially the same for EagleView as for Nearmap, such as

NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26;

NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207;

NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954;

NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap

source code.  *See, e.g.*, NEARMAP_0761867–71090.

**INTERROGATORY NO. 2:**

     Separately for each version of each Accused Product, including each Product identified in

response to Interrogatory No. 1, identify by name, title, and work address the Nearmap Persons

or Entities most knowledgeable about the research, conception, design, development,

engineering, and testing of the Accused Product and describe the nature of each Person's or

8

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

Entity's involvement.  Include in your response the identity of each Document that supports your answer or to which you referred in preparing your answer.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's Supplemental General Responses and Objections, Nearmap further responds that pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information responsive to this interrogatory can be derived and for which the burden of deriving or ascertaining such information is substantially the same for EagleView as for Nearmap, such as NEARMAP_0014423–508; NEARMAP_0062792; NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207; NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code.  *See, e.g.,* NEARMAP_0761867–71090.

**INTERROGATORY NO. 3:**

Separately for each version of each Accused Product, including each Product identified in response to Interrogatory No. 1, state in detail every location where research, design, development, marketing, testing or other use, servicing or other product administration or support activities occur; the nature of the work done at each location; and the number of personnel (employees, contractors, etc.) involved in the work at each location.  Include in your

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

response the identity of each Document that supports your answer or to which you referred in preparing your answer.

### THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without waiver of any these objections, Nearmap's General Responses and Objections, and Nearmap's Supplemental General Responses and Objections, Nearmap further responds that from August 2020 to May 31, 2022, Nearmap supplied third-party CoreLogic with XML files generated using Nearmap's roof geometry technology on Nearmap servers located outside the United States, and Nearmap had contractors located worldwide who generate line drawings on 3D mesh for the accused roof geometry technology. Pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has produced and will continue to produce documents from which information responsive to this interrogatory can be derived and for which the burden of deriving or ascertaining such information is substantially the same for EagleView as for Nearmap, such as NEARMAP_0014423–508; NEARMAP_0062792; NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207; NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code.  *See, e.g.*, NEARMAP_0761867–71090.

### INTERROGATORY NO. 4:

Separately, for each Accused Product, including the Products identified in response to Interrogatory No. 1, for each quarter in which each product was made, offered for sale, or sold,

10

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

provide the following data for those units that were made, offered for sale or sold, both inside

and outside the United States: (a) the number of units of the Product sold net of any returns; (b)

the revenue for the Product sales net of any returns; (c) the costs/expenses for the Product sales

net of any returns, with data segregated by whatever classifications You make in the normal

course of business (as examples only, such categories of costs/expenses might include advances,

royalties, discounts, licenses, capitalized software, marketing, pricing protection, sales

commissions, freight, reserves, R&D, and overhead; cost of goods sold data should be

segregated into the categories of costs into which You segregate them in the normal course of

business) and include in Your response the identity of the person or persons who are most

knowledgeable regarding the marketing and sales of each product, the identity of each document

that supports Your answer or to which You referred in preparing Your answer, and the names of

any individuals who assisted in preparing Your answer.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without

waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, Nearmap further responds that ███ of

Nearmap's revenue from CoreLogic from March 2020 to October 2022 is attributable to roof

geometry information provided to CoreLogic.  Nearmap also responds that pursuant to Federal

Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information

responsive to this interrogatory can be derived and for which the burden of deriving or

ascertaining such information is substantially the same for EagleView as for Nearmap.  *See, e.g.*,

NEARMAP_0767632–68; NEARMAP_0767675–709; NEARMAP_0767632–68;

11

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

NEARMAP_0754216–800737; NEARMAP_0081585–634; NEARMAP_0082453–469;

NEARMAP_0085238–39; NEARMAP_0087823–24.

## INTERROGATORY NO. 5:

Separately for each version of each Accused Product, including each Product identified in

response to Interrogatory No. 1, identify each and every sales office, distributor, agent,

representative, customer or Entity (including any third party) that uses, makes, imports, offers for

sale, sells, or licenses such Accused Product or uses such Accused Product to generate any type

of report, and identify any Entity (including any third party) with which Nearmap has entered

into an agreement or contract Relating To the use, sale and/or distribution in the United States of

such Accused Product.  Include in your response the identity of each Document that supports

your answer or to which you referred in preparing your answer, and the names of any individuals

who assisted in preparing Your answer.

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without

waiver of any these objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, Nearmap further responds that pursuant to

Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which

information responsive to this interrogatory can be derived and for which the burden of deriving

or ascertaining such information is substantially the same for EagleView as for Nearmap, such as

NEARMAP_0014423–508; NEARMAP_0062792; NEARMAP_0009540–42;

NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39;

NEARMAP_0010406–07; NEARMAP_0067160–207; NEARMAP_0750931–40;

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16;

NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code. *See, e.g.,*

NEARMAP_0761867–71090.

**INTERROGATORY NO. 6:**

Separately for each version of each Accused Product, including each Product identified in

response to Interrogatory No. 1, describe all attempts or plans to design around or otherwise

avoid infringement of the Asserted Patents. Include in your response the identity of each

Document that supports your answer or to which you referred in preparing your answer.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Nearmap incorporates its prior response(s) to this interrogatory. Subject to and without

waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, and to the extent that this interrogatory is

asking for information regarding Nearmap's response to EagleView's allegations of infringement

(which Nearmap denies), Nearmap further responds that pursuant to Federal Rule of Civil

Procedure 33(d), Nearmap has or will produce documents from which information responsive to

this interrogatory can be derived and for which the burden of deriving or ascertaining such

information is substantially the same for EagleView as for Nearmap, such as

NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26;

NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207;

NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954;

NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap

source code. *See, e.g.*, NEARMAP_0761867–71090.

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**INTERROGATORY NO. 7:**

Describe all efforts by Nearmap to emulate, capitalize on, reverse engineer, and/or analyze any EagleView Product or technology, Identify any and all internal competitive analyses regarding rooftop aerial measurement technology, including with respect to EagleView and/or any other competitor, and Identify all EagleView Source Code, Products, and/or technical documentation (including any Document that contains any of EagleView's proprietary and/or confidential information, including with respect to EagleView's operating system, software products, Source Code, or any other aspects of EagleView's technology, including with respect to EagleView's hardware, software, and/or any other aspects of EagleView's proprietary technologies) and/or Communications Relating To such EagleView Source Code, Products, and/or technical documentation in your possession, custody, or control, including by identifying the circumstances by which you acquired the same and all Persons knowledgeable about the same.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's Supplemental General Responses and Objections, Nearmap further responds that pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information responsive to this interrogatory can be derived and for which the burden of deriving or ascertaining such information is substantially the same for EagleView as for Nearmap, such as NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207;

14

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code. *See, e.g.*, NEARMAP_0761867–71090.

**INTERROGATORY NO. 8:**

If Nearmap contends that any Accused Product, including the Products identified in response to Interrogatory No. 1, should not be subject to an injunction in this Litigation, describe in detail all factual and legal bases for Nearmap's contentions; identify all information that supports or rebuts Nearmap's contention(s); and identify all Persons most knowledgeable of, and all Documents Relating To, Nearmap's contention(s).

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Nearmap incorporates its prior response(s) to this interrogatory. Subject to and without waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's Supplemental General Responses and Objections, Nearmap further responds that pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information responsive to this interrogatory can be derived and for which the burden of deriving or ascertaining such information is substantially the same for EagleView as for Nearmap, such as NEARMAP_0014423–508; NEARMAP_0062792; NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207; NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code. *See, e.g.*, NEARMAP_0762267–327.

15

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

## INTERROGATORY NO. 11:

Assuming infringement by Nearmap of the Asserted Patents, state the amount of money that Nearmap contends is owed to EagleView and identify the complete factual and legal bases for that contention, including, without limitation: (i) an identification of each damages theory that you contend should be used in the damages calculation (*e.g.*, reasonable royalty, lost profits, etc.); (ii) the specific inputs that you contend should be used under each such theory in the damages calculation (*e.g.*, the royalty rate on net sales); (iii) the date(s) on which you contend damages should begin (and the bases supporting such dates); (iv) the amount of damages attributable to any portion of the Accused Products; and (v) an identification of all documents and things on which such calculation is based.  If Nearmap contends that EagleView is not entitled to lost profits, then your answer should include, without limitation, the factual basis for any applicable *Panduit* factors; otherwise, your response should disclose the amount and basis for a claim of lost profits.  Your answer should also include all factual bases for any contentions concerning the *Georgia Pacific* factors or other factors relevant to the determination of damages. If you contend that the entire market value of the Accused Products is not the proper damages base, your answer should identify what Nearmap contends the proper damages base should be and identify all support for any contention that the basis of consumer demand for the Accused Products does not correspond to one or more elements of the asserted claims of the Asserted Patents.

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's

CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

Supplemental General Responses and Objections, Nearmap further responds that ▮ of

Nearmap's revenue from CoreLogic from March 2020 to October 2022 is attributable to roof

geometry information provided to CoreLogic. Nearmap also responds that pursuant to Federal

Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information

responsive to this interrogatory can be derived and for which the burden of deriving or

ascertaining such information is substantially the same for EagleView as for Nearmap, such as

NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26;

NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207;

NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954;

NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap

source code. *See, e.g.*, NEARMAP_0761867–71090.

**<u>INTERROGATORY NO. 12:</u>**

Identify, and explain Your relationship with, each Entity that contracts with You in

connection with the Accused Products and/or Accused Functionalities, including any Entity that:

(i) integrates or integrated into their applications any of the Accused Functionalities, including,

but not limited to, using Your APIs or applications;[1] (ii) offers or offered any of the Accused

Products and/or Accused Functionalities for sale; (iii) embeds or embedded any of, or the output

of, the Accused Products and/or Accused Functionalities, into its products (*e.g.*, a roof report

such as GAF's QuickMeasure roof report or a roof report offered by Corelogic or Scope

Technologies) or services; and (iv) develops or developed any portion of any Accused Product

---

[1]   *See*, *e.g.*, https://www.nearmap.com/au/en/geospatial-image-platform-integrations

17

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

and/or Accused Functionalities.  Your response should identify, without limitation, Nearmap

Channel Partners, Integration Partners, Platform Partners, and OEM Partners, as those terms are

used on the Nearmap webpage titled *Geospatial Technology Partners*.[2]

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without

waiver of any these objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, Nearmap further responds that, in addition to

supplying third-party Pushpin (NEARMAP_0070995–96), Nearmap supplied roof geometry

technology to third-party CoreLogic from August 2020 to May 31, 2022 pursuant to an

agreement signed in January 2020.  *See, e.g.*, NEARMAP_0010406–07.  Specifically, CoreLogic

contracted with Nearmap for Nearmap to output XML files from roof geometry technology.  But

Nearmap no longer supplies roof geometry to third-party CoreLogic.  Nearmap also responds

that pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has produced and will continue

to produce non-privileged documents within its custody, possession, or control that can be

reasonably located, from which information responsive to this interrogatory can be derived and

for which the burden of deriving or ascertaining such information is substantially the same for

EagleView as for Nearmap, such as NEARMAP_0767632–68; NEARMAP_0009540–42;

NEARMAP_0009602–12; NEARMAP_0009613–26; NEARMAP_0009627–39;

NEARMAP_0010406–07; NEARMAP_0067160–207; NEARMAP_0750931–40;

NEARMAP_0750761; NEARMAP_0750954; NEARMAP_0798105–16;

---

[2]   *See, e.g.*, https://www.nearmap.com/au/en/aerial-view-maps-about-us/geospatial-technology-partners.

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap source code.  *See, e.g.*, NEARMAP_0761867–71090.

**INTERROGATORY NO. 13:**

List any revenue earned by You from each Entity listed in Your response to Interrogatory No. 12 in connection with the Accused Products and/or Accused Functionalities during the period from May 4, 2015, to the date of Your response, separated by Entity and by quarter.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without waiver of any the objections, Nearmap's General Responses and Objections, and Nearmap's Supplemental General Responses and Objections, Nearmap further responds that ▮▮▮ of Nearmap's revenue from CoreLogic from March 2020 to October 2022 is attributable to roof geometry information provided to CoreLogic. Nearmap also responds that pursuant to Federal Rule of Civil Procedure 33(d), Nearmap has or will produce documents from which information responsive to this interrogatory can be derived and for which the burden of deriving or ascertaining such information is substantially the same for EagleView as for Nearmap.  *See, e.g.*, NEARMAP_0767632–68; NEARMAP_0767675–709; NEARMAP_0767632–68; NEARMAP_0754216–800737; NEARMAP_0081585–634; NEARMAP_0082453–469; NEARMAP_0085238–39; NEARMAP_0087823–24.

**INTERROGATORY NO. 17:**

Describe all aspects of how roof geometry information is determined and disseminated to a client using or involving, at any stage of the process, Nearmap's roofing geometry technology,

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

including a description from start (*e.g.*, the request from any Entity for roof geometry

information) to finish (*e.g.*, the delivery to said Entity of such roof geometry information).[3]

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:

Nearmap incorporates its prior response(s) to this interrogatory.  Subject to and without

waiver of any these objections, Nearmap's General Responses and Objections, and Nearmap's

Supplemental General Responses and Objections, Nearmap further responds that from August

2020 to May 31, 2022, Nearmap supplied third-party CoreLogic with XML files generated using

Nearmap's roof geometry technology on Nearmap servers located outside the United States, and

Nearmap had contractors located worldwide who generate line drawings on 3D mesh for the

accused roof geometry technology. Nearmap also responds pursuant to Federal Rule of Civil

Procedure 33(d), Nearmap has produced and will continue to produce non-privileged documents

within its custody, possession, or control that can be reasonably located, from which information

responsive to this interrogatory can be derived and for which the burden of deriving or

ascertaining such information is substantially the same for EagleView as for Nearmap, such as

NEARMAP_0009540–42; NEARMAP_0009602–12; NEARMAP_0009613–26;

NEARMAP_0009627–39; NEARMAP_0010406–07; NEARMAP_0067160–207;

NEARMAP_0750931–40; NEARMAP_0750761; NEARMAP_0750954;

---

[3]   *See e.g.*, https://geom-training.nearmap.com/help/Content/Prodn%20Only%20-
%20Analyst%20Notes.htm?tocpath=Geometry%20Annotation%20Quick%20Guide%7CRef
erences%7C_____6 ("When a client requests a roof report, they specify a property type….";
"Treatment will differ depending on whether it is a Standard or Premium report."; "When
you work on a report, there is a countdown that indicates when the report is due.";
referencing a "final report").

**CONFIDENTIAL INFORMATION –**
**ATTORNEYS EYES ONLY**

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

NEARMAP_0798105–16; NEARMAP_0805209–10; NEARMAP_0805211–59421; Nearmap

source code.  *See, e.g.*, NEARMAP_0761867–71090.

Submitted this 28th day of October, 2022

By:    */s/ Brent O. Hatch*
       Brent O. Hatch
       HATCH LAW GROUP, PC

       *Of Counsel:*
       Nicholas Groombridge
       Jennifer H. Wu
       Jenny C. Wu
       Jennifer Rea Deneault
       Scott Miller
       PAUL, WEISS, RIFKIND,
           WHARTON & GARRISON LLP
       1285 Avenue of the Americas
       New York, New York 10019
       212-373-3000 (telephone)
       ngroombridge@paulweiss.com
       jwu@paulweiss.com
       jcwu@paulweiss.com
       jdeneault@paulweiss.com
       smiller@paulweiss.com

       *Attorneys for Defendant Nearmap US, Inc.*

**CONFIDENTIAL INFORMATION –
ATTORNEYS EYES ONLY**

**<u>VERIFICATION</u>**

I, Stephen M. Moran, am authorized to make this verification on behalf of Nearmap US, Inc. ("Nearmap").  I have read Nearmap's Supplemental Responses to EagleView's Interrogatory Nos. 2–9, 11–13, and 17.  I am informed and believe that the matters stated therein are true and on that ground only, and not based upon personal knowledge of the matters stated herein, I declare under penalty of perjury that the same are true and correct.


Dated: October 28, 2022                                 _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2022, I caused a copy of Nearmap's

Supplemental Responses to EagleView's Interrogatory Nos. 2–9, 11–13, and 17 to be served on

the following via email:

Juliette Palmer White, jwhite@parsonsbehle.com;
Janelle Finfrock, JFinfrock@parsonsbehle.com;
L. Kieran Kieckhefer, Kieran.Kieckhefer@Shearman.com;
Matthew G. Berkowitz, Matthew.Berkowitz@Shearman.com;
Lillian J. Mao, Lillian.Mao@Shearman.com;
Eric S. Lucas, Eric.Lucas@Shearman.com;
Yue (Joy) Wang, Joy.Wang@Shearman.com;
Patrick R. Colsher, Patrick.Colsher@Shearman.com; and
Shearman-Nearmap@Shearman.com.

*/s/ Jennifer Rea Deneault*
Jennifer Rea Deneault
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
212-373-3000
jdeneault@paulweiss.com