Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., <br><br> Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS "UNOPPOSED" MOTION TO AMEND THE AMENDED PATENT CASE SCHEDULING ORDER (ECF NO. 130)** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively "EagleView") respectfully submit that the Court should deny Nearmap US, Inc.'s ("Nearmap") purported motion for leave to file a reply (ECF No. 130) because it is both superfluous and an improper, unfair use of a motion for leave.

1

It is critical to note at the outset that the motion Nearmap filed is a one-paragraph motion for leave combined with a three-page substantive reply brief.

## I. A Reply to "Apprise" the Court of Counsel's Representations Is Superfluous

The first paragraph of Nearmap's motion is the entirety of its motion for leave, the sole basis of which is Nearmap's purported desire to "apprise" the Court of the representations of EagleView's counsel. But there is no need to further consider in a reply Nearmap's characterizations of the correspondence. The Court will be fully apprised of the literal representations of both parties' counsel—and will be able to make its own judgments without Nearmap's assistance—because the complete correspondence is attached to EagleView's opposition to Nearmap's motion for an amended scheduling order. Accordingly, Nearmap's motion for leave should be denied for this reason alone—it is superfluous.

## II. A Substantive Reply in a Motion for Leave Is Improper and Unfair

The remainder of Nearmap's motion is a three-page reply brief, which improperly puts Nearmap's reply arguments before the Court without having been granted leave to do so. By including reply arguments in its motion for leave, Nearmap has circumvented the Court's docket text order (ECF No. 129), which states: "No reply is permitted unless ordered." EagleView respectfully submits that this Court should not condone tactics that flout its orders.

In addition, the sequence of events leading to Nearmap's motion further illustrates why Nearmap's filing is improper and unfair.

On October 26, Nearmap filed its motion for an amended scheduling order (ECF No. 127). As set forth more fully in EagleView's opposition to that motion, the relief that Nearmap requests is both different from what the parties had discussed and is unfair to EagleView. Accordingly, the motion is not "unopposed," as Nearmap had characterized it.

In order to preempt the potential quick grant of a purported "unopposed" motion, EagleView submitted a few hours later a notice of opposition (ECF No. 128).

The next day (October 27) in response to EagleView's notice of opposition, the Court entered docket text order (ECF No. 129): "Any opposition to 127 Defendant's Motion for Amended Scheduling Order is due by 11/1/2022. No reply is permitted unless ordered." Instead of waiting to see if it actually needed a reply, which are papers designed to address arguments raised in opposition/responsive briefs, Nearmap immediately filed its motion for leave, along with the three pages of "reply" arguments jammed into its motion. At this point, EagleView had not submitted its opposition brief.

Besides being improper for circumventing the Court's order, Nearmap's tactic is also completely unfair because it requires EagleView to consider whether to address Nearmap's "reply" arguments in EagleView's opposition, and because it allows Nearmap to effectively have a third substantive filing. The Court should deny Nearmap's motion for this additional, independent reason.

### III. Conclusion

For all of the foregoing reasons, EagleView respectfully requests that the Court deny Nearmap's motion for leave (ECF No. 130).

Dated:  October 31, 2022

Respectfully submitted,

/s/ Juliette P. White

Juliette P. White
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
kieran.kieckhefer@shearman.com

4858-1580-7292.v1

        Matthew G. Berkowitz
Patrick Colsher
Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
matthew.berkowitz@shearman.com
patrick.colsher@shearman.com
lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

4858-1580-7292.v1

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 31st day of October 2022, I caused to be electronically filed and served the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS "UNOPPOSED" MOTION TO AMEND THE AMENDED PATENT CASE SCHEDULING ORDER (ECF NO. 130) with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

                                                  */s/ Juliette P. White*

4858-1580-7292.v1