Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., <br><br> Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING REQUESTS SERVED ON OCTOBER 10, 2022 AND EARLIER SERVED DISCOVERY REQUESTS** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs oppose Nearmap's motion to compel. Nearmap's motion is based on untimely and irrelevant discovery requests, and is premature.

First, Nearmap's October 10, 2022 RFPs, RFAs, and interrogatories are ten days late under the agreed-upon and operative Scheduling Order:

| Event | Date |
|---|---|
| Deadline to serve written discovery before claim construction [R. 34] | September 30, 2022 |
| Close of fact discovery before claim construction [LPR 1.3(a)] | November 11, 2022 |

1

Dkts. 98, 99. Nearmap argues that the September 30 deadline does not "apply to non-claim-construction discovery," yet acknowledges that the November 11 deadline, which includes the same "before claim construction" language, represents the close of *all* fact discovery. Mot. at 2. Nearmap's reading of the November 11 date belies any argument that Nearmap misunderstood the September 30 deadline. The references to claim construction distinguish these deadlines from any reopening of fact discovery after claim construction under LPR 1.3(b).

Second, Nearmap's new Rule 30(b)(6) topics are untimely under DUCivR 30-2, which requires 30(b)(6) notices "be served … at least 45 days before the discovery cutoff date." Nearmap makes *no* effort to explain why it is not subject to the 45-day deadline, which passed on September 27, 2022. Plaintiffs would be prejudiced if required to respond to these new topics because they will have less time to identify and prepare designees, and forced to do so while busy with other depositions and discovery. This is made worse by the fact that Nearmap previously exceeded its limit of 20 topics, as permitted under DUCivR 30-2.[1] Nearmap again makes no effort address the rule and merely argues (incorrectly) that there is "no material difference" between 40 and 37 topics. Mot. at 2. To the contrary, the difference is material because (1) Nearmap's additional topics are in violation of DUCivR 30-2's limit on topics; (2) the new topics invoke entirely new subject areas requiring investigation by Plaintiffs; and (3) they are late, thus giving Plaintiffs less time to prepare.

Third, to the extent Nearmap's motion is premised on its desire for discovery regarding its proposed patent misuse defense, the motion should be denied because Nearmap does not

---

[1] Nearmap's and Plaintiffs' previously-served notices contained 36 and 37 topics, respectively, which neither party objected to.

currently have a patent misuse defense in this case.  Unless and until the Court decides Nearmap's pending motion (Dkt. 101), Nearmap should be barred from seeking anticipatory, hypothetical discovery.

Because Nearmap's new discovery requests are untimely and irrelevant, the Court should not compel any responses.

Finally, Nearmap's motion is improper to the extent Nearmap purports to move on "earlier discovery requests."  Mot. at 1.  Nearmap has never raised those issues before—Plaintiffs read about them *for the first time* upon receiving Nearmap's motion.  Thus, Nearmap has not complied with DUCivR 37-1(a)'s requirement to make "reasonable efforts" to resolve the issue without court intervention.

Nearmap's motion should be denied in its entirety.

Dated:  November 1, 2022              _/s/ Juliette P. White_____

    Juliette P. White
    Parsons Behle & Latimer

    201 South Main Street, Suite 1800
    Salt Lake City, Utah 84111
    Telephone: 801.532.1234
    Fax: 801.536.6111
    JWhite@parsonsbehle.com
    ecf@parsonsbehle.com

    L. Kieran Kieckhefer
    SHEARMAN & STERLING LLP
    535 Mission Street, 25th Floor
    San Francisco, CA 94105
    Telephone: 415.616.1100
    Fax: 415.616.1339
    kieran.kieckhefer@shearman.com

Matthew G. Berkowitz
Patrick Colsher
Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
matthew.berkowitz@shearman.com
patrick.colsher@shearman.com
lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 1st day of November 2022, I caused to be electronically filed and served the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING REQUESTS SERVED ON OCTOBER 10, 2022 AND EARLIER SERVED DISCOVERY REQUESTS with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

/s/ Juliette P. White

Juliette P. White

*Attorney for Plaintiffs*