UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | **ORDER DENYING NEARMAP'S SHORT FORM DISCOVERY MOTION REGARDING DISCOVERY REQUESTS SERVED ON OCTOBER 10, 2022 AND EARLIER SERVED DISCOVERY REQUESTS (DOC. NO. 123)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant Nearmap US, Inc. moves to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") to respond to discovery requests served on October 10, 2022, and to produce a witness for a supplemental Rule 30(b)(6) deposition notice served the same day.[1] Nearmap also moves to compel responses to earlier discovery requests to the extent they overlap with the October 10 requests.[2] EagleView opposes the motion, arguing the October 10 requests and supplemental 30(b)(6) topics were untimely and Nearmap failed to confer regarding the earlier requests.[3] For the reasons explained below, the motion is denied.[4]

---

[1] (Nearmap's Short Form Disc. Mot. Regarding Disc. Reqs. Served on October 10, 2022 and Earlier Served Disc. Reqs. ("Mot."), Doc. No. 123.)

[2] (*Id.*)

[3] (Pls.' Opp'n to Def.'s Short Form Disc. Mot. Regarding Disc. Reqs. Served on October 10, 2022 and Earlier Served Disc. Reqs. ("Opp'n"), Doc. No. 138.)

[4] This ruling is based on the parties' written memoranda, as oral argument is unnecessary. *See* DUCivR 37-1(b)(5)(B).

First, Nearmap's October 10 discovery requests were untimely. The operative scheduling order provides the "[d]eadline to serve written discovery before claim construction" was September 30, 2022.[5] Nearmap argues its requests were timely under the federal rules because they were served more than thirty days before the November 11, 2022 fact discovery deadline.[6] Under the federal rules, discovery responses are due thirty days after service,[7] meaning discovery requests must be served at least thirty days before the close of fact discovery. But this default deadline is superseded by the court's scheduling order setting an earlier deadline to serve written discovery. Nearmap also argues the September 30 deadline in the scheduling order applies only to discovery related to claim construction, and it asserts the October 10 discovery requests do not relate to claim construction.[8] But this argument misinterprets the scheduling order. The scheduling order does not differentiate between discovery related to claim construction or other topics; rather, it sets one deadline for "fact discovery before claim construction."[9] This deadline, and the prior deadline for serving written discovery, applies to all discovery in this case occurring before claim construction, regardless of the subject matter. The parties may seek to reopen discovery after claim construction, but no other discovery is permitted in the current

---

[5] (Am. Patent Case Scheduling Order 2, Doc. No. 99.) EagleView has filed a motion to extend the close of fact discovery and subsequent deadlines, (see Pls.' Mot. to Am. Patent Case Scheduling Order, Doc. No. 141), but neither party has requested to extend the deadline to serve written discovery.

[6] (Mot. 2, Doc. No. 123.)

[7] See Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production of documents); Fed. R. Civ. P. 36(a)(3) (requests for admission).

[8] (Mot. 2, Doc. No. 123.)

[9] (Am. Patent Case Scheduling Order 2, Doc. No. 99.)

scheduling order. Therefore, September 30 was the deadline to serve all written discovery. Nearmap's October 10 discovery requests were untimely served after this deadline.

Second, Nearmap's supplemental 30(b)(6) deposition notice was untimely. The District of Utah's local rules require 30(b)(6) notices to be served at least twenty-eight days before the scheduled deposition and at least forty-five days before the discovery cutoff date.[10] Nearmap initially served a 30(b)(6) notice of EagleView's deposition in June 2022.[11] Nearmap then served a supplemental 30(b)(6) notice containing three additional topics on October 10, for EagleView's deposition set for October 27.[12] The close of fact discovery is November 11, 2022.[13] Thus, the supplemental notice was untimely under both provisions of the local rule—it was served less than twenty-eight days before the scheduled deposition and less than forty-five days before the fact discovery deadline. EagleView is not required to produce a witness for the topics which were untimely noticed.

As to the earlier discovery requests, Nearmap has not shown it made reasonable efforts to meet and confer on this issue. The local rules require parties to "make reasonable efforts to resolve a discovery dispute" before filing a discovery motion.[14]

> At minimum, those efforts must include a prompt written communication sent to the opposing party:
>
> (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and;

---

[10] *See* DUCivR 30-2.

[11] (*See* Ex. 6 to Mot., Pls.' Objs. to Nearmap's Notice of Dep. 1, Doc. No. 123-6.)

[12] (*See* Ex. 4 to Mot., Nearmap's Suppl. Notice of Dep., Doc. No. 125-4 (sealed).)

[13] (*See* Am. Scheduling Order 2, Doc. No. 99.)

[14] DUCivR 37-1(a)(1).

> (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times.[15]

Nearmap certified it complied with these requirements, referencing emails attached to the motion and an October 14 phone call.[16] However, these emails (including the email memorializing the phone call) do not identify deficiencies in EagleView's responses to earlier discovery requests—indeed, they do not mention the earlier requests at all.[17] Further, EagleView claims it first learned Nearmap disputed the sufficiency of its earlier responses from Nearmap's motion.[18] Thus, Nearmap has not shown it raised this issue in a written communication to EagleView before filing the motion, as required under the local rules.

## CONCLUSION

Nearmap's October 10, 2022 discovery requests and supplemental 30(b)(6) deposition notice were untimely, and Nearmap has not demonstrated it made reasonable efforts to meet and confer regarding earlier discovery requests. For these reasons, Nearmap's motion is denied.

DATED this 7th day of November, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[15] DUCivR 37-1(a)(2).

[16] (*See* Mot. 3, Doc. No. 123; Exs. 8 and 9 to Mot., Doc. Nos. 123-8, 123-9.)

[17] (*See* Exs. 8 and 9 to Mot., Doc. Nos. 123-8, 123-9.)

[18] (Opp'n 3, Doc. No. 138.)