Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., <br><br> Defendant. | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND FINAL INFRINGEMENT CONTENTIONS** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc., and Pictometry International Corp. (collectively "EagleView") respectfully move this Court pursuant to Local Patent Rule 3.4 for leave to amend EagleView's final infringement contentions to add allegations relating to the accused Roof Geometry Technology of defendant Nearmap US, Inc. ("Nearmap") as it relates to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which has used outputs from Nearmap's accused Roof Geometry Technology to create roof reports under the brand-name ▮▮▮▮▮▮▮.

1

As discussed below, there is good cause to grant EagleView's motion because—despite knowing full-well that its accused Roof Geometry Technology was used to generate ███████ ██████████████████████████—Nearmap had previously confined its discovery responses and document productions to information related to use of the technology for ██████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████. Nearmap only began to supplement its discovery after EagleView filed a motion to compel (Dkt. 111) seeking any and all other uses of Nearmap's Roof Geometry Technology. This subsequent discovery has confirmed that Nearmap's Roof Geometry Technology was ████████████████████████████ ████████████████████ for the purpose of generating ███████████████ under the brand-name ██████████. However, despite Plaintiffs seeking this information for months, it was only on December 1, 2022, that Nearmap produced a single ██████████ report that had been generated using the accused Roof Geometry Technology. There is no unfair prejudice to Nearmap because it was Nearmap that withheld discovery as to this use of its Roof Geometry Technology until after EagleView served its final infringement contentions.

I. **FACTUAL BACKGROUND**

EagleView filed a complaint for patent infringement accusing Nearmap's "rooftop aerial measurement products," including two publicly facing web-applications (of which Plaintiffs were aware at the time) called "MapBrowser" and "Nearmap on OpenSolar." Complaint (Dkt. 2), ¶ 1. EagleView sought discovery on those products and any others that contained similar functionality. Instead of providing fulsome discovery as to all of its products, Nearmap endeavored to confine its discovery responses and document productions to the two publicly-

facing products of which EagleView was aware pre-filing and which were identified by name in the complaint.

Notwithstanding, as discussed in EagleView's expedited motion for an extension of time to serve final infringement contentions (Dkt. 84), EagleView learned through a source code review in June about a third Nearmap product—Roof Geometry Technology—that indisputably contains rooftop aerial measurement functionality. In fact, it is used to generate roof reports that are strikingly similar to EagleView's roof reports. This Roof Geometry Technology is an internal Nearmap software product that EagleView could not have known about from publicly available sources. It was entirely improper for Nearmap to have withheld discovery on this product at all.

After this initial resistance, Nearmap provided partial discovery on the Roof Geometry Technology, including by supplementing its interrogatory responses. However, Nearmap's supplementation included the following general response/objection:



Ex. 1 (emphasis added).

Thus, until recently, Nearmap had only provided documentation and discovery responses on the accused Roof Geometry Technology as it relates to ▆▆▆▆▆▆▆▆▆ roof reports.

3

Based in part on the above-reproduced improperly narrow response, EagleView served a second set of interrogatories designed to elicit information, *inter alia*, related to any other uses of Nearmap's Roof Geometry Technology. *See* Ex. 2 (Interrogatory No. 12). However, Nearmap stymied those efforts by a similar objection, confining its responses related to its Roof Geometry Technology to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[1] *See* Ex. 3 (Response to Interrogatory No. 12).

After several meet and confers, and only after EagleView filed a short form discovery motion (Dkt. 111), Nearmap supplemented its responses to Plaintiffs' interrogatories and requests for production to concede that the accused Roof Geometry Technology has also been used to generate ▇▇▇▇▇▇▇▇▇▇▇▇▇ reports. However, even after that supplementation of its written discovery responses, Nearmap still failed to produce any ▇▇▇▇▇▇ reports in its possession. From a practical standpoint, Plaintiffs need the actual reports to evaluate which patent claims are infringed and, relatedly, which infringement claim charts should be amended. Further, it is very important to confirm receipt of a ▇▇▇▇▇▇ report that was generated using Nearmap's Roof Geometry Technology because, over time, ▇▇▇▇▇▇▇▇▇▇▇▇ reports were not always created using Nearmap's Roof Geometry Technology.

Finally, on December 1, 2022, Nearmap produced documentation sufficient for Plaintiffs to amend their claim charts, namely, certain ▇▇▇▇▇▇ roof reports. *See, e.g.*, Ex. 4 (NEARMAP_1037493); Ex. 5 (NEARMAP_1037495).

---

[1] Nearmap refuses to concede, despite overwhelming evidence, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and that Nearmap is fully aware of that purpose and use.

## II. LEGAL STANDARD

Local Patent Rule 3.4 states, in relevant part, that "[a] party may amend its Final Infringement Contentions … only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than 14 days of the discovery of the basis for the amendment."

Good cause may exist, for example, where a party discovers new facts during discovery. *See ClearPlay, Inc. v. DISH Network LLC*, No. 2:14-CV-00191-DN-BCW, 2019 WL 1318348, at *2 (D. Utah Mar. 22, 2019).

With respect to unfair prejudice, Utah courts recognize that, while any amendment of contentions may lead to additional work and expense for the non-moving party, the question is whether a party will experience "undue prejudice," such as in situations where the timing of the amendment precludes the non-moving party from pursuing certain defenses, or where a party changes its basic theory of infringement. *Id.*

## III. ARGUMENT

### A. Good Cause Exists to Grant EagleView's Request

Good cause exists to grant EagleView leave to amend its final infringement contentions because it has only recently learned—due to Nearmap's repeated efforts to evade discovery— ▮ ▮ reports. As explained above, Plaintiffs were only provided an exemplary ▮ report that was generated using Nearmap's Roof Geometry Technology on December 1, 2022.

B.      **There Is No Unfair Prejudice to Nearmap**

There is no unfair prejudice to Nearmap because it was Nearmap that withheld the information related to this use of its Roof Geometry Technology. Accordingly, any prejudice to Nearmap cannot be "unfair" because Nearmap caused the delay through its own conduct.

In addition, time remains in fact discovery before claim construction, the current deadline for which is January 13, 2023. And, expert reports are only due after the claim construction process is concluded—thereby giving Nearmap ample time to crystalize its non-infringement positions as to the various uses of its accused Roof Geometry Technology. Further, EagleView states that it will not oppose an amendment to Nearmap's final non-infringement contentions to the extent Nearmap believes an amendment is warranted. With respect to the timing of this motion, Nearmap's supplemental interrogatory responses were served on October 10, 2022. Those responses identified ███████████████ that contracted with Nearmap for roof geometry, and explained that, pursuant to Fed. R. Civ. P. 33(d), Nearmap would produce documents from which information responsive to the interrogatories can be derived. Nearmap subsequently made several productions, including on October 12, 13, and 15, but did not produce any ████████ roof reports—which is what EagleView required in order to evaluate which patent claims are infringed—until December 1, 2022. Specifically, given the various roof-report limitations in the asserted claims, it was necessary for EagleView to analyze the actual ████████ roof reports to make a fulsome infringement determination in order to decide which infringement claim charts should be amended. Further, as explained above, ████████ ████████ reports had not always been created using Nearmap's Roof Geometry Technology,

making it necessary to confirm receipt of a ▮▮▮▮▮▮ report that was in fact generated using Nearmap's Roof Geometry Technology.

Accordingly, this motion is timely under Local Patent Rule 3.4.

## IV. CONCLUSION

For the foregoing reasons, EagleView respectfully requests that the Court grant its motion for leave to amend its final infringement contentions.

Dated: December 15, 2022                                /s/ Juliette P. White

Juliette P. White
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
kieran.kieckhefer@shearman.com

Matthew G. Berkowitz
Patrick Colsher
Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
matthew.berkowitz@shearman.com
patrick.colsher@shearman.com

lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 15th day of December, 2022, I caused to be electronically filed and served the foregoing PLAINTIFFS' MOTION FOR LEAVE TO AMEND FINAL INFRINGEMENT CONTENTIONS with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

> /s/ Juliette P. White
>
> Juliette P. White
> *Attorney for Plaintiffs*

4888-1113-7331.v1