UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL (DOC. NOS. 102, 106, 109, 119, 131)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant Nearmap US, Inc. and Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") have filed motions[1] to seal certain documents filed in connection with Nearmap's Motion for Leave to File First Amended Answer and Counterclaims.[2] Because the motions to seal fail to articulate a significant interest outweighing the presumption of public access, they are denied without prejudice. However, the parties have leave to file a new motion to seal within fourteen days.

## LEGAL STANDARDS

"The records of the court are presumptively open to the public," and sealing court documents is "highly discouraged."[3] However, the right of access to judicial records is not absolute.[4] "[T]he presumption in favor of access to judicial records may be overcome where

---

[1] (Doc. Nos. 102, 106, 109, 119, 131.)

[2] (Doc. No. 101.)

[3] DUCivR 5-3(a)(1).

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

1

countervailing interests heavily outweigh the public interests in access."[5] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6]

### ANALYSIS

The proposed sealed documents relate to a settlement of separate litigation between EagleView and Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk"). Nearmap filed the Verisk settlement agreement and settlement negotiation emails as exhibits to Nearmap's proposed amended answer, which seeks to add a patent misuse defense. Nearmap filed additional settlement negotiation emails as exhibits to its reply in support of the motion to amend. The parties seek to seal (1) the settlement agreement and negotiation emails,[7] (2) the portions of Nearmap's proposed amended answer which describe the settlement and negotiations,[8] and (3) the portions of EagleView's opposition and Nearmap's reply to the motion to amend which describe the settlement and negotiations.[9]

Nearmap moved to seal these documents solely because EagleView designated the settlement agreement and emails as "attorneys' eyes only" (AEO).[10] EagleView argues these

---

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] (Exs. 2 & 3 to Def.'s Proposed Am. Answer and Countercls., Doc. Nos. 103-3 (sealed), 103-4 (sealed); Ex. 9 to Def.'s Reply in Support of Mot. for Leave to File First Am. Answer and Countercls., Doc. No. 120-2 (sealed).)

[8] (Def.'s Proposed Am. Answer and Countercls., Doc. Nos. 101-1 (redacted), 103-1 (sealed).)

[9] (Pls.' Opp'n to Def.'s Mot. for Leave to File First Am. Answer and Countercls., Doc. Nos. 107 (redacted), 110 (sealed); Def.'s Reply in Support of Mot. for Leave to File First Am. Answer and Countercls., Doc. Nos. 118 (redacted), 120 (sealed).)

[10] (*See* Nearmap Mots. to Seal, Doc. Nos. 102, 119.)

documents warrant sealing for two reasons.[11] First, EagleView notes the settlement agreement itself contains a confidentiality clause, wherein EagleView and Verisk agreed the settlement terms and related documents would remain confidential.[12] Second, EagleView argues disclosure of the settlement agreement would harm EagleView's competitive standing by "providing its competitors access to highly competitive intelligence and other terms that both EagleView and Verisk agreed would remain confidential."[13] No opposition to the motions to seal has been filed.

The Tenth Circuit has held a confidentiality provision in a settlement agreement or contract is insufficient, on its own, to warrant sealing.[14] Further, "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[15] In *Colony Insurance Company v. Burke*,[16] the Tenth Circuit denied a motion to seal confidential settlement agreements where "[t]he parties themselves placed these settlements at the center of this controversy."[17] The court explained "[t]he parties must articulate a real and substantial

---

[11] (*See* EagleView Mots. to Seal, Doc. Nos. 106, 109, 131.)

[12] (*E.g.*, Doc. No. 106 at 2.)

[13] (*E.g.*, *id.*)

[14] *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court"); *see also Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l, Inc.*, No. 2:19-cv-00881, 2022 U.S. Dist. LEXIS 85038, at *4 (D. Utah May 10, 2022) (unpublished) ("[S]imply citing a confidentiality provision in a settlement or contract does not warrant sealing.").

[15] *Colony Ins. Co.*, 698 F.3d at 1241–42.

[16] 698 F.3d 1222.

[17] *Id.* at 1241.

3

interest that justifies depriving the public of access to the records that inform our decision-making process."[18] The court found the parties failed to meet this "heavy burden" where "[n]either party has submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access."[19]

Likewise, the parties here have placed the outcome of the Verisk litigation, and documents related to it, at issue in this case. First, Nearmap has moved to amend its answer to add a proposed patent misuse defense based on the Verisk settlement.[20] The proposed sealed documents include a substantial portion of Nearmap's proposed amended answer—indeed, the majority of the allegations supporting Nearmap's proposed patent misuse defense would be sealed if the motions to seal are granted. This means, if Nearmap's motion to amend is granted, a portion of the operative pleadings in this case would be sealed. Second, although EagleView opposes Nearmap's proposed amendment, EagleView itself has also placed the Verisk litigation at issue in this case. EagleView's complaint refers to the "successful litigation against Xactware Solutions, Inc. and Verisk Analytics, Inc." eight times in support of EagleView's claims,[21] and EagleView attached a court order from that case as an exhibit to its complaint.[22] Where both parties have placed the Verisk litigation at issue, and the proposed sealed documents include

---

[18] *Id.* at 1242 (internal quotation marks omitted).

[19] *Id.* (internal quotation marks omitted).

[20] (*See* Mot. for Leave to File First Am. Answer and Countercls., Doc. No. 101.)

[21] (Compl. ¶¶ 53, 72, 91, 114, 135, 162, 182, 200, Doc. No. 2.) The complaint was filed in May 2021, after a judgment in EagleView's favor in the Verisk litigation. The Verisk settlement occurred in November 2021 after the judgment was appealed.

[22] (Ex. 9 to Compl., Doc. No. 2-10.)

portions of Nearmap's proposed amended pleadings, a strong presumption of public access attaches.

EagleView has not met its burden to articulate a real and substantial interest which outweighs this strong presumption. EagleView argues disclosure of the settlement agreement would harm EagleView's competitive standing, but it does not explain how it would be harmed if the settlement agreement and related documents were made public. The bare assertion that EagleView will be harmed is insufficient to overcome the presumption of public access. Likewise, the mere fact that EagleView and Verisk agreed the settlement would remain confidential is insufficient.[23] On this record, EagleView has failed to identify a substantial interest which would justify depriving the public of access to the documents at issue.

Although the present motions to seal are deficient, EagleView may be able to articulate an interest outweighing the presumption of public access if given further opportunity to do so. Accordingly, the motions to seal are denied without prejudice, with leave to file a new motion which addresses the deficiencies set forth above.

## CONCLUSION

The motions to seal are DENIED without prejudice. Any party seeking to maintain the documents at issue under seal must file a new motion addressing the deficiencies outlined above

---

[23] *See, e.g.*, *Liberty Mut. Fire Ins. Co.*, 2022 U.S. Dist. LEXIS 85038, at *4 ("[S]imply citing a confidentiality provision in a settlement or contract does not warrant sealing.").

within fourteen days. If no new motion is filed, these documents will be unsealed without further notice.

        DATED this 6th day of January, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge