Brent O. Hatch (5715)
Hatch Law Group, PC
22 E. 100 S. Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendant – Additional counsel listed in signature*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., <br><br> *Defendant*. | **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINITFFS' SHORT FORM DISCOVERY MOTION TO COMPEL CONTINUED DEPOSITION OF TONY AGRESTA** <br><br> Case No.: 2:21-cv-00283 <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

EagleView's Motion for Leave to Supplement the Record in Support of Its Short Form Discovery Motion to Compel the Continued Deposition of Tony Agresta ("the Motion") should be denied. EagleView submits two new exhibits purportedly justifying the continued deposition of Agresta. Neither supports its motion to compel (Dkt. No. 198).

In Exhibit B to the Motion, the accused product MapBrowser is mentioned on only two slides. The other slides in Exhibit B relate to GAF's QuickMeasure report and CoreLogic's SkyMeasure report that are not presently at issue in the lawsuit albeit they are the subject of EagleView's pending motions to amend. Dkt. No. 158 at 1 (EagleView's Motion for Leave to

1

File an Amended Complaint or, in the Alternative, to Consolidate Cases); Dkt. No. 192 at 1 (EagleView's Motion for Leave to Amend Final Infringement Contentions). Therefore, discovery related to the products should not be permitted under Rule 26 of the Federal Rules of Civil Procedure, which would be consistent with the Court's ruling on Monday (Dkt. No. 221 at 5). Further, to the extent that EagleView asserts that the document relates to the development to MapBrowser, EagleView had the opportunity and did depose Nearmap corporate deponent who already testified extensively about the development of MapBrowser. Natasha Ridley was designated on Rule 30(b)(6) Topic No. 6 as to MapBrowser: "The conception, design, development structure, architecture, specifications, configuration, operation, and functionality of each version of the Accused Products."

Exhibit C to the Motion relates to a Nearmap customer that is not a party to this action: iRoofing. EagleView has not sought to add iRoofing to the case. This is for good reason. Nearmap does not sell any of the accused products to iRoofing. Ex. 1 (Dec. 8, 2022 Agresta Dep. Tr. (excerpt)) at 203:15–204:21.[1]

It is telling that in its motion to compel EagleView was only able to identify a single document to justify its request for four more hours of deposition. Since then, EagleView has only been able to identify two new documents—that should not be considered—supporting the continued deposition. Nearmap respectfully requests that EagleView's Motion be denied.

---

[1] Moreover, the information about iRoofing is not new to EagleView. Nearmap produced similar documents well before Agresta's deposition. Ex. 2 (NEARMAP_1026005 (excerpt)); Ex. 3 (Nov. 23, 2022 Nearmap Production Letter).

Submitted this 11th day of January, 2023

By: */s/ Brent O. Hatch*
Brent O. Hatch
HATCH LAW GROUP, PC

Nicholas Groombridge
Jennifer H. Wu
Jenny C. Wu
Jennifer Rea Deneault
Timothy J. Beavers
GROOMBRIDGE, WU,
  BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, New York 10017
332-269-0030 (telephone)
nick.groombridge@groombridgewu.com
jennifer.wu@groombridgewu.com
jenny.wu@groombridgewu.com
jenna.deneault@groombridgewu.com
timothy.beavers@groombridgewu.com

*Attorneys for Defendant Nearmap US, Inc.*