IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL, CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Defendant Nearmap US, Inc.'s Motion for Leave to File First Amended Answer and Counterclaims ("Nearmap's Motion")[1] and Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") Motion for Leave to File an Amended Complaint or, In the Alternative, to Consolidate Cases ("EagleView's Motion").[2] For the reasons discussed below, the Court will grant Nearmap's Motion, and grant in part and deny in part EagleView's Motion.

I. BACKGROUND

On May 4, 2021, EagleView filed patent infringement lawsuits against Nearmap in the District of Utah and against GAF Materials LLC ("GAF") in the District of New Jersey. On

---

[1] Docket No. 101.
[2] Docket No. 155.

1

March 28, 2022, the New Jersey court transferred the GAF case to this District. After transfer, EagleView moved to consolidate the two cases for pretrial purposes. This Court denied that motion and the parties have since been actively engaged in discovery until the discovery period concluded on January 13, 2023.

Nearmap filed its initial Answer in this case on November 29, 2021.[3] The Court's Second Amended Scheduling Order[4] designated January 17, 2023, as the deadline to amend pleadings. Nearmap filed its motion on September 20, 2022, seeking to amend its Answer to include a defense of patent misuse.[5] EagleView filed its motion on November 9, 2022. EagleView seeks to amend its Complaint to name new defendants, GAF Materials LLC ("GAF") and additional Nearmap entities, add new infringement allegations, and assert additional claims regarding trade secret misappropriations.[6]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure instruct that "court[s] should freely give leave" to amend "when justice so requires."[7] "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue [] of the amendment, futility of amendment etc.—the leave sought should, as the rules require, be freely given."[8]

---

[3] Docket No. 51. The initial Complaint was filed on May 4, 2021. Docket No. 2.
[4] Docket No. 152.
[5] Docket No. 101.
[6] Docket No. 155, at 1.
[7] Fed. R. Civ. P. 15(a)(2).
[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); *accord Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

III. DISCUSSION

A. NEARMAP MOTION

EagleView argues that Nearmap's Motion would be futile and cause undue prejudice. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[9] To determine whether Nearmap's amendment is futile therefore requires consideration of what Defendants must prove to establish patent misuse.

The Federal Circuit has characterized patent misuse as a "patentee's act of 'impermissibly broaden[ing] the physical or temporal scope of the patent grant with anticompetitive effect.'"[10] Where, as here, the defendant does not allege *per se* patent misuse, the Court uses a two-part inquiry.[11] First, the court considers whether the practice, alleged as misuse, is "reasonably within the patent grant, *i.e.*, that it relates to subject matter within the scope of the patent claims."[12] If so, there is no misuse. Second, if the practice extends outside of the subject matter of the patent grant, the court

> "must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature, and effect."[13]

---

[9] *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[10] *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (alteration in original) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986)).

[11] *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997).

[12] *Id.* (quoting *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 708 (Fed.Cir. 1992)).

[13] *Id.* (quoting *State Oil Co. v. Kahn*, 522 U.S. 3, 10 (1997)).

Nearmap's proposed patent misuse defense is based on a previous, non-public settlement between EagleView and Verisk Analytics, Inc. ("Verisk").[14] Nearmap's allegations satisfy both parts of the patent misuse inquiry. First, Nearmap alleges that EagleView impermissibly broadened the scope of its patents by "conditioning a settlement . . . on the condition that Verisk stop selling certain unaccused products that compete with EagleView."[15] Second, Nearmap alleges that the settlement had anticompetitive effects.[16] At this stage of the suit, the Court accepts the well-pleaded allegations in the amendment as true and views them in the light most favorable to Nearmap.[17] Thus, the Court cannot conclude at this time that the proposed amendment would be futile.

EagleView next argues that Nearmap's proposed amendment would cause undue prejudice, because it would increase the scope of discovery and lead to reputational harm. Specifically, EagleView asserts that defending against a patent misuse claim would require "investigating and litigating the scope of the entirety of EagleView's patent portfolio, including the scope of unasserted patents."[18]

"[The] most important [] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[19] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the

---

[14] *See Eagle View Techs., Inc. v. Xactware Sols., Inc.,* 325 F.R.D. 90 (D.N.J. 2018).
[15] Docket 118, at 2.
[16] *Id.* at 5.
[17] *Bauchman for Bauchman v. W. High Sch.,* 132 F.3d 542, 550 (10th Cir. 1997).
[18] Docket No. 107, at 9 (emphasis omitted).
[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

amendment.'"[20] "A need to reopen discovery, a delay in proceedings, or the addition of complaints or parties are indicators of prejudice."[21]

The scope of discovery for this claim may not neatly overlap with the existing claims, but the overlap will likely be substantial. Accordingly, it is unlikely that Nearmap's Motion will lead to a significant delay in the proceedings. As to reputational harm, EagleView presents no standard for the Court to consider in relation to this claim and the Court can find none. EagleView makes conclusory statements that such allegations will "cast a shadow on both EagleView and Verisk."[22] Nearmap's allegations do not appear to include information solely for the purpose of harming EagleView's reputation. EagleView may defend against the allegations contained in Nearmap's patent misuse defense and vindicate itself in litigation. Thus, the amendment does not rise to the level of undue prejudice.

Therefore, the Court will grant Nearmap's Motion.

B. EAGLEVIEW MOTION

EagleView seeks to add GAF to the case as to existing Counts 1–2 and 4–8, assert new patent infringement claims against Nearmap and GAF as to Counts 9–11, assert new patent infringement claims against Nearmap as to Counts 12 and 13, and add new trade secret misappropriation claims against Nearmap as to Counts 14 and 15. In addition, EagleView seeks to add Nearmap entities—Nearmap Australia Pty Ltd. and Nearmap Ltd.—to the suit. For the

---

[20] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[21] *US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-00923-HCN-PMW, 2020 WL 2616212 at *2 (D. Utah May 22, 2020).

[22] Docket No. 107, at 10.

following reasons, the Court will deny EagleView's Motion as to GAF's inclusion in Counts 1–2 and 4–11. The Court will grant the Motion as to the remaining Counts 9–15 against Nearmap.

The Court views EagleView's request partly as a motion to reconsider this Court's denial of consolidation.[23] In its previous motion to consolidate, EagleView asserted that "GAF uses the same Nearmap technology accused of infringement in the Nearmap case, which GAF says is rebranded as GAF 'QuickMeasure' reports."[24] That was prior to discovery. As part of discovery, EagleView now alleges it has proof that "Nearmap was involved in creating QuickMeasure reports."[25] At the time of its motion to consolidate in April 2022, EagleView accused Nearmap and GAF of using the same infringing technology. Now, EagleView accuses Nearmap of helping create QuickMeasure reports. The difference between these two allegations is not significant enough to warrant a reconsideration of this Court's denial on the previous motion to consolidate.

Though the claims against Nearmap and GAF may involve similar questions of law regarding several patents, there are patents and claims uncommon to both suits that will raise different issues. EagleView argues that they will be forced to engage in duplicative discovery without consolidation,[26] however, discovery can and has run concurrently for both cases.

Therefore, the Court denies EagleView's Motion to amend its Complaint to add GAF as a party as stated in Counts 1–2 and 4–11.

---

[23] *See* Docket No. 64.

[24] Docket No. 60, at 6.

[25] Docket No. 155, at 3.

[26] Docket No. 60, at 3.

Nearmap argues that EagleView's proposed amendments regarding its claims against Nearmap would result in undue prejudice, were unduly and inexplicably delayed, and are futile. Nearmap contends that the amendments would "require largely restarting the case," because it would need to re-serve non-infringement contentions, redo discovery, and produce documents and witnesses on new issues.[27]

EagleView's amendments will surely prejudice Nearmap by further delaying and complicating an already complex litigation. However, the burden to Nearmap is not *undue* because the remaining patent infringement and trade misappropriation claims are similar enough to the those already in-suit that their inclusion would not pose a major disruption to the current trajectory of the litigation. Indeed, much of the discovery relating to these claims is likely partially or fully completed. Thus, the amendments will not cause Nearmap undue prejudice.

Nearmap also argues the Court should deny the Motion for undue delay because much of the information EagleView relies on was either publicly available or disclosed in discovery more than six months prior to its Motion.[28] The Tenth Circuit has held that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."[29] EagleView argues, and the Court agrees, that it was not required to "serially amend its complaint as it learned about each new piece of evidence."[30] Given that some of the information cited in Counts 9–15 was unveiled in discovery and this is EagleView's first attempt at amending its

---

[27] Docket No. 175, at 6.

[28] *Id.* at 8.

[29] *Minter*, 451 F.3d at 1206 (internal quotations and citations omitted).

[30] Docket No. 179, at 5.

Complaint, and did so prior to the deadline for amending pleadings, the Court finds no undue delay by EagleView.

Lastly, Nearmap argues that Counts 9–15 are futile, either because they lack specificity as required by *Bell Atlantic Corporation v. Twombly*[31] or are directed to abstract ideas under 35 U.S.C. § 101. These futility arguments are duplicative of arguments already raised and rejected,[32] and they do not preclude amendment.

Therefore, the Court will grant EagleView's Motion as to the remaining Counts 9–15 against Nearmap.

## IV. CONCLUSION

It is hereby

ORDERED that Defendant's Motion for Leave to File First Amended Answer and Counterclaims (Docket No. 101) is GRANTED. Defendant should file its First Amended Answer within twenty-one (21) days of Plaintiff's First Amended Complaint. It is further

ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 155) is GRANTED IN PART and DENIED IN PART. Plaintiff should file its First Amended Complaint within fourteen (14) days of this order.

DATED this 14th day of March, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[31] 550 U.S. 544 (2007).
[32] Docket No. 50.