Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP LTD <br><br> Defendants. | **PLAINTIFFS' MOTION TO SEAL DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> REDACTED VERSION <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

For the reasons described in Plaintiffs' Renewed Motion to Seal Settlement Agreement, Negotiation Communications, and Related Court Filings (Dkt. 236), Eagle View Technologies, Inc., and Pictometry International Corp. (collectively "EagleView"), pursuant to DUCivR 5-3(b)(2)(C)(i) and the Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah, hereby move this Court for an order permanently sealing paragraphs 476 through 480 of Defendants' Amended Answer to Plaintiffs' First Amended Complaint and

4863-2509-5775.v3

Counterclaims. Dkt. 285 (the "Amended Answer and Counterclaims").[1] The unredacted copies of these materials are currently under seal at Dkt. 287.

## I.    RELEVANT LEGAL STANDARDS

The common-law right of access to judicial records is not absolute.  The "'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'"  *Dovbysh v. Mutual of Enumclaw Insurance Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022).

A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); or information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013).  *See also Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed.").  "Confidential financial information is often sealed where its disclosure could cause competitive harm." *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020).

The Tenth Circuit has recognized that "preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal may chill future

---

[1] Defendants filed their Amended Answer and Counterclaims [Dkt. 285] and Motion for Leave to File Amended Answer Under Seal [Dkt. 286] on April 18, 2023.

4863-2509-5775.v3

settlement discussions." *Colony Insurance Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *see also XPO Logistics, Inc. v. Leeway Global Logistics, LLC*, No. 2:15-cv-00703-CW, 2018 WL 400769, at *5 (D. Utah. Jan. 12, 2018) (finding that "[t]he confidentiality terms of the settlement played a significant role in these two parties' decision to settle all claims between them, is the result of fair bargaining between two well-represented parties, and embodies a reasonable compromise," and approving confidential FLSA settlement).

## II.    ARGUMENT

Nearmap's Amended Answer and Counterclaims, which quotes and characterizes a confidential settlement agreement between EagleView, on the one hand, and Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk"), on the other, (the "Settlement Agreement") and various negotiation communications related to the Settlement Agreement, contains highly confidential business information—including (1) the obligations of EagleView and non-party Verisk, (2) the amount of the settlement between EagleView and non-party Verisk, and (3) various representations and warranties—that could harm EagleView's and non-party Verisk's competitive standing. Here, the competitive harm to EagleView and non-party Verisk heavily outweighs the public interest in access. Further, unsealing these settlement materials that EagleView and non-party Verisk understood and expected to be maintained confidentially would chill future settlement discussions.

First, Nearmap—and other competitors—knowing what non-party Verisk, on the one hand, and EagleView, on the other, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ (*see, e.g.*, Nearmap's Amended Answer and Counterclaims, ¶¶ 477–80) provides an unfair competitive advantage because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

██████████████████████ *See* Dkt. 236, Ex. 1 (Declaration of Maroun S. Mourad, President of Verisk Claim Solutions), ¶ 8. In addition, ████████████████████████████ ██████████████████████████████ would be useful to competitors. *See, e.g.,* Nearmap's Amended Answer and Counterclaims, ¶ 477; *see also* Dkt. 236, Ex. 1, ¶ 10. *See Braun,* 719 Fed. App'x at 801 n.8 (sealing documents that contain sensitive, proprietary information concerning business practices, as well as potentially sensitive technical and financial data).

Given that Verisk is a non-party to this litigation, the harm is even more pronounced—it has no interest in the outcome of this action; it did not select this venue; it did not inject the Settlement Agreement into this litigation; and it operated under the legitimate expectation (and desire) that the Settlement Agreement would remain confidential. *See Hershey,* 550 F. App'x at 574; *see generally* Dkt. 236, Ex. 1.

Second, Nearmap having access to the settlement amount (Nearmap's Amended Answer and Counterclaims, ¶¶ 476–78) would give it an unfair advantage (i) in terms of potentially resolving this case, and (ii) in the market as it competes against EagleView (and potentially non-party Verisk) by knowing what it could be worth to continue infringing. *See* Dkt. 236, Ex. 1, ¶ 11; *see also AH Aero Service,* 2020 WL 5135819 at *5 (sealing highly confidential financial information). Other competitors having access to the settlement amount would be unfair because the competitors would have confidential data points regarding "efficient infringement."

Third, both EagleView and non-party Verisk had a legitimate expectation in the confidentiality of the Settlement Agreement and the negotiations. The Settlement Agreement states that it is understood to be confidential, and it is evident that EagleView and non-party Verisk desire it to stay so. Dkt. 103, Ex. 2, ¶ 12. Similarly, the email negotiation correspondence was

4

expected to be confidential and was made for the purpose of negotiating a settlement agreement. *E.g.*, Dkt. 118, Ex. 9 (including email headers of "Confidential for Settlement Discussions Only Under FRE 408"). The publication of these materials would have the potential to chill future settlements and would disincentivize future settlement discussions between parties. *See XPO Logistics*, 2018 WL 400769, at *5 (citing and quoting *Colony*, 698 F.3d at 1241).

In addition, as explained in Dkt. 236, the Settlement Agreement is neither particularly relevant to the merits of this patent litigation, which will be decided based on whether the accused Nearmap products infringe the claims of the asserted patents, nor did EagleView put the Settlement Agreement at issue in this case.

## III.   CONCLUSION

Plaintiffs respectfully request that Paragraphs 476 through 480 of Defendants' Amended Answer and Counterclaims remain redacted, with the unredacted Amended Answer to Plaintiffs' First Amended Complaint and Counterclaims permanently sealed.

Dated:  April 25, 2023

/s/ *Juliette P. White*
Juliette P. White
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100

Fax: 415.616.1339
kieran.kieckhefer@shearman.com

Lillian J. Mao
Yue (Joy) Wang
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
lillian.mao@shearman.com
joy.wang@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.4955
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

6

4863-2509-5775.v3

## CERTIFICATE OF SERVICE

I hereby certify that, on the 25th day of April 2023, I caused to be electronically filed and served the foregoing PLAINTIFFS' MOTION TO SEAL DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT AND COUNTERCLAIMS with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

*/s/ Juliette P. White*

Juliette P. White

*Attorney for Plaintiffs*

7

4863-2509-5775.v3