UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' SHORT FORM MOTION TO COMPEL CONTINUED DEPOSITION OF TONY AGRESTA (DOC. NO. 196) AND GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD (DOC. NO. 222)**<br><br>Case No. 2:21-cv-00283<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") filed a motion to compel Defendant Nearmap US, Inc.[1] to make Tony Agresta available for a continued deposition.[2] EagleView later moved to supplement the record in support of this motion.[3] The court held a hearing on the motion to compel on January 11, 2023.[4] For the reasons explained below, the motion to supplement is

---

[1] At the time this motion was filed and briefed, Nearmap US, Inc. was the only defendant. EagleView has since filed an amended complaint adding claims against defendants Nearmap Australia Pty Ltd and Nearmap Ltd. (*See* Doc. No. 274.) Because these new defendants were not involved in this motion, Nearmap US, Inc. is referred to simply as "Nearmap" in this order.

[2] (Pls.' Short Form Disc. Mot. to Compel Cont'd Dep. of Tony Agresta ("Mot. to Compel"), Doc. No 196.)

[3] (Pls.' Mot. for Leave to Suppl. the Record in Support of Mot. to Compel ("Mot. to Suppl."), Doc. No. 222.)

[4] (*See* Minute Entry, Doc. No. 229.)

granted, the motion to compel is granted in part, and Nearmap is ordered to make Mr. Agresta

available for a continued deposition of no more than ninety minutes regarding the documents

produced from his custodial file on or after December 7, 2022.

BACKGROUND

EagleView brought this action against Nearmap, alleging infringement of eight patents

related to rooftop aerial measurement technology.[5]  During discovery, the parties agreed that

each party would be entitled to twenty-five hours of Rule 30(b)(6) testimony, and that each

witness's combined corporate and individual depositions would be limited to one seven-hour day

(except for Nearmap Chief Technology Officer Tom Celinski, who sat for two seven-hour

days).[6]

Mr. Agresta is a member of Nearmap's executive committee.[7]  He was deposed in both

his individual capacity and as a Rule 30(b)(6) designee on December 8, 2022.[8]  At 11:06 p.m. on

December 7, the night before the deposition, Nearmap produced 1,025 of Mr. Agresta's custodial

files totaling nearly 9,000 pages.[9]  EagleView lodged an objection at the beginning of Mr.

Agresta's deposition and indicated it would hold the deposition open due to this production, but

proceeded with the deposition.[10]  EagleView deposed Mr. Agresta for seven hours—4.5 hours in

---

[5] (Compl. ¶¶ 1–2, Doc. No. 2.)

[6] (*See* Mot. to Compel 2, Doc. No. 196; Opp'n to Mot. to Compel 1, Doc. No. 209.)

[7] (*See* Opp'n to Mot. to Compel 1, Doc. No. 209.)

[8] (*See* Mot. to Compel 2, Doc. No. 196.)

[9] (*See id.* at 1–2.)

[10] (*See id.* at 2.)

a Rule 30(b)(6) capacity and 2.5 hours in an individual capacity.[11]  EagleView then requested a continued deposition of Mr. Agresta of up to four hours, limited to "the late-produced documents and issues arising therefrom."[12]  Nearmap declined, and EagleView filed the instant motion to compel.[13]

On January 2, 2023, after the motion to compel was filed, Nearmap produced an additional 2,500 pages of documents from Mr. Agresta's custodial file.[14]  On January 11, shortly before the hearing on the motion to compel, EagleView moved to supplement the record, arguing the January 2 production provided additional support for the motion to compel.[15]

## LEGAL STANDARDS

Rule 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."[16]  But "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."[17]

---

[11] (*See id.*)

[12] (*See id.*)

[13] (*See id.*)

[14] (*See* Mot. to Suppl., Doc. No. 222.)

[15] (*See id.*)

[16] Fed. R. Civ. P. 30(d)(1).

[17] *Id.*

Under Rule 26(b)(1), the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[18]  Rule 26(b)(2) provides:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[19]

## ANALYSIS

### 1.  Motion to Supplement the Record

EagleView's motion to supplement the record[20] is addressed first.  Although EagleView filed this motion only hours before the hearing, Nearmap also filed an opposition before the hearing,[21] and Nearmap indicated during the hearing that it did not need any further opportunity to brief this issue.

EagleView seeks to present additional documents in support of the motion to compel which Nearmap produced after the motion was filed.[22]  In opposition, Nearmap argues these documents do not support EagleView's position on the merits of the motion to compel, but Nearmap offers no reason why the documents should not be considered.[23]  Therefore,

---

[18] Fed. R. Civ. P. 26(b)(1).

[19] Fed. R. Civ. P. 26(b)(2)(C).

[20] (Doc. No. 222.)

[21] (*See* Opp'n to Mot. to Suppl., Doc. No. 225.)

[22] (*See* Mot. to Suppl., Doc. No. 222.)

[23] (*See* Opp'n to Mot. to Suppl., Doc. No. 225.)

EagleView's motion to supplement is granted, and the court considers these additional documents.

### 2. Motion to Compel

EagleView seeks to compel an additional four-hour deposition of Mr. Agresta regarding the documents Nearmap produced on or after December 7, 2022.[24] EagleView contends the December 7 production includes 900 "unique" documents, many of which are relevant and material, including "documents bearing on issues related to direct, indirect, and willful infringement."[25] EagleView provided three examples of documents it contends are relevant— one produced on December 7 and two produced on January 2.[26] EagleView contends it will suffer prejudice if it is not permitted to examine Mr. Agresta about documents from these productions, since EagleView had no opportunity to review them before his deposition.[27] EagleView also asserts a continued deposition is warranted because it used only "2.5 hours of the 7 hours it otherwise was entitled to under Rule 30(b)(1)."[28]

In opposition, Nearmap argues a continued deposition is unwarranted because the December 7 production was "a small fraction of the 35,000+ documents previously produced from [Mr.] Agresta," and roughly half are duplicates or near-duplicates of previously-produced

---

[24] (*See* Mot. to Compel, Doc. No. 196.) Although the motion to compel addresses only the December 7 production, the motion to supplement addresses documents produced on January 2, after the motion to compel was filed.

[25] (*Id.* at 3.)

[26] (*See* Ex. C to Mot. to Compel, Doc. No. 198-3 (sealed); Exs. B & C to Mot. to Supplement, Doc. Nos. 224-2 & 224-3 (sealed).)

[27] (*See* Mot. to Compel 3, Doc. No. 196.)

[28] (*Id.*)

documents.[29]  Nearmap contends EagleView has not adequately explained how these documents

are materially new.[30]  Nearmap also notes it designated five other Rule 30(b)(6) witnesses on the

topics of "direct, indirect, and willful infringement," and Mr. Agresta was not designated on

those topics.[31]  Nearmap argues EagleView could have asked other witnesses about the

documents during depositions taken after Mr. Agresta's.[32]

   EagleView has demonstrated a continued deposition of Mr. Agresta is warranted due to

Nearmap's production of numerous documents from his custodial file on the eve of and after his

deposition.  Given the number of documents and the timing of the production, EagleView had no

meaningful opportunity to review the documents before Mr. Agresta's deposition.  And even

according to Nearmap's own estimate, only roughly half of this production was duplicative of

prior productions—meaning approximately half the documents were new.  EagleView has also

demonstrated at least some of the new documents address matters relevant to its claims.  For

example, the December 7 production included an email chain between Mr. Agresta and other

Nearmap employees discussing one of the accused products,[33] which EagleView contends bears

on its infringement allegations.[34]  And the January 2 production includes a document outlining

development and marketing plans for several accused products—which also identifies Mr.

---

[29] (Opp'n to Mot. to Compel 2, Doc. No. 209.)

[30] (*See id.*)

[31] (*Id.*)

[32] (*Id.* at 2–3.)

[33] (*See* Ex. C to Mot. to Compel, Doc. No. 198-3 (sealed).)

[34] (*See* Mot. to Compel 3, Doc. No. 196.)

Agresta as a person responsible for sales strategy.[35]  Based on a review of the examples provided by EagleView, it is apparent the new productions contain at last some relevant documents about which Mr. Agresta is likely to have knowledge.  The timing of Nearmap's production deprived EagleView of the opportunity to examine him about these relevant documents.  Under these circumstances, a continued deposition is necessary to "fairly examine" Mr. Agresta pursuant to Rule 30(d)(1).

Nearmap's contention that EagleView should have deposed other witnesses about these documents is unpersuasive.  Nearmap suggests EagleView could have asked two other Rule 30(b)(6) designees about the documents: Tom Celinski, Nearmap's Chief Technology Officer, and Natasha Ridley, another Nearmap employee.  But Mr. Celinski was not a party to the email chain discussed above, which EagleView identifies as a key document it seeks to question Mr. Agresta about.  And although Ms. Ridley was a party to those emails, EagleView seeks to examine Mr. Agresta about his own statements in the emails.  The opportunity to question Mr. Celinski or Ms. Ridley is not an adequate substitute for examining Mr. Agresta on this topic. Further, it is not apparent either Mr. Celinski or Ms. Ridley have knowledge coextensive of Mr. Agresta's regarding other documents from the new production, particularly where the documents are from Mr. Agresta's custodial file.  Finally, the fact that Nearmap designated other witness to testify in a Rule 30(b)(6) capacity regarding infringement does not prevent EagleView from examining Mr. Agresta in an individual capacity regarding that topic.

---

[35] (*See* Ex. B to Mot. to Suppl., Doc. No. 224-2 (sealed).)  In its opposition to the motion to supplement, Nearmap asserted the January 2 examples provided by EagleView primarily addressed products which were not accused under the then-current pleadings.  (*See* Opp'n to Mot. to Supplement, Doc. No. 225.)  However, EagleView has since filed an amended complaint adding allegations of infringement relating to one of these products.  (*See* First Am. Compl., Doc. No. 274.)

For all these reasons, a continued deposition of Mr. Agresta is warranted.  Nevertheless, EagleView has not adequately justified its request for an additional four hours.  Although EagleView deposed Mr. Agresta in his individual capacity for only 2.5 hours, EagleView used the full seven hours agreed upon by the parties for Mr. Agresta's combined deposition.  Thus, EagleView must show any additional time beyond this limit is necessary to fairly examine Mr. Agresta.  While the new production was voluminous, EagleView has identified only three specific documents it seeks to examine Mr. Agresta about, and it does not explain why four hours are needed.  The new production also constitutes only a fraction of the total production from Mr. Agresta's file.  Where EagleView used only 2.5 hours to question Mr. Agresta regarding the prior productions of more than 35,000 documents, EagleView does not explain why it needs nearly twice that time to question him about the new production.  Therefore, Mr. Agresta's continued deposition will be limited to ninety minutes.  The subject matter of the deposition will also be limited to the documents produced from Mr. Agresta's custodial file on or after December 7, 2022.

## CONCLUSION

EagleView's motion to supplement the record[36] is granted, and EagleView's motion to compel[37] is granted in part.  Nearmap is ordered to make Mr. Agresta available for a continued

---

[36] (Doc. No. 222.)

[37] (Doc. No. 196.)

deposition of no more than ninety minutes regarding the documents produced from his custodial file on or after December 7, 2022.

       DATED this 5th day of May, 2023.

                  BY THE COURT:

                  _Daphne A. Oberg_

                  Daphne A. Oberg
                  United States Magistrate Judge