Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP LTD<br><br>Defendants. | **PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S DECISION AND ORDER DENYING PLAINTIFFS' SHORT FORM DISCOVERY MOTION REGARDING THE SCOPE OF THE ACCUSED PRODUCTS [DKT. 298]**<br><br>Case No. 2:21-cv-00283-TS-DAO<br><br>The Honorable Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

**TABLE OF CONTENTS**

RELIEF SOUGHT ..................................................................................................................1

STANDARD OF REVIEW .....................................................................................................2

BACKGROUND .....................................................................................................................2

LEGAL STANDARDS RELEVANT TO THESE OBJECTIONS .........................................5

ARGUMENT ...........................................................................................................................7

    A.    The Order Misapprehends the Appropriate Scope of Discovery Under the LPR ..............................................................................................................................7

    B.    The Order's Finding that Nearmap Did Not Waive Its Objection to the Definition of Accused Products in EagleView's First Set of Interrogatories is Clearly Erroneous and/or Contrary to Law ...............................................................9

    C.    Nearmap Products that Contain Similar Functionality are Products that Facilitate Aerial Measurements of Roofs ...............................................................10

CONCLUSION ......................................................................................................................11

i

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Cooper v. Noble Casing, Inc.*,
  Nos. 15-cv-1907-WJM-CBS, 16-cv-2799-WJM-CBS,
  2017 U.S. Dist. LEXIS 223227 (D. Colo. Oct. 27, 2017) .......................................................... 2

*Hawkins v. Ghiz*,
  No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238 (D. Utah Jan. 29, 2021) ............................... 2

*High 5 Games, LLC v. Marks*,
  No. 2:13-cv-07161-JMV-MF, 2019 U.S. Dist. LEXIS 59254 (D.N.J. Apr. 5, 2019) ................ 8

*Hologram USA, Inc. v. Pulse Evolution Corp.*,
  No. 2:14-cv-00772-GMN-NJK, 2016 WL 3353935 (D. Nev. June 10, 2016) .......................... 6

*nCap Licensing, LLC v. Apple Inc.*,
  No. 2:17-cv-00905, 2018 U.S. Dist. LEXIS 235079 (D. Utah Nov. 30, 2018) ......................... 6

*Ocelot Oil Corp. v. Sparrow Indus.*,
  847 F.2d 1458 (10th Cir. 1988) ................................................................................................. 2

*Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*,
  Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL,
  2015 WL 11121849 (D. Kan. May 12, 2015) ........................................................................... 6

*Vivint, Inc. v. Alarm.com Inc.*,
  No. 2:15-cv-392, 2020 WL 3871346 (D. Utah July 9, 2020) .................................................... 8

*Vivint, Inc. v. Alarm.com, Inc.*,
  No. 2:15-cv-392, 2020 WL 4544316 (D. Utah Aug. 6, 2020) ................................................... 2

**Rules**

Fed. R. Civ. P. 26(b) ....................................................................................................................... 8

Fed. R. Civ. P. 33(b)(4) .................................................................................................................. 9

Fed. R. Civ. P. 72(a) ................................................................................................................ 1, 4

LPR 2.1 ........................................................................................................................................... 5

LPR 2.3 .................................................................................................................................. 5, 6, 7

LPR Preamble ................................................................................................................................ 5

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs Eagle View Technologies, Inc., and Pictometry International Corp. (collectively "EagleView"), hereby respectfully object to the Magistrate Judge's findings in the Memorandum Decision and Order Denying Plaintiffs' Short Form Discovery Motion Regarding the Scope of the Accused Products (Doc. No. 111). Dkt. 298 (hereinafter, the "Order").

## RELIEF SOUGHT

EagleView respectfully objects to the Order entered by the Honorable Magistrate Judge Daphne A. Oberg insofar as it denies the first issue raised in EagleView's short form discovery motion. EagleView requests that this Court set aside the Order as it pertains to the first issue and compel Nearmap to provide discovery responses regarding all products with similar functionality to the products accused by name, as set forth in EagleView's discovery requests and definitions.

The Order is clearly erroneous and contrary to law in that it misapprehends the scope of discovery in patent litigation. The Order purports to create a bright line rule limiting discovery in patent infringement cases only to those "accused products" that are specifically identified by name. According to the Order, a plaintiff cannot obtain discovery on non-public (and, therefore, not "known") products that might be infringing by defining the "accused products" by their functionality. But this district's local rules plainly contemplate that such non-public products, and non-public product names, may be uncovered during the course of discovery. *See, e.g.*, LPR 2.1 & 2.3(b) (requiring identification of accused instrumentalities "of which the party claiming infringement is aware" and identification "by name, if known"); LPR 2.3 (procedures for "an Accused Instrumentality that was not previously disclosed or known"). How else might this non-public information be obtained, if the scope of discovery is limited to what a plaintiff is already

aware of at the outset of discovery? Contrary to the Order, the purpose of discovery is to assist in the identification of all products that infringe the patents-at-issue.

## STANDARD OF REVIEW

FRCP Rule 72(a) authorizes the Court to set aside a Magistrate Judge's ruling on a non-dispositive matter where that ruling is clearly erroneous or contrary to law. "The 'clearly erroneous' standard under Rule 72(a) applies to factual findings," *Vivint, Inc. v. Alarm.com, Inc.*, No. 2:15-cv-392, 2020 WL 4544316, at *6 (D. Utah Aug. 6, 2020) (citation omitted), and it "requires that the reviewing court affirm unless the court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotations omitted). "The 'contrary to law' standard permits plenary review as to matters of law," *Cooper v. Noble Casing, Inc.*, Nos. 15-cv-1907-WJM-CBS, 16-cv-2799-WJM-CBS, 2017 U.S. Dist. LEXIS 223227 (D. Colo. Oct. 27, 2017) (internal quotations omitted), and "[a] magistrate judge's order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure,'" *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238, at *1 (D. Utah Jan. 29, 2021) (citation omitted).

## BACKGROUND

Over the course of more than a decade, EagleView developed technologies and products that produce extremely accurate and detailed measurements of roofs using aerial imagery, which are typically presented to a user in a roof report. These reports are used, for example, to estimate the cost of roof repairs, construction, and insurance. Nearmap unfairly competes with EagleView by offering products that utilize EagleView's patented aerial rooftop measurement technology.

EagleView filed this patent infringement case on May 4, 2021. In its Complaint, EagleView accused two publicly-available web applications—MapBrowser and Nearmap on OpenSolar—of infringing eight EagleView patents.

In January 2022, EagleView propounded interrogatories seeking information regarding those two publicly-available web applications, of which it was aware, as well as information regarding any *non-public* Nearmap products that perform similar functionality. Importantly, EagleView specifically explained what that "similar functionality" was—*i.e.*, Nearmap products that can be used to measure roofs using aerial imagery. To be clear, EagleView both defined the term "accused products" in the definitions section of those interrogatories to include MapBrowser and Nearmap on OpenSolar "and *any other Nearmap Product that performs similar functionality*" and specifically explained what "similar functionality" means, namely "including at least any Nearmap *rooftop aerial measurement* tool, product, component, or other software or hardware functionality." Dkt. 111, Exhibit A at 1–2 (emphasis added). In response to those interrogatories, Nearmap did not object to EagleView's definition of accused products. Instead, Nearmap answered the interrogatories by providing responsive information for only MapBrowser and Nearmap on OpenSolar. Without making clear that it was doing so, Nearmap withheld information regarding at least one *non-public product* that has similar functionality, i.e., "Roof Geometry Technology."

In late June 2022, despite not being informed of Nearmap's Roof Geometry Technology by Nearmap, EagleView discovered the product existed by happenstance through a source code review. Nearmap's Roof Geometry Technology is non-public software that performs "rooftop aerial measurement," and information was regarding this product was called for by EagleView's

3

first set of interrogatories and should have been provided by Nearmap. EagleView timely supplemented its initial infringement contentions to identify the Roof Geometry Technology as an additional accused product.

In August 2022, EagleView propounded a second set of interrogatories, seeking to determine whether Nearmap was hiding any additional non-public rooftop aerial measurement products. To that end, EagleView defined "accused products" as follows:

> "Accused Product(s)" means any or all of the products identified in Plaintiffs' LPR 2.1 Accused Instrumentality Disclosures and any amendments thereto, any or all of the products identified in Plaintiffs' Complaint and any amendments thereto, and any or all of the products identified in Plaintiffs' forthcoming infringement contentions and any amendments thereto, individually or collectively, including without limitation … ***all Nearmap roofing geometry technology, Nearmap point cloud roof geometry,*** and ***any other Nearmap Product that performs similar functionality (including at least any Nearmap rooftop aerial measurement or roofing geometry tool, product, component, or other software or hardware functionality, and, for the avoidance of doubt, any Nearmap APIs or applications*)** … ***or any other Nearmap product that involves roofing geometry functionality***.

Dkt. 111, Exhibit A at 4–5 (emphasis added).  In response, Nearmap objected to that definition and again purported to respond to the interrogatories only with respect to products EagleView identified by name—that is, MapBrowser, Nearmap on OpenSolar, and the newly discovered non-public Roof Geometry Technology.

On October 6, 2022, EagleView filed a short form discovery motion seeking to compel Nearmap to provide discovery responses regarding all products encompassed by the above-quoted definition. Dkt. 111. On October 14, 2022, Nearmap opposed. Dkt. 114.  On May 18, 2023, the Magistrate Judge issued the Order denying EagleView's motion. Dkt. 298. On June 1, 2023, pursuant to Rule 72(a), EagleView timely served and filed these objections.

## LEGAL STANDARDS RELEVANT TO THESE OBJECTIONS

The District of Utah's Local Rules of Patent Practice ("LPRs") require patent plaintiffs to provide "Accused Instrumentality" disclosures, as well as "Initial Infringement Contentions" and "Final Infringement Contentions." The Local Patent Rules recognize that "[i]t is not unusual for a party in a patent case to learn additional grounds for claims of infringement … as the case progresses." LPR Preamble.

With respect to Accused Instrumentality disclosures, the LPRs require that "a party claiming infringement must disclose a list identifying each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of the opposing party *of which the party claiming infringement is aware*. Each Accused Instrumentality must be identified by name, *if known*, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." LPR 2.1 (emphasis added).

Similarly, with respect to Initial Infringement Contentions, the LPR require, "separately for each asserted claim, identification of each Accused Instrumentality of which the party claiming infringement *is aware*. Each Accused Instrumentality must be identified by name, *if known*, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." LPR 2.3(b) (emphasis added).

LPR 2.3 provides a mechanism for supplementing contentions if a new Accused Instrumentality is discovered:

> …*If during discovery a party claiming patent infringement discovers an Accused Instrumentality that was not previously disclosed or known,* the party claiming patent infringement may, as required by the Federal Rules of Civil Procedure, supplement the infringed claims per an asserted patent by withdrawing an equal number of asserted claims and providing the information for the newly asserted

>claim required by this paragraph 2.3 within 14 days of discovery, except for good cause shown.

LPR 2.3 (emphasis added).

Courts have generally taken one of two views in determining the appropriate scope of discovery in patent cases. *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772-GMN-NJK, 2016 WL 3353935, at *3–4 (D. Nev. June 10, 2016). The minority view, primarily adopted by the Northern District of California, is that "the scope of discovery is limited to products specifically identified in the infringement contentions." *Id.* at *4 (collecting cases). The majority view expands this scope of discovery "to include products reasonably similar to those accused in the infringement contentions." *Id.* (collecting cases).

>This approach is premised on the broad scope of Federal Rule of Civil Procedure 26(b) and the idea that the general contours of a desire for broad discovery apply as much in patent cases as in any other. Underlying this view is the notion that a party may be able to amend its contentions as it acquires information during discovery. ***As a result, no bright line rule governs whether discovery can be obtained only for the products expressly accused in infringement contentions. Thus, this approach extends discovery to nonaccused products reasonably similar to the accused instrumentalities.*** In requesting information regarding such devices, however, the discovering party must provide a mechanism for the responding party to determine whether a particular device is reasonably similar.

*Id.* (internal citations, brackets, emphasis added, and quotation marks omitted). This view has been adopted by sister courts in the Tenth Circuit. *See, e.g.*, *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2015 WL 11121849, at *3 (D. Kan. May 12, 2015); *see also nCap Licensing, LLC v. Apple Inc.*, No. 2:17-cv-00905, 2018 U.S. Dist. LEXIS 235079, at *3 (D. Utah Nov. 30, 2018) (explaining that "discovery concerning products not listed in the infringement contentions is appropriate only when 1) the

6

infringement contentions give notice of a specific theory of infringement, and 2) the product for which discovery is sought operates in a manner reasonably similar to that theory").

## ARGUMENT

The Magistrate Judge's findings in the Order relating to the scope of the accused products are clearly erroneous and/or contrary to law for three reasons, any one of which justifies vacating the Order. ***First***, the Order misapprehends the scope of discovery under the LPRs and misapplies the standards therein. ***Second***, the Order errs in finding that Nearmap did not waive its objection to EagleView's definition of "accused products" by improperly finding good cause to excuse Nearmap's failure to object. ***Third***, the Order ignores that EagleView explained in detail what constitutes products with "similar functionality."

### A. The Order Misapprehends the Appropriate Scope of Discovery Under the LPR

The Order's finding that EagleView impermissibly attempted to circumvent the local patent rules "by creating its own, more expansive definition of 'accused products' in a discovery request, or by attempting to include unidentified products in its infringement contentions," Order at 8, is clearly erroneous and/or contrary to law. Further, the Order's finding that "[u]nder the local rules, accused products are only those specifically identified in the infringement contentions," Order at 8, is also clearly erroneous and contrary to law. These findings are indicative of a misapprehension of the appropriate scope of discovery under the LPR, and a misunderstanding of what EagleView did during discovery.

The LPR explicitly contemplate that "a party claiming patent infringement [might] discover[] an Accused Instrumentality that was not previously disclosed or known." LPR 2.3. This language clearly contemplates that Accused Instrumentalities—which ***had not been explicitly***

7

*listed* in the LPR Accused Instrumentalities disclosure because they were unknown at the time of that disclosure—still exist and are discoverable. This reading of the LPRs comports with FRCP Rule 26(b), which recognizes that one party—here the accused infringer—has greater access to relevant information than the other party.

*Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346 (D. Utah July 9, 2020), on which the Order relies, does not support limiting EagleView to accused products that were explicitly named. In *Vivint*, the court stated that "[n]othing in the text of this district's local patent rules supports the use of the 'reasonably similar' approach Vivint urges the court to adopt." *Id.* at *8. But the court rejected Vivint's approach because Vivint *knew* of the product it sought to accuse, but failed to identify that product in its infringement contentions. *Id.* ("Vivint knew the name of the accused instrumentality—the aberration engine—but did not identify it in their Final Infringement Contentions."). Because the plaintiff knew the name of the accused instrumentality but failed to timely identify it by name, it was not allowed discovery on that product based on the product being reasonably similar to those explicitly accused in the infringement contentions. *Id.* ("[T]he plain language of this district's local patent rules required Vivint to identify the Accused Instrumentality, 'by name, *if known*.'" (emphasis added)). That is not the case here.[1]

In this case, EagleView is trying to learn of any other non-public Nearmap products that perform rooftop aerial measurement. After being improperly deprived of discovery as to Nearmap's Roof Geometry Technology, EagleView served its second set of interrogatories for the

---

[1] Similarly, the Order's purported reason for distinguishing *High 5 Games, LLC v. Marks*—that the discovering party had specifically identified the unaccused products by name (Order at 11)—is misplaced because EagleView does not know the name(s) of any other Nearmap products that perform aerial rooftop measurements.

very purpose of endeavoring to discover any additional products that Nearmap was hiding—*i.e.*, any other non-public Accused Instrumentalities that EagleView could not know about given that only Nearmap has access to its internal products. EagleView was not "attempting to include unidentified products in its infringement contentions." Order at 8. Rather, EagleView was trying to discover any other non-public Accused Instrumentalities that were not previously disclosed by Nearmap or that were previously not known to EagleView because they were not publicly available.

EagleView lacks visibility into Nearmap's non-public software products. Accordingly, EagleView needs Nearmap to answer discovery requests relating to what other non-public Nearmap products contain rooftop aerial measurement or roof geometry functionality. That EagleView by chance through a source code review discovered a non-public Nearmap product demonstrates that there, in fact, can be products similar to those explicitly listed in the Accused Instrumentalities disclosures, and yet are unknown to EagleView. Nearmap should be compelled to answer EagleView's interrogatories and disclose such products in full.

> **B.** **The Order's Finding that Nearmap Did Not Waive Its Objection to the Definition of Accused Products in EagleView's First Set of Interrogatories is Clearly Erroneous and/or Contrary to Law**

The Order recognizes that Nearmap "did not initially object to the inclusion of unidentified products with 'similar functionality' in EagleView's definition of 'accused products'" as it was required to do under FRCP 33(b)(4). Order at 6–7. However, the Order then purports to justify Nearmap's failure to object by stating that "Nearmap only provided responsive information for named accused products." Order at 7.

While the Order appears to consider Nearmap's limited discovery as acceptable—and even as a justification for why Nearmap's failure to object should be excused—Nearmap's provision of

information relating only to the two products named in the Complaint (MapBrowser and Nearmap on OpenSolar) was improper. Nearmap, in fact, had an internal, non-public software product called Roof Geometry Technology that it hid from EagleView until EagleView's source code reviewer recognized code that appeared to be related to a new product and, therefore, discovered that an entire product existed that had never been properly disclosed to EagleView. And by not objecting or otherwise indicating that it was limiting its response, Nearmap prejudiced EagleView by leaving EagleView for months with the incorrect impression that Nearmap had no other products with rooftop aerial measurement functionality. That prejudice to EagleView also weighs against excusing Nearmap's failure to object.

The Order goes on to justify its finding by stating that "Nearmap's approach was consistent with the local patent rules, which require accused products to be specifically identified." Order at 7. However, as explained above, the Order misapprehends the LPR in this regard, given that the LPR contemplate a patent defendant providing discovery as to all Accused Instrumentalities—even those that are not named at the time of the Accused Instrumentalities disclosure (because their names are unknown to the patent plaintiff at the time). It is therefore not an acceptable justification for Nearmap's failure to object.

Thus, the Order's finding that "there is good cause to excuse Nearmap's failure to specifically object to EagleView's expansive definition of 'accused products' in Nearmap's initial response" is clearly erroneous and/or contrary to law.

C.  **Nearmap Products that Contain Similar Functionality are Products that Facilitate Aerial Measurements of Roofs**

The Order's finding that "EagleView has not demonstrated discovery regarding unaccused products with similar functionality is appropriate," Order at 9, is clearly erroneous and/or contrary

10

to law. EagleView has provided to Nearmap nearly 2,000 pages of infringement contentions that set forth in great detail its specific theories of infringement. EagleView also provided a definition of accused products, reproduced above, that included examples of what constitutes "similar functionality" to the products that it painstakingly charted (*e.g.*, all Nearmap roofing geometry technology, Nearmap point cloud roof geometry, and any other Nearmap Product that performs similar functionality, including at least any Nearmap rooftop aerial measurement or roofing geometry tool, product, component, or other software or hardware functionality, and, for the avoidance of doubt, any Nearmap APIs or applications). Specifically, similar products would be those that facilitate "rooftop aerial measurement"—the subject matter of the eight originally-asserted patents. The Order entirely ignores EagleView's definitional language, and instead finds that "EagleView has not demonstrated that its infringement contentions give notice of a specific theory of infringement," Order at 9, and "provide[d] no mechanism … to determine whether other Nearmap products are reasonably similar," *id.* at 11. Those findings were in error.

## CONCLUSION

For the foregoing reasons, EagleView respectfully objects to the Order and requests that the district judge set aside the Order's findings with respect to the scope of the accused products, and grant EagleView's short form discovery motion.

Dated: June 1, 2023

/s/ Juliette P. White
Juliette P. White
Sarah Jenkins Dewey
Patrick Neville
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234

11

Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8200
Fax: 415.393.8306
kkieckhefer@gibsondunn.com

Christina Myrold
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
christina.myrold@shearman.com

Lillian J. Mao
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
lillian.mao@shearman.com

Eric S. Lucas
SHEARMAN & STERLING LLP
599 Lexington Ave.
New York, NY 10022
Telephone: 212.838.4955
Fax: 646.848.4955
eric.lucas@shearman.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

## CERTIFICATION OF WORD COUNT

I, Juliette P. White, certify that this PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S DECISION AND ORDER DENYING PLAINTIFFS' SHORT FORM DISCOVERY MOTION REGARDING THE SCOPE OF THE ACCUSED PRODUCTS [DKT. 298] contains 3,099 words and complies with DUCivR 7-1(a)(4).

/s/ Juliette P. White
Juliette P. White

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 1st day of June 2023, I caused to be electronically filed and served the foregoing with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

/s/ Juliette P. White
Juliette P. White
*Attorney for Plaintiffs*