UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND FINAL INFRINGEMENT CONTENTIONS (DOC. NO. 192)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") filed a motion for leave to amend final infringement contentions.[1] Defendant Nearmap US, Inc.[2] opposes the motion, arguing the amendment is untimely and prejudicial.[3] The court held a hearing on the motion on May 25, 2023.[4] As explained below, because the amendment is timely, supported by good cause, and will not unfairly prejudice Nearmap, EagleView's motion is granted.

---

[1] ("Mot.," Doc. No. 192.)

[2] At the time this motion was filed and briefed, Nearmap US, Inc. was the only defendant. EagleView has since filed an amended complaint adding claims against defendants Nearmap Australia Pty Ltd and Nearmap Ltd. (*See* Doc. No. 274.) Because these new defendants were not involved in this motion, Nearmap US, Inc. is referred to simply as "Nearmap" in this order.

[3] (*See* Def.'s Opp'n to Pls.' Mot. for Leave to Am. Final Infringement Contentions ("Opp'n"), Doc. No. 206.)

[4] (*See* Minute Entry, Doc. No. 301.)

BACKGROUND

EagleView brought this action against Nearmap, alleging infringement of patents related to rooftop aerial measurement technology.[5] EagleView's original complaint identified the accused products as "(1) Nearmap on OpenSolar and (2) MapBrowser."[6]

In January 2022, EagleView propounded interrogatories seeking information regarding the two accused products and any other Nearmap products with similar functionality.[7] In June 2022, through source code review, EagleView learned of a third Nearmap product, Roof Geometry Technology, which contains rooftop aerial measurement functionality.[8] In July 2022, EagleView supplemented its initial infringement contentions to identify Roof Geometry Technology as an additional accused product.[9] EagleView served its final infringement contentions on August 29, 2022.[10]

After EagleView identified Roof Geometry Technology as an accused product, Nearmap supplemented its discovery responses to include Roof Geometry Technology—but only as it related to one Nearmap customer's use of the product to generate a certain brand of roof

---

[5] (Compl. ¶¶ 1–2, Doc. No. 2.)

[6] (*Id.* ¶ 1.)

[7] (*See* Mot. 2, Doc. No. 192; Ex. A to Pls.' Short Form Disc. Mot. Re: the Scope of the Accused Products, Doc. No. 113-1 at 1–2 (sealed).)

[8] (*See* Mot. 3, Doc. No. 192.)

[9] (*See* Ex. A to Pls.' Short Form Disc. Mot. Re: the Scope of the Accused Products, Doc. No. 113-1 at 4 (sealed).)

[10] (*See* Opp'n 1, Doc. No. 206.)

reports.[11] EagleView propounded a second set of interrogatories in August 2022 seeking information regarding other uses and supply chains of Roof Geometry Technology.[12] But Nearmap again confined its responses to Roof Geometry Technology supplied to one customer.[13]

EagleView then filed a discovery motion on October 6, 2022, seeking to compel responses regarding other uses and supply chains for Nearmap's Roof Geometry Technology.[14] On October 10, while that motion was pending, Nearmap supplemented its responses to indicate that Roof Geometry Technology had been used by another customer, CoreLogic, Inc., to generate its "SkyMeasure" roof reports.[15] But Nearmap did not, at that time, produce any SkyMeasure reports generated using Nearmap's Roof Geometry Technology.[16] At a hearing on October 31, 2022, Nearmap represented it had no such reports in its possession.[17] Meanwhile, EagleView issued a subpoena to CoreLogic seeking the reports.[18]

On October 21, 2022, EagleView's counsel emailed Nearmap's counsel that, "given the recent discovery," EagleView intended to move for leave to amend EagleView's final

---

[11] (*See* Mot. 3, Doc. No. 192; Ex. 1 to Mot., Nearmap's Third Set of Resps. to EagleView's First Set of Interrogs. 9, Doc. No. 194-1 (sealed).)

[12] (*See* Mot. 4, Doc. No. 192; Ex. 2 to Mot., Pls.' Second Set of Interrogs. to Def. Nearmap US, Inc., Interrog. No. 12, Doc. No. 192-2.)

[13] (*See* Mot. 4, Doc. No. 192; Ex. 3 to Mot., Nearmap's First Set of Resps. to EagleView's Second Set of Interrogs., Resp. to Interrog. No. 12, Doc. No. 194-3 (sealed).)

[14] (Pls.' Short Form Disc. Mot. Re: the Scope of the Accused Products, Doc. No. 111.)

[15] (*See* Mot. 4, Doc. No. 192; Reply 3, Doc. No. 230; Ex. 1 to Opp'n to Pls.' Short Form Disc. Mot. Re: the Scope of the Accused Products, Nearmap's Suppl. Resps. to EagleView's Interrogs., Second Suppl. Resp. to Interrog. No. 1, Doc. No. 114-1 (sealed).)

[16] (*See* Mot. 4, Doc. No. 192.)

[17] (*See* Reply 4, Doc. No. 230.)

[18] (*See* Opp'n 5, Doc. No. 206; Reply 3, Doc. No. 230.)

infringement contentions "to add allegations with respect to the roof geometry technology as it relates to the generation of CoreLogic's SkyMeasure reports," and asked if Nearmap would oppose the amendment.[19] Nearmap's counsel responded the same day, asking EagleView to provide proposed amended contentions.[20] EagleView did not provide its proposed amendments.[21]

On December 1, 2022, Nearmap produced a SkyMeasure report generated using Nearmap's Roof Geometry Technology.[22] The next day, EagleView received additional SkyMeasure reports from CoreLogic in response to the subpoena.[23] EagleView then moved to amend final infringement contentions on December 15, 2022.[24]

## ANALYSIS

EagleView seeks to amend its final infringement contentions to "add allegations related to the accused Roof Geometry Technology" as it relates to CoreLogic's SkyMeasure roof reports.[25] The District of Utah's local patent rules provide that "[a] party may amend its Final Infringement Contentions . . . only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than 14 days of the discovery of

---

[19] (Ex. 1 to Opp'n, Email from E. Lucas to J. Wu, et al. (Oct. 21, 2022), Doc. No. 206-1.)

[20] (Ex. 1 to Opp'n, Email from J. Wu to E. Lucas, et al. (Oct. 21, 2022), Doc. No. 206-1.)

[21] (*See* Opp'n 8, Doc. No. 206.)

[22] (Mot. 4, Doc. No. 192; Ex. 5 to Mot., Doc. No. 194-5 (sealed).)

[23] (*See* Reply 1, Doc. No. 230.)

[24] (Mot., Doc. No. 192.)

[25] (*Id.* at 1.)

4

the basis for the amendment."[26] Good cause and timeliness are addressed first, then whether the amendment will cause unfair prejudice.

### A. Good Cause and Timeliness

"[T]o establish good cause, the moving party must first demonstrate diligence in amending its contentions."[27] "To establish diligence, the movant must demonstrate not only that it promptly moved to amend its contentions, but also that it was diligent in discovering the basis for its proposed amendment."[28] "[T]he discovery of new facts, including new potentially infringing instrumentalities or previously unknown examples of prior art, may . . . be the basis for good cause to amend."[29]

EagleView asserts there is good cause to amend based on discovery of new information regarding the use of the accused Roof Geometry Technology in CoreLogic's SkyMeasure reports.[30] While the discovery of new information may provide good cause to amend, the parties dispute when EagleView became aware of the basis for the amendment. EagleView argues it needed the actual SkyMeasure report produced on December 1, 2022, in order to "evaluate which patent claims are infringed and, relatedly, which infringement claim charts should be

---

[26] LPR 3.4.

[27] *Definitive Holdings, LLC. v. Powerteq LLC*, No. 2:18-cv-00844, 2022 U.S. Dist. LEXIS 47340, at *4 (D. Utah Mar. 16, 2022) (unpublished) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Allvoice Devs. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015) (unpublished)).

[28] *Id.* (internal quotation marks omitted).

[29] *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-00528, 2018 U.S. Dist. LEXIS 189832, at *7 (D. Utah Nov. 5, 2018) (unpublished).

[30] (Mot. 5, Doc. No. 192.)

amended."[31] EagleView contends it had insufficient information to amend its infringement contentions until it received this report.[32]

Nearmap, on the other hand, argues EagleView was aware of the basis for amendment before December 1.[33] First, Nearmap asserts that it identified CoreLogic's SkyMeasure product as a "Nearmap Partner" and produced a SkyMeasure report in January 2022.[34] Nearmap asserts SkyMeasure reports are also publicly available on CoreLogic's website.[35] Second, Nearmap notes that EagleView's final infringement contentions, served on August 29, 2022, mentioned SkyMeasure reports in a claim chart.[36] According to Nearmap, this shows EagleView knew of "potential infringement" related to the SkyMeasure reports at that time.[37] Third, Nearmap points to the October 21, 2022 email stating EagleView's intention to amend its final infringement contentions to add allegations related to CoreLogic's SkyMeasure reports.[38] Finally, Nearmap contends CoreLogic discontinued its SkyMeasure reports based on a collaboration with EagleView announced in April 2022.[39] Nearmap argues this collaboration means "EagleView

---

[31] (*Id.* at 4.)

[32] (*See id.*; Reply 1, 6–8, Doc. No. 230.)

[33] (Opp'n 1–2, 5–9, Doc. No. 206.)

[34] (*See id.* at 8; Exs. 6 & 7 to Opp'n, Doc. Nos. 208-6 & 208-7 (sealed).)

[35] (*See* Opp'n 8, Doc. No. 206.)

[36] (*See* Opp'n 1, 5, Doc. No. 206; Ex. 4 to Opp'n, Excerpt of Final Infringement Contentions, Doc. No. 206-4.)

[37] (Opp'n 1, Doc. No. 206.)

[38] (*Id.* at 1–2; Ex. 1 to Opp'n, Doc. No. 206-1.)

[39] (Opp'n 2, Doc. No. 206.)

cannot claim that it only recently discovered CoreLogic's SkyMeasure reports or recently discovered how they were generated."[40]

As an initial matter, the SkyMeasure report produced in January 2022 is insignificant. EagleView explains—and Nearmap does not dispute—that CoreLogic's SkyMeasure reports were not always created using Nearmap's Roof Geometry Technology.[41] EagleView asserts the particular report produced in January 2022 was not generated using Nearmap's Roof Geometry Technology,[42] and Nearmap does not argue otherwise. Similarly, EagleView explains the reports on CoreLogic's websites are templates which do not use Roof Geometry Technology.[43] At the hearing, Nearmap conceded SkyMeasure reports using Roof Geometry Technology are not publicly available online. Accordingly, the first time EagleView received a SkyMeasure report generated using Nearmap's Roof Geometry Technology was December 1, 2022.

EagleView has demonstrated it lacked sufficient information to amend its final contentions until it received this SkyMeasure report on December 1. The District of Utah's local patent rules require infringement contentions to include "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality," in addition to other detailed information.[44] Although EagleView was previously aware that Roof Geometry Technology was used to generate some SkyMeasure reports (based on Nearmap's October 2022 supplemental discovery responses), EagleView needed an actual report in order to provide a

---

[40] (*Id.*)

[41] (Reply 1, Doc. No. 230.)

[42] (*See id.* at 7.)

[43] (*See id.* at 7–8.)

[44] LPR 2.3(c); LPR 3.1.

detailed claim chart as required under the local rules.[45]  As EagleView explained at the hearing, it was only able to determine which patents and limitations were implicated after reviewing the report produced on December 1.  A general awareness that Nearmap's technology was being used in SkyMeasure reports was insufficient to permit EagleView to amend its contentions with the level of detail required.

Nearmap's arguments regarding earlier discovery of the basis for amendment are not persuasive.  The August 29 final infringement contentions (which EagleView noted at the hearing totaled more than two thousand pages) contain only a brief mention of SkyMeasure reports in one claim chart.[46]  This isolated reference does not establish EagleView had sufficient information to provide fulsome infringement contentions regarding the SkyMeasure reports at that time.  Further, EagleView's October 21 email stating its intention to amend does not establish EagleView had sufficient information to provide a detailed claim chart at that time.  It is apparent EagleView suspected the Roof Geometry Technology used in SkyMeasure reports infringed EagleView's patents and was actively seeking further discovery on the issue—including through a then-pending discovery motion.  But EagleView needed an actual report in order to provide detailed allegations regarding *how* its patents are infringed, as required under the local rules.  Finally, the mere fact that EagleView has collaborated with CoreLogic does not establish that EagleView had any knowledge regarding the specifics of how prior SkyMeasure reports were generated.

EagleView was diligent in discovering the basis for the amendment, including diligently seeking to obtain a SkyMeasure report generated using Roof Geometry Technology.  EagleView

---

[45] (*See* Mot. 4, 6, Doc. No. 192; Reply 2–3, Doc. No. 230.)

[46] (*See* Ex. 4 to Opp'n, Doc. No. 206-4.)

discovered the existence of Nearmap's Roof Geometry Technology through a source code review in June 2022, and promptly amended its initial infringement contentions in July 2022 to identify this as an accused product. EagleView then made diligent efforts to obtain discovery regarding this product—including propounding discovery requests seeking all uses and supply chains for this product in August 2022 and filing a motion to compel Nearmap to provide that information in October 2022. That discovery motion remained pending when Nearmap finally produced a SkyMeasure report on December 1. Separately, EagleView subpoenaed CoreLogic in an effort to obtain SkyMeasure reports. These efforts demonstrate EagleView diligently sought the information it would need in order to provide infringement contentions related to CoreLogic's SkyMeasure Reports.

In sum, EagleView was diligent in discovering the basis for the proposed amendment, and EagleView had sufficient information to provide amended infringement contentions related to the SkyMeasure reports only when it receiving an actual report generated using Nearmap's accused Roof Geometry Technology on December 1, 2022. EagleView timely moved to amend within fourteen days of receiving that report. Under these circumstances, good cause supports the amendment, and the motion was timely under the local rules.

### B. Unfair Prejudice

The local patent rules permit amendment of final infringement contentions only in the "absence of unfair prejudice to opposing parties."[47] But "it is usually true that any amendment of the Final Contentions would lead to additional work and expense on the part of the non-amending party."[48] "Thus, the inconvenience and expense required by additional discovery and

---

[47] LPR 3.4.

[48] *Corel Software, LLC*, 2018 U.S. Dist. LEXIS 189832, at *9.

9

briefing of the new issues does not generally rise to the level of *undue* prejudice."[49] "Instead, an amendment may be prejudicial if its timing prevents the defendant from pursuing a potentially promising line of defense."[50]

Amendment of final infringement contentions at this stage will not unfairly prejudice Nearmap. Since EagleView's motion was filed, the pre-claim construction fact discovery period has closed and the parties have filed claim construction briefs.[51] However, the court recently granted both parties leave to amend their pleadings and permitted EagleView to add new claims and defendants.[52] Where claim construction is incomplete and the operative pleadings have recently been amended to add new claims and parties, the amendment of final contentions at this stage is unlikely to significantly alter the trajectory of this case. Further, EagleView represented at the hearing that it has already completed most discovery related to CoreLogic's SkyMeasure reports, and it anticipates any remaining discovery can be completed during the post-claim construction discovery period.

Nearmap argues it would be unfairly prejudiced if EagleView were permitted to add infringement allegations related to CoreLogic's SkyMeasure reports without being required to

---

[49] *Id.*

[50] *Id.* (internal quotation marks omitted).

[51] (*See* Second Am. Patent Case Scheduling Order, Doc. No. 152 (providing the close of fact discovery before claim construction was January 13, 2023); *see also* Doc. Nos. 244 & 245 (claim construction motions filed January 27, 2023).)

[52] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl., Doc. No. 267.) EagleView's motion to amend was granted in part and denied in part. The court granted leave to add new patent infringement, trade secret, and misappropriation claims against Nearmap and to add two new defendants—Nearmap Australia Pty Ltd. and Nearmap Ltd. (*See id.* at 5–8.) The court denied EagleView's request to add another entity, GAF Materials LLC, as a defendant. (*See id.*)

produce its agreement with CoreLogic that led to discontinuation of the SkyMeasure reports.[53] Nearmap notes the court denied Nearmap's motion to compel EagleView to respond to discovery requests regarding this agreement.[54] But Nearmap's motion to compel was denied because Nearmap's requests were untimely served after the deadline to serve written discovery requests in the operative scheduling order (and because Nearmap failed to adequately meet and confer regarding certain requests).[55] That prior order does not prevent Nearmap from moving to amend the scheduling order based on EagleView's amendment of final infringement contentions. To the extent new discovery is warranted which cannot be accommodated under the current schedule, Nearmap (or any other party) may move to amend the scheduling order.

For these reasons, permitting EagleView to amend its final contentions to include allegations related to CoreLogic's SkyMeasure reports will not unfairly prejudice Nearmap.

### C. Other Arguments

Nearmap suggests EagleView's failure to provide Nearmap with its proposed amended contentions warrants denial of the motion.[56] But nothing in the local patent rules requires EagleView to provide its proposed amendments when moving to amend final contentions.[57]

---

[53] (Opp'n 9–10, Doc. No. 206.)

[54] (*See* Order Den. Nearmap's Short Form Disc. Mot. Re: Disc. Reqs. Served on Oct. 10, 2022 and Earlier Served Disc. Reqs., Doc. No. 151.)

[55] (*See id.* at 2–4.)

[56] (Opp'n 8–9, Doc. No. 206.)

[57] *See* LPR 3.4; *see also C.R. Bard v. Med. Components*, No. 2:17-cv-00754, 2021 U.S. Dist. LEXIS 114537, at *12 (D. Utah Mar. 5, 2021) (unpublished) ("[T]he local rules do not require [a party] to include its proposed amendments with its motion to amend [final contentions].").

EagleView provided sufficient information regarding its proposed amendments to allow the court to conduct a good-cause analysis, as set forth above.[58] Nothing further is required.

## CONCLUSION

EagleView's motion to amend final infringement contentions[59] is granted. EagleView shall serve amended final infringement contentions within fourteen days.

DATED this 2nd day of June, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[58] *Cf. C.R. Bard*, 2021 U.S. Dist. LEXIS 114537, at *12 (denying leave to amend final contentions where the party failed to "provide the court with enough information to conduct a good-cause analysis").

[59] (Doc. No. 192.)