UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 236, 237, 286, 289, 290) RELATED TO VERISK SETTLEMENT AGREEMENT, NEGOTIATION COMMUNICATIONS, AND RELATED FILINGS** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal various documents related to a settlement agreement between Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") and nonparties Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk").[1] Defendant Nearmap US, Inc. moved to amend its answer and counterclaims to assert a patent misuse defense based on the Verisk settlement.[2] This motion was opposed by EagleView but ultimately granted.[3] The settlement agreement and emails reflecting underlying settlement negotiations were filed under seal as exhibits to the briefing on Nearmap's motion to amend and Nearmap's amended answer.

---

[1] (Mots. to Seal, Doc. Nos. 236, 237, 286, 289, 290.)

[2] (*See* Mot. for Leave to File First Am. Answer and Countercls., Doc. No. 101.)

[3] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl., Doc. No. 267.)

1

EagleView seeks to maintain under seal the settlement agreement and negotiation emails, as well as portions of other filings quoting from or paraphrasing those documents—specifically, portions of the briefing on the motion to amend, of Nearmap's amended answer, and of the motions to seal.[4] EagleView argues these documents contain confidential business information which would harm the competitive interests of both EagleView and Verisk if disclosed.[5] Nearmap did not file any opposition to EagleView's motions to seal, and it filed its own motion to seal based solely on EagleView's designation of the settlement agreement and negotiation emails as "attorneys' eyes only" under the Standard Protective Order.[6]

As explained below, EagleView has demonstrated the Verisk settlement agreement, the negotiation emails, and the portions of other filings quoting from or paraphrasing them warrant sealing. These documents contain EagleView's and Verisk's confidential business information, and these entities' interest in protecting such information from competitors outweighs the presumption of public access at this stage of the case. Therefore, the motions to seal are granted, and the documents at issue shall remain sealed until otherwise ordered.

---

[4] (*See* EagleView Mots. to Seal, Doc. Nos. 236, 237, 289, 290.) The court denied prior motions to seal some of the same documents without prejudice, with leave to file new motions to seal addressing the deficiencies identified in the order. (*See* Mem. Decision and Order Den. Without Prejudice Mots. to Seal, Doc. No. 218.) The parties subsequently filed the motions to seal now before the court.

[5] (*See, e.g.*, Pls.' Renewed Mot to Seal Settlement Agreement, Negotiation Commc'ns, and Related Filings ("Pls.' Renewed Mot. to Seal"), Doc. No. 236.)

[6] (*See* Defs.' Mot. for Leave to File Am. Answer Under Seal, Doc. No. 286.)

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[7] However, this right is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

## ANALYSIS

EagleView contends the Verisk settlement agreement, negotiation emails, and related filings warrant sealing because they contain "highly confidential" information which, if disclosed, would "irreparably harm the competitive interests of both EagleView and non-party Verisk."[12] EagleView also notes the settlement agreement included a confidentiality clause, and both EagleView and Verisk "operated under the legitimate expectation that the Settlement Agreement and its negotiation team's communications would remain confidential."[13]

---

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] *Id.* (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* at 1242 (alteration in original) (citation omitted).

[12] (Pls.' Renewed Mot. to Seal 1, Doc. No. 236.)

[13] (*Id.*)

The Tenth Circuit has held a confidentiality provision in a settlement agreement or contract is insufficient, on its own, to warrant sealing.[14] In *Colony Insurance Company v. Burke*,[15] the Tenth Circuit denied a motion to seal confidential settlement agreements where "[t]he parties themselves placed these settlements at the center of [the] controversy," and "[n]either party has submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access."[16]

But the Tenth Circuit also recognizes "a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[17] Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[18] And this rationale is even stronger where "the records could harm the competitive interests of third parties."[19]

---

[14] *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court").

[15] 698 F.3d 1222.

[16] *Id.* at 1241–42.

[17] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[18] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[19] *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished).

EagleView has demonstrated the documents at issue contain confidential business information which would result in competitive harm to EagleView and Verisk if publicly disclosed. EagleView points to specific obligations, covenants, representations, and warranties in the settlement agreement, as well as discussions of these terms in the negotiation emails, and explains in detail how disclosure of this information would harm competitive interests of both EagleView and Verisk. EagleView also provides a declaration from Verisk's president explaining how Verisk would be harmed by disclosure of this information to competitors.[20] Based on EagleView's submissions and a review of the sealed documents, it is apparent these documents contain confidential business information which would harm EagleView's and Verisk's competitive interests if publicly disclosed.

Further, unlike in *Colony Insurance*, the settlement agreement at issue here was not between the parties to this case. Rather, it is an agreement between EagleView and Verisk, a nonparty. And Nearmap—not EagleView or Verisk—put the settlement agreement at issue in this case by relying on it to support an affirmative defense.[21] Thus, the party seeking to seal the documents is not the party that put the agreement at issue. More importantly, unlike in *Colony Insurance*, EagleView does not rely solely on the confidentiality clause as a basis for sealing the

---

[20] (*See* Ex. 1 to Pls.' Renewed Mot. to Seal, Decl. of Maroun S. Mourad, Doc. No. 238-1 (sealed).)

[21] In a prior order, this court stated the parties had placed "the outcome of the Verisk litigation" at issue in this case, citing both Nearmap's proposed amended answer and references in EagleView's complaint to the "successful litigation" against Verisk. (*See* Mem. Decision and Order Den. Without Prejudice Mots. to Seal 4, Doc. No. 218 (citing Compl. ¶¶ 53, 72, 91, 114, 135, 162, 182, 200, Doc. No. 2).) But EagleView correctly notes it is Nearmap which placed the settlement agreement, specifically, at issue. (*See* Pls.' Renewed Mot. to Seal 6–7, Doc. No. 236.) Indeed, EagleView's complaint in this action was filed before the Verisk settlement occurred, while an appeal of a judgment against Verisk was pending. Thus, EagleView persuasively asserts the complaint's references to "successful litigation" refer to the judgment against Verisk, and not to the settlement agreement. (*See id.* at 7.)

agreement. As described above, EagleView has articulated a real and substantial interest which justifies sealing the settlement agreement and related documents.

The countervailing interests articulated by EagleView outweigh the presumption of public access to judicial records at this stage. Although the sealed documents include portions of Nearmap's answer, it is not yet clear whether the sealed information will be used to determine the parties' substantive legal rights. Indeed, the court's ruling on the Nearmap's motion to amend referred only generally to the Verisk settlement agreement and did not discuss its terms in detail.[22] Further, the parties publicly filed redacted versions of Nearmap's answer, the briefing on the motion to amend, and the motions to seal, redacting only the portions quoting from or discussing in detail the sealed settlement agreement and negotiation emails. Thus, the majority of the answer and motion briefing remain publicly accessible. Under these circumstances, EagleView's and Verisk's interests in maintaining the confidentiality of competitive business information outweighs the public interest in access at this stage of the case.[23]

---

[22] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl. 4, Doc. No. 267.)

[23] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

CONCLUSION

The parties' motions to seal[24] the Verisk settlement agreement, negotiation emails, and related filings are granted. These documents[25] shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[24] (Doc. Nos. 236, 237, 286, 289, 290.)

[25] The sealed documents are: Nearmap's unredacted proposed amended answer and exhibits 2 and 3 thereto, (Doc. No. 103 and attachments); EagleView's unredacted opposition to Nearmap's motion to amend, (Doc. No. 110); Nearmap's unredacted reply in support of the motion to amend and exhibit 9 thereto, (Doc. No. 120 and attachment); Nearmap's unredacted amended answer and counterclaims, (Doc. No. 287); and two unredacted motions to seal, (Doc. Nos. 238 & 291).