UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 124 & 139) RELATED TO NEARMAP'S DISCOVERY MOTION REGARDING OCTOBER 10, 2022 DISCOVERY REQUESTS** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] exhibits 1, 2 and 4 to Defendant Nearmap US, Inc.'s short form discovery motion[2] regarding discovery requests served on or before October 10, 2022. For the reasons explained below, the motions to seal are granted.

Exhibits 1 and 2 are certain requests for production and requests for admission propounded by Nearmap to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView").[3] Exhibit 4 is a supplemental Rule 30(b)(6) deposition notice issued by Nearmap to EagleView.[4] Nearmap moves to seal these documents

---

[1] (Doc. Nos. 124, 139.)

[2] (Doc. No. 123.)

[3] (Doc. Nos. 125-1, 125-2 (sealed).)

[4] (Doc. No. 125-4 (sealed).)

1

because they contain information EagleView designated "attorneys' eyes only."[5] EagleView contends these documents contain confidential business information regarding a settlement agreement between EagleView and nonparties Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk"), which would harm the competitive interests of both EagleView and Verisk if disclosed.[6] No oppositions to the motions to seal were filed.

"Courts have long recognized a common-law right of access to judicial records."[7] However, this right is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

Here, the proposed sealed documents merely relate to a discovery dispute. And the court denied Nearmap's discovery motion because the discovery requests and deposition notice were untimely, without addressing the substance of the requests or deposition topics.[12] Thus, the public's interest in access to these documents is low at this stage. Further, EagleView has

---

[5] (*See* Nearmap Mot. to Seal, Doc. No. 124.)

[6] (*See* EagleView Mot. to Seal, Doc. No. 139.)

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] *Id.* (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* at 1242 (alteration in original) (citation omitted).

[12] (*See* Doc. No. 151.)

articulated a significant countervailing interest in protecting confidential business information related to the Verisk settlement.[13] Indeed, the court recently granted the parties' motions to seal the Verisk settlement agreement and related filings, finding EagleView's and Verisk's interest in protecting confidential business information in the settlement agreement from competitors outweighed the public's interest in access.[14] Likewise, this countervailing interest outweighs the presumption of public access here, where the proposed sealed documents relate only to a discovery dispute and were not substantively addressed in the court's ruling.[15]

---

[13] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished) (stating this rationale is even stronger where "the records could harm the competitive interests of third parties.").

[14] (*See* Doc. No. 307.)

[15] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

## CONCLUSION

The parties' motions to seal[16] are granted, and exhibits 1, 2, and 4[17] to Nearmap's discovery motion[18] shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[16] (Doc. Nos. 124, 139.)

[17] (Doc. Nos. 125-1, 125-2, 125-4 (sealed).)

[18] (Doc. No. 123.)