UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 164 & 173) RELATED TO EAGLEVIEW'S DISCOVERY MOTION REGARDING THE DEPOSITIONS OF CHRIS JURASEK AND KIM NAKAMARU** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] exhibits 1 through 6 to Defendant Nearmap US, Inc.'s opposition[2] to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") discovery motion[3] regarding the depositions of EagleView CEO Chris Jurasek and general counsel Kim Nakamaru. For the reasons explained below, the motions to seal are granted.

These exhibits contain emails reflecting settlement negotiations between EagleView and nonparties Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk") in another case, as well as a draft settlement agreement.[4] Nearmap moves to seal these documents because

---

[1] (Doc. Nos. 164, 173.)

[2] (Doc. No. 163.)

[3] (Doc. No. 153.)

[4] (Doc. Nos. 165-2–165-7 (sealed).)

1

EagleView designated them "attorneys' eyes only."[5] EagleView contends these documents contain confidential business information regarding the Verisk settlement which would harm the competitive interests of both EagleView and Verisk if disclosed.[6]

"Courts have long recognized a common-law right of access to judicial records."[7] However, this right is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

Here, the proposed sealed documents merely relate to a discovery dispute. And the court's order granting the discovery motion refers to the negotiation emails but does not discuss their contents in detail.[12] Thus, the public's interest in access to these documents is low at this stage. Further, EagleView has articulated a significant countervailing interest in protecting confidential business information related to the Verisk settlement.[13] Indeed, the court recently

---

[5] (*See* Nearmap Mot. to Seal, Doc. No. 164.)

[6] (*See* EagleView Mot. to Seal, Doc. No. 173.)

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[8] *Id.* (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* at 1242 (alteration in original) (citation omitted).

[12] (*See* Doc. No. 221.)

[13] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by

granted the parties' motions to seal the final Verisk settlement agreement and similar negotiation emails filed in connection with Nearmap's motion to amend its answer, finding EagleView's and Verisk's interest in protecting confidential information in the settlement agreement from competitors outweighed the public's interest in access.[14] Likewise, this countervailing interest outweighs the presumption of public access here, where the proposed sealed documents relate only to a discovery dispute and were not discussed in detail in the court's ruling.[15]

## CONCLUSION

The parties' motions to seal[16] are granted, and exhibits 1 through 6[17] to EagleView's discovery motion[18] regarding the depositions of Mr. Jurasek and Ms. Nakamaru shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished) (stating this rationale is even stronger where "the records could harm the competitive interests of third parties.").

[14] (Doc. No. 307.)

[15] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[16] (Doc. Nos. 164, 173.)

[17] (Doc. Nos. 165-2–165-7 (sealed).)

[18] (Doc. No. 153.)