UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 157, 167, 174, 180, 183, 189, 191, 195, 214, 228, 275, 277, 278) RELATED TO EAGLEVIEW'S MOTION TO AMEND AND FIRST AMENDED COMPLAINT** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties and nonparty GAF Materials LLC have filed motions to seal[1] various documents related to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") motion to amend the complaint[2] and EagleView's first amended complaint.[3] For the reasons explained below, the motions to seal are granted.

BACKGROUND

EagleView brought this action against Defendant Nearmap US, Inc., alleging infringement of patents related to rooftop aerial measurement technology. EagleView moved to amend its complaint to assert new claims against Nearmap, add related Nearmap entities as

---

[1] (Mots. to Seal, Doc. Nos. 157, 167, 174, 180, 183, 189, 191, 195, 214, 228, 275, 277, 278.)

[2] (Doc. No. 155.)

[3] (Doc. No. 274.)

1

defendants, and add GAF as a defendant.[4] In the alternative, EagleView sought to consolidate this case with its separate patent infringement case against GAF.[5] Nearmap and GAF opposed the motion,[6] and EagleView filed separate replies.[7] Nearmap later filed a notice of supplemental authority,[8] which EagleView moved to strike.[9]

The court granted EagleView's motion to amend in part, permitting EagleView to amend the complaint to add new claims against Nearmap US and to add related Nearmap entities as defendants.[10] But the court denied the request to add GAF as a defendant and declined to reconsider its prior order denying consolidation.[11] EagleView then filed its operative first amended complaint.[12]

The proposed sealed documents include certain exhibits to EagleView's motion to amend, proposed amended complaint, replies, and first amended complaint, as well as the portions of those filings which quote from or paraphrase the exhibits. EagleView moved to seal these documents solely because the exhibits were designated "attorneys' eyes only" by Nearmap,

---

[4] (*See* Pls.' Mot. for Leave to File an Am. Compl. or, in the Alternative, to Consolidate Cases ("EagleView Mot. to Am. Compl."), Doc. No. 155.)

[5] (*See id.*)

[6] (*See* Nearmap Opp'n, Doc. No. 175; GAF Resp., Doc. No. 176.)

[7] (Doc. Nos. 179, 182.)

[8] (Doc. No. 188.)

[9] (Doc. No. 199.)

[10] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl., Doc. No. 267.)

[11] (*See id.*)

[12] (Pls.' First Am. Compl., Doc. No. 274.)

GAF, or another nonparty, Primitive LLC d/b/a Pushpin.[13] Nearmap and GAF each filed motions to seal, arguing the exhibits and related filings contain confidential business information which would harm their competitive interests if disclosed.[14]

The proposed sealed documents also include portions of Nearmap's notice of supplemental authority and exhibits thereto, and portions of Nearmap's opposition to EagleView's motion to strike the notice. Nearmap moved to seal these documents solely based on EagleView's "attorneys' eyes only" designations.[15] EagleView moved to seal them based on the assertion that they contain EagleView's confidential business information.[16]

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[17] However, this right is "not absolute."[18] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[19] "The burden is on the party seeking to restrict access to show some significant

---

[13] (*See* EagleView Mots. to Seal, Doc. Nos. 157, 180, 183, 275.)

[14] (*See* Nearmap Mots. to Seal, Doc. Nos. 167, 191, 277; GAF Mots. to Seal, Doc. Nos. 174, 278.)

[15] (Nearmap Mots. to Seal, Doc. Nos. 189, 214.)

[16] (EagleView Mots. to Seal, Doc. Nos. 195, 228.)

[17] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[18] *Id.* (citation omitted).

[19] *Id.* (internal quotation marks omitted).

interest that outweighs the presumption."[20]  "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[21]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[22]  Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[23]  And this rationale is even stronger where "the records could harm the competitive interests of third parties."[24]

## ANALYSIS

### A. Documents Nearmap and GAF Seek to Seal

Nearmap and GAF contend certain exhibits to the motion to amend, replies, and first amended complaint (and portions of those filings discussing the exhibits) should be sealed because they contain confidential business information, including confidential information regarding their business relationships, business strategies, and products.[25]  These exhibits are a confidential "services agreement" between GAF and another entity,[26] emails and text messages

---

[20] *Id.* (internal quotation marks omitted).

[21] *Id.* at 1242 (alteration in original) (citation omitted).

[22] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[23] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[24] *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished).

[25] (*See* Nearmap Mots. to Seal, Doc. Nos. 167, 191, 277; GAF Mots. to Seal, Doc. Nos. 174, 278.)

[26] (Ex. D to EagleView Mot. to Am. Compl., Doc. No 158-4 (sealed).)

between Nearmap and GAF,[27] a document which appears to contain technical descriptions of how a product accused of infringement is generated,[28] and Nearmap's responses to certain interrogatories.[29] Nearmap and GAF contend their competitive interests would be harmed by public disclosure of these exhibits and the portions of related filings discussing them.

Nearmap and GAF have demonstrated these documents warrant sealing. Based on a review of the documents at issue, they contain at least some confidential information which could be competitively harmful if disclosed. This includes discussions of business strategy and practices, pricing, and technical descriptions of products. The redacted portions of related filings also describe business relationships which Nearmap and GAF contend are confidential, as well as technical descriptions of Nearmap and GAF products. Thus, Nearmap and GAF have articulated a significant interest weighing against disclosure.

This countervailing interest outweighs the presumption of public access to judicial records at this stage. Although the sealed documents include portions of EagleView's amended complaint, it is not yet clear whether the sealed information will be used to determine the parties' substantive legal rights. Indeed, the court's ruling on EagleView's motion to amend does not

---

[27] (Exs. F & G to EagleView Mot. to Am. Compl., Doc. Nos. 158-6, 158-7 (sealed).)

[28] (Ex. E to EagleView Mot. to Am. Compl., Doc. No. 158-5 (sealed); Ex. 31 to Pls.' Proposed First. Am. Compl., Doc. No. 159-1 (sealed) (same document); Ex. 31 to Pls.' First Am. Compl., Doc. No. 276-1 (sealed) (same document).) EagleView initially filed this document as an exhibit to the motion to amend and proposed amended complaint, and moved to seal it based solely on Pushpin's "attorneys' eyes only" designation. (*See* EagleView Mot. to Seal, Doc. No. 157.) Initially no other party moved to seal it. However, when EagleView later refiled it as an exhibit to the operative amended complaint, Nearmap moved to seal it, arguing it contains confidential business information. (*See* Nearmap Mot. to Seal, Doc. No. 277.) The court considers Nearmap's arguments for sealing this document, even though they were not raised the first time the document was filed.

[29] (Ex. J to EagleView Reply to Nearmap Opp'n to EagleView Mot. to Am. Compl., Doc. No. 181-1 (sealed).)

reference any of the sealed exhibits.[30] Further, EagleView publicly filed redacted versions of its motion to amend, replies, and amended complaint, redacting only the portions quoting from or discussing in detail the sealed information and exhibits. Thus, the majority of the motion briefing and amended complaint remain publicly accessible. Under these circumstances, Nearmap's and GAF's interests in maintaining the confidentiality of competitive business information outweighs the public interest in access at this stage of the case.[31]

### B. Documents EagleView Seeks to Seal

EagleView contends portions of Nearmap's notice of supplemental authority, certain exhibits thereto, and portions of Nearmap's opposition to EagleView's motion to strike the notice contain EagleView's confidential business information which would harm EagleView's competitive standing if disclosed.[32] The exhibits are internal emails and excerpts from the transcript of an EagleView officer's deposition.[33] EagleView asserts these emails contain business strategy discussions, and the deposition testimony discusses the same information.[34] EagleView seeks to seal the exhibits and the portions of the notice and opposition quoting from and discussing them.[35]

---

[30] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl. 4–8, Doc. No. 267.)

[31] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[32] (*See* EagleView Mots. to Seal, Doc. Nos. 195, 228.)

[33] (Exs. 1, 2, & 4 to Nearmap Notice of Suppl. Authority, Doc. Nos. 190-1, 190-2, 190-4.)

[34] (*See* Doc. No. 195.)

[35] (*See id.*; Doc. No. 228.)

EagleView has demonstrated these documents warrant sealing at this stage. A review of the exhibits confirms they contain some business strategy discussions, including EagleView's assessment of competitors, which could cause competitive harm if publicly disclosed. Thus, EagleView has articulated a significant interest weighing against public access. Further, the issues raised in the notice of supplemental authority are addressed only briefly in the court's order on the motion to amend, and the exhibits are not mentioned in that order.[36] It is unclear, at this point, whether these documents will be used to determine the parties' substantive legal rights. Under these circumstances, EagleView's interest in maintaining the confidentiality of competitive business information outweighs the public interest in access at this stage of the case.[37]

---

[36] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl. 4–8, Doc. No. 267.)

[37] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

CONCLUSION

The parties' motions to seal[38] documents related to EagleView's motion to amend and first amended complaint are granted. The documents[39] at issue shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[38] (Doc. Nos. 157, 167, 174, 180, 183, 189, 191, 195, 214, 228, 275, 277, 278.)

[39] The sealed documents are: EagleView's unredacted motion to amend the complaint and exhibits D, E, F, and G thereto, (Doc. No. 158 and attachments); EagleView's unredacted proposed amended complaint, redlined version of the same, and exhibit 31 thereto, (Doc. No. 159 and attachments); EagleView's unredacted reply to Nearmap's opposition and exhibit J thereto, (Doc. No. 181 and attachment); EagleView's unredacted reply to GAF's response, (Doc. No. 184); Nearmap's unredacted notice of supplemental authority and exhibits 1, 2, and 4 thereto, (Doc. No. 190 and attachments); Nearmap's unredacted opposition to EagleView's motion to strike the notice of supplemental authority, (Doc. No. 215); and EagleView's unredacted first amended complaint and exhibit 31 thereto, (Doc. No. 276 and attachment).