UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 193, 202, 207, 217, 235) AND GRANTING IN PART AND DENYING IN PART MOTION TO SEAL (DOC. NO. 231) RELATED TO EAGLEVIEW'S MOTION TO AMEND FINAL INFRINGEMENT CONTENTIONS** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] various documents related to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") motion to amend final infringement contentions.[2]  For the reasons explained below, the motions at docket numbers 193, 202, 207, 217, and 235 are granted, and the motion at docket number 231 is granted in part and denied in part.  Aside from an exhibit containing a deposition transcript excerpt which no party seeks to keep sealed, all other documents at issue shall remain sealed.

---

[1] (Mots. to Seal, Doc. Nos. 193, 202, 207, 217, 231, 235.)

[2] (Doc. No. 192.)

<u>LEGAL STANDARDS</u>

"Courts have long recognized a common-law right of access to judicial records."[3] However, this right is "not absolute."[4]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[5]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6]  "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"[8]  Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[9]  And this rationale is even stronger where "the records could harm the competitive interests of third parties."[10]

---

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[4] *Id.* (citation omitted).

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* at 1242 (alteration in original) (citation omitted).

[8] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[9] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[10] *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished).

<u>ANALYSIS</u>

**A.  Documents Nearmap Seeks to Seal**

Defendant Nearmap US, Inc. seeks to seal portions of EagleView's motion to amend final infringement contentions and reply, and certain exhibits to the motion, opposition, and reply.[11]  The exhibits are Nearmap's responses to certain interrogatories,[12] internal Nearmap emails,[13] a "SkyMeasure" roof report,[14] Nearmap's internal roofing industry analysis,[15] and a partial transcript from an October 31, 2022 hearing on a discovery motion.[16]  Nearmap contends these exhibits, and the portions of the motion and reply quoting from them or discussing them in detail, contain confidential business information and technical information which would harm Nearmap's competitive interests if disclosed.[17]  EagleView moved to seal these documents solely because Nearmap designated them "attorneys' eyes only,"[18] and it did not oppose Nearmap's motions to seal them.

Nearmap has demonstrated these documents warrant sealing.  Based on a review of the documents at issue, they contain at least some confidential information which could be

---

[11] (*See* Nearmap Mots. to Seal, Doc. Nos. 202, 207, 235.)

[12] (Exs. 1 & 3 to EagleView Mot. to Am. Final Infringement Contentions, Doc. Nos. 194-1, 194-3 (sealed).)

[13] (Ex. 4 to EagleView Mot. to Am. Final Infringement Contentions, Doc. No. 194-4 (sealed).)

[14] (Ex. 5 to EagleView Mot. to Am. Final Infringement Contentions, Doc. No. 194-5 (sealed).)

[15] (Ex. 6 to Nearmap Opp'n to EagleView Mot. to Am. Final Infringement Contentions, Doc. No. 208-6 (sealed).)

[16] (Ex. 6 to EagleView Reply in Support of Mot. to Am. Final Infringement Contentions, Doc. No. 232-6 (sealed).)

[17] (*See* Nearmap Mots. to Seal, Doc. Nos. 202, 207, 235.)

[18] (*See* EagleView Mots. to Seal, Doc. Nos. 193, 231.)

competitively harmful if disclosed.  This includes confidential information regarding Nearmap's business strategy and practices, technical descriptions of products, and confidential information regarding Nearmap's customers and partnerships with other entities.  Further, the sealed partial transcript reflects the portion of the October 31, 2022 hearing which was closed to the public and party representatives due to discussion of "attorneys' eyes only" information—including confidential information regarding Nearmap's customers, business partnerships, and products.  Thus, Nearmap has articulated a significant interest weighing against disclosure.

This countervailing interest outweighs the presumption of public access to judicial records at this stage.  The sealed documents relate to a motion to amend final contentions, not dispositive motions—and it is not yet clear whether the sealed information will be used to determine the parties' substantive legal rights.  Further, the parties publicly filed redacted versions of the motion and reply, redacting only the portions quoting from or discussing in detail the sealed information and exhibits.[19]  Indeed, Nearmap filed a redacted version of EagleView's motion with fewer redactions than EagleView's initial version,[20] thereby consenting to unseal some information which was not truly confidential.  And neither Nearmap's opposition nor the court's order on the motion to amend final contentions contain any redactions.[21]  Thus, the majority of the briefing and the entirety of the order remain publicly accessible.  Under these

---

[19] (*See* Doc. Nos. 192, 201, 230.)

[20] (*See* Doc. No. 201.)

[21] (*See* Doc. Nos. 206, 305.)

circumstances, Nearmap's interests in maintaining the confidentiality of competitive business information outweighs the public interest in access to these documents at this stage of the case.[22]

### B.  Documents EagleView Seeks to Seal

EagleView seeks to seal portions of its reply quoting a settlement agreement between EagleView and nonparties Verisk Analytics, Inc. and Xactware Solutions, Inc. (collectively, "Verisk").[23]  EagleView also seeks to seal exhibit 3 to Nearmap's opposition, which is an "integration agreement" between EagleView and Verisk entered into contemporaneously with the settlement.[24]  EagleView contends the settlement agreement and integration agreement contain confidential business information which would harm the competitive interests of both EagleView and Verisk if disclosed.[25]

EagleView has demonstrated these documents warrant sealing.  The court has previously determined the Verisk settlement agreement and related negotiation communications warrant sealing,[26] based on detailed information regarding confidentiality and competitive harm provided by both EagleView and Verisk in a prior motion to seal.[27]  Similarly, the integration agreement contains confidential business information of both EagleView and Verisk which could cause

---

[22] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[23] (*See* EagleView Mot. to Seal, Doc. No. 231; EagleView Reply, Doc. Nos. 230 (redacted), 232 (sealed).)

[24] (*See* EagleView Mot. to Seal, Doc. No. 217; Ex. 3 to Nearmap Opp'n, Doc. No. 208-3 (sealed).)

[25] (*See* EagleView Mots. to Seal, Doc. Nos. 217, 231.)

[26] (*See* Doc. No. 307.)

[27] (*See* EagleView Renewed Mot. to Seal, Doc. Nos. 236 (redacted), 238 (sealed).)

competitive harm if disclosed.  Further, the court did not mention or cite the Verisk settlement

agreement or integration agreement in its order on the motion to amend final infringement

contentions.[28]  Thus, the public's interest in access is minimal.  Under these circumstances,

EagleView's and Verisk's countervailing interest in protecting confidential business information

outweighs the presumption of public access at this stage.[29]

### C.  Excerpt of Dormeyer Deposition Transcript

Exhibit 5 to EagleView's reply is an excerpt of EagleView officer Piers Dormeyer's

deposition transcript.[30]  EagleView moved to seal this exhibit solely because it contains

discussion of information which EagleView believed Nearmap had designated "attorneys' eyes

only."[31]  But although Nearmap moved to seal another exhibit to the reply,[32] Nearmap did not

move to seal this exhibit.  Where the designating party does not seek to seal it, and no party has

articulated a significant interest outweighing the presumption of public access, this exhibit shall

be unsealed.[33]  EagleView's motion to seal at docket number 231 is denied as to this exhibit

only.

---

[28] (*See* Doc. No. 305.)

[29] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[30] (Ex. 5 to EagleView Reply, Doc. No. 232-5.)

[31] (*See* EagleView Mot. to Seal, Doc. No. 231.)

[32] (*See* Nearmap Mot. to Seal, Doc. No. 235.)

[33] *See* DUCivR 5-3(b)(2)(C)(i) (stating if the sole reason for filing documents under seal is another party's designation, the designating party must move to seal them within seven days or they "may be unsealed without further notice").

<u>CONCLUSION</u>

EagleView's motion to seal at docket number 231 is denied only as to exhibit 5 to EagleView's reply in support of the motion to amend final infringement contentions.  The clerk of court is directed to unseal this exhibit.[34]

The motion at docket number 231 is otherwise granted, and the motions to seal at docket numbers 193, 202, 207, 217, and 235 are also granted.  All other documents[35] at issue shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[34] (Doc. No. 232-5.)

[35] The sealed documents are: EagleView's unredacted motion to amend final infringement contentions and exhibits 1, 3, 4, and 5, thereto, (Doc. No. 194 and attachments and Doc. No. 203); exhibits 3 and 6 to Nearmap's opposition to the motion, (Doc. No. 208 and attachments); EagleView's unredacted reply, (Doc. No. 232); and exhibit 6 to the reply, (Doc. No. 232-6).