UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 197, 204, 210, 226, 233) AND GRANTING IN PART AND DENYING IN PART MOTION TO SEAL (DOC. NO. 223) RELATED TO EAGLEVIEW'S DISCOVERY MOTION REGARDING THE DEPOSITION OF TONY AGRESTA** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] certain exhibits and portions of the briefing related to Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") discovery motion[2] regarding the deposition of Tony Agresta, an officer of Defendant Nearmap US, Inc. For the reasons explained below, the motions to seal at docket numbers 197, 204, 210, 226, and 233 are granted, and the motion to seal at docket number 223 is granted in part and denied in part. Aside from an exhibit containing emails between counsel which no party seeks to keep sealed,[3] all other documents at issue shall remain sealed.

---

[1] (Doc. Nos. 197, 204, 210, 223, 226, 233.)

[2] (Doc. No. 196.)

[3] (Ex. A to EagleView Mot. to Suppl. the Record in Support of Short Form Disc. Mot. to Compel Cont'd Dep. of Tony Agresta ("EagleView Mot. to Suppl."), Doc. No. 224-1.)

1

LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[4] However, this right is "not absolute."[5] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[6] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[7] "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[8]

ANALYSIS

The parties seek to seal exhibits B and C to EagleView's discovery motion regarding Mr. Agresta's deposition;[9] exhibits 3 and 6 to Nearmap's opposition;[10] exhibits A through D to EagleView's motion to supplement the record in support of the discovery motion;[11] and exhibits 1 and 2 to Nearmap's opposition to the motion to supplement.[12] These exhibits include excerpts from the depositions of Mr. Agresta and another Nearmap officer, Tom Celinski; internal Nearmap emails regarding an accused product; documents outlining Nearmap's business strategy

---

[4] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[5] *Id.* (citation omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* (internal quotation marks omitted).

[8] *Id.* at 1242 (alteration in original) (citation omitted).

[9] (Doc. Nos. 198-2, 198-3 (sealed).)

[10] (Doc. Nos. 211-3, 211-6 (sealed).)

[11] (Doc. Nos. 224-1–224-4 (sealed).)

[12] (Doc. Nos. 227-1, 227-2 (sealed).)

and commercial relationships; Nearmap's responses to certain requests for admission; and emails between the parties' counsel.

EagleView moved for leave to file the exhibits to EagleView's motions under seal solely because Nearmap designated them "attorneys' eyes only."[13] Nearmap does not seek to seal the emails between counsel (exhibit A to EagleView's motion to supplement).[14] But Nearmap contends the other exhibits to EagleView's motions and Nearmap's oppositions contain confidential business information which would harm Nearmap's competitive interests if disclosed.[15]

Because the emails between counsel were initially filed under seal solely based on Nearmap's designation, and Nearmap does not seek to seal them, exhibit A[16] to EagleView's motion to supplement shall be unsealed.[17] EagleView's motion to seal at docket number 223 is denied as to this exhibit only.

Nearmap has demonstrated the other exhibits warrant sealing at this stage. These exhibits merely relate to a discovery dispute; they have not been used to determine the litigants' substantive legal rights. Although the court's order on the discovery motion and motion to

---

[13] (*See* EagleView Mots. to Seal, Doc. Nos. 197, 223.)

[14] (*See* Nearmap Mot. to Seal, Doc. No. 233 (seeking to seal only exhibits B, C, and D to EagleView's motion to supplement).)

[15] (*See* Nearmap Mots. to Seal, Doc. Nos. 204, 210, 226, 223.)

[16] (Doc. No. 224-1.)

[17] *See* DUCivR 5-3(b)(2)(C)(i) (stating if the sole reason for filing documents under seal is another party's designation, the designating party must move to seal them within seven days or they "may be unsealed without further notice").

supplement refers to some of these exhibits, it does not discuss their contents in detail.[18] Thus, the public's interest in access to these documents is low at this stage. Further, Nearmap has articulated a significant countervailing interest in protecting its confidential business information from disclosure to competitors.[19] Based on a review of the sealed exhibits, it is apparent they contain some contain confidential business information which could cause competitive harm if disclosed. This countervailing interest outweighs the presumption of public access here, where the proposed sealed documents relate only to a discovery dispute and were not discussed in detail in the court's ruling.[20]

## CONCLUSION

EagleView's motion to seal at docket number 223 is denied only as to exhibit A to EagleView's motion to supplement. The clerk of court is directed to unseal this exhibit.[21]

---

[18] (*See* Doc. No. 295.)

[19] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[20] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights.

[21] (Doc. No. 224-1.)

The motion at docket number 223 is otherwise granted, and the motions to seal at docket numbers 197, 204, 210, 226, and 233 are also granted. All other exhibits at issue[22] shall remain sealed until otherwise ordered.

DATED this 9th day of June, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[22] (Doc. Nos. 198-2, 198-3, 211-3, 211-6, 224-2, 224-3, 224-4, 227-1, 227-2.)