UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO SEAL (DOC. NOS. 243, 259, 261, 264, 273) RELATED TO NEARMAP'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:21-cv-00283<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties and nonparty GAF Materials LLC have filed motions to seal[1] portions of the briefing related to Defendant Nearmap US, Inc.'s motion for summary judgment[2] and all related exhibits. For the reasons explained below, the motions are granted.

<u>LEGAL STANDARDS</u>

"Courts have long recognized a common-law right of access to judicial records."[3] However, this right is "not absolute."[4] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in

---

[1] (Doc. Nos. 243, 259, 261, 264, 273.)

[2] (Doc. No. 246.)

[3] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[4] *Id.* (citation omitted).

1

access."[5]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6]  "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'"  Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.  And this rationale is even stronger where "the records could harm the competitive interests of third parties."

## ANALYSIS

Nearmap seeks to seal portions of its motion for summary judgment and all attached exhibits, portions of the opposition filed by Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.'s (collectively, "EagleView") and all attached exhibits, and portions of Nearmap's reply and attached exhibit.[8]  Nearmap contends these documents contain sensitive business information and technical information regarding Nearmap's products which would cause competitive harm if publicly disclosed.  Similarly, GAF seeks to seal certain exhibits to EagleView's opposition, arguing these exhibits contain sensitive business information such as identities of GAF's suppliers, pricing information, and business strategy information.[9]  EagleView moved to seal portions of its opposition and the exhibits based on "attorneys' eyes

---

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Id.* at 1242 (alteration in original) (citation omitted).

[8] (*See* Nearmap Mots. to Seal, Doc. Nos. 243, 261, 264.)

[9] (*See* GAF Mot. to Seal, Doc. No. 273.)

2

only" designations by Nearmap, GAF, and other nonparties,[10] and EagleView did not oppose Nearmap's and GAF's motions to seal.

Nearmap and GAF have demonstrated the exhibits and portions of the briefing on Nearmap's motion for summary judgment warrant sealing at this stage. A review of these documents confirms they contain detailed, technical information regarding Nearmap's and GAF's products, as well as other sensitive business information which could cause competitive harm if disclosed. Thus, Nearmap and GAF have articulated a significant interest weighing against the presumption of public access. The public's interest in access is heightened where these documents are filed in connection with a dispositive motion. Nevertheless, the court has not ruled on the summary judgment motion, and it remains to be seen whether and to what extent each of these documents will be used to determine the parties' substantive legal rights. Further, the redactions in the briefing appear narrowly tailored, and significant portions of the briefing remain publicly accessible. Under these circumstances, Nearmap's and GAF's interests in protecting confidential business information from competitors outweighs the public interest in access at this stage.[11]

---

[10] (EagleView Mot. to Seal, Doc. No. 259.)

[11] This determination may be revisited if the documents are later used to determine the parties' substantive legal rights. Accordingly, GAF's request to seal the exhibits "permanently" is denied.

CONCLUSION

The motions to seal[12] documents related to Nearmap's motion for summary judgment are granted. The documents[13] at issue shall remain sealed until otherwise ordered.

DATED this 23rd day of June, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[12] (Doc. Nos. 243, 259, 261, 264, 273.)

[13] The sealed documents are: Nearmap's unredacted motion for summary judgment and all exhibits thereto, (Doc. No. 247 and attachments); EagleView's unredacted opposition and all exhibits thereto, (Doc. No. 260 and attachments); and Nearmap's unredacted reply and the exhibit thereto, (Doc. No. 265 and attachment).