Brent O. Hatch (5715)
Hatch Law Group, PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendants – Additional counsel listed in signature*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP LTD, <br><br> *Defendants*. | **NEARMAP'S RESPONSE TO EAGLEVIEW'S MOTION TO AMEND SECOND AMENDED PATENT CASE SCHEDULING ORDER** <br><br> Case No.: 2:21-cv-00283(TS)(DAO) <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

Fact discovery closed in this action on January 13, 2023. The parties agree that fact discovery should be reopened for good cause based on the addition of new claims and defenses since then. The parties also agree on most aspects of the amended scheduling order. But Nearmap disagrees in four respects with the schedule that EagleView proposed in its Motion to Amend Second Amended Patent Case Scheduling Order (Dkt. 317) (the "Motion").[1]

As an initial matter, the parties agree that there is good cause justifying amendment of the case scheduling order to permit fact discovery as to the following newly-asserted claims and defenses: (1) EagleView's infringement claims as to five new patents, including two that are unrelated to the originally-asserted patents (Dkt. 276); (2) EagleView's two new claims of trade secret misappropriation (*id.*); (3) Nearmap's affirmative defenses of patent misuse (Dkt. 287); and (4) EagleView's allegations of infringement by the newly accused products HyperPod, HyperCamera1, HyperCamera2, HyperCamera3, Nearmap AI (Dkt. 276), and the CoreLogic SkyMeasure product (Dkt. 305) for which EagleView has agreed Nearmap can take discovery during the new fact discovery period. Nearmap also agrees that the continued deposition of Tony Agresta (Dkt. 295) will take place during this new fact discovery period.

The parties have four disputes. ***First,*** the parties dispute whether the deadlines for the parties' first exchange of contentions should be set for: (i) July 28 for EagleView's contentions and August 11 for Nearmap's contentions (EagleView's position) or (ii) August 11 for EagleView's contentions and August 25 for Nearmap's contentions (Nearmap's position). The

---

[1] EagleView hastily filed its motion to amend before the parties completed the meet and confer process, including before Nearmap could raise the issue of Nearmap counsel's conflicting trial schedule and supplementation of the attorney planning meeting report as discussed below.

two-week difference between the parties' respective proposals is meaningful to Nearmap because three of the six members of Nearmap's legal team (Nick Groombridge, Jennifer Wu, and Kyle Bersani) are beginning a trial next week in Delaware with deadlines that conflict with the immediate weeks leading up to EagleView's proposed August 11 deadline for Nearmap's contentions. Ordering Nearmap to prepare its contentions when its lead counsel are unavailable would prejudice Nearmap given the breadth of Nearmap's contentions due on that date, covering 11 patents and 9 accused products. What Nearmap would be required to serve on that date are: (1) Nearmap's non-infringement, unenforceability, and invalidity contentions for the newly asserted '648 and '657 patents, (2) supplemental final non-infringement, unenforceability, and invalidity contentions for the newly asserted '436, '840, and '376 patents, and (3) supplemental final non-infringement, unenforceability, and invalidity contentions for the '960, '568, '961, '737, '152, and '149 patents as to the newly-accused CoreLogic SkyMeasure product. By contrast, EagleView has not identified prejudice from Nearmap's proposed dates. Nor is there any given that EagleView has not served infringement contentions yet for any of the new patents.[2]

*Second,* the parties dispute whether the close of fact discovery should be: (i) on December 15, 2023 or five months from now (EagleView's position) or (ii) March 15, 2024 or eight months from now (Nearmap's position). Nearmap's proposal takes into account the need for Nearmap to produce and take discovery as to the new claims, defenses and subject matter.

---

[2] EagleView incorrectly argues that a shorter discovery period is appropriate because it has already served infringement contentions for the newly asserted patents (the '436, '840, and '376 patents). Mot. at 3. EagleView has not done so.

Without sufficient opportunity to produce and take such discovery, which is how EagleView would have it, Nearmap will be prejudiced in its ability to present its defenses to the new claims.

Having added a slew of new patents against a broad array of Nearmap's products and other non-patent claims, EagleView cannot justify—and does not offer a cognizable reason for—compressing the discovery period to five months. And EagleView's proposal is contrary to the standard schedule of the Local Patent Rules provides for approximately eight months of discovery. *See* LPR 1.3, 2-4. Indeed, with respect to the originally-asserted patent claims, the fact discovery period lasted more than one year (from December 6, 2021 to January 13, 2023). EagleView should not be allowed to cut off Nearmap's rights to defend itself by confining Nearmap's ability to take discovery to a time period that is less than half of what was required for discovery as to the originally-asserted claims.

EagleView's attempt to take away three months of the standard discovery period deprives Nearmap of its ability to take discovery on all the new claims and defenses including taking discovery from third parties such as CoreLogic and providing deposition testimony from witnesses who are based in Australia. For example, EagleView now asserts the '648 and '657 patents, two of the newly-added patents, against HyperPod, HyperCamera1, HyperCamera2, HyperCamera 3, and Nearmap AI, all newly accused products that were not the subject of prior discovery. Additionally, EagleView now alleges infringement of six patents by CoreLogic's SkyMeasure product that was not the subject of discovery during the original fact discovery period (with the expectation that EagleView will allege infringement of at least three more patents). And EagleView also asserts two trade secret misappropriation claims for the first time. Further, Nearmap will need to take discovery on its patent misuse defenses that were recently

3

added to the case.  Nearly all of this subject matter is new to the case and more than five months is required for the parties to complete discovery.

***Third***, the parties dispute whether fact discovery should start: (i) on July 5 (EagleView's position) or (ii) upon entry of the amended scheduling order (Nearmap's position).  Because July 5 has already passed, Nearmap proposes starting discovery upon entry of an amended scheduling order.  EagleView cannot claim prejudice because it has not even served discovery yet and, in fact, delayed negotiating the schedule past the parties' original proposed start dates for discovery in late June.

***Fourth,*** the parties dispute whether: (i) there should be no deadline for a supplemental attorney planning meeting report to address discovery limits for the new claims (EagleView's position) or (ii) the parties should supplement their LPR 1.2 attorney planning meeting report within ten days of the start of discovery (Nearmap's position).  For the purposes of efficient case management, Nearmap submits that the parties should revisit and supplement their attorney planning meeting report to determine the appropriate discovery limits for the new claims and defenses.  This is consistent with the directive of the Local Patent Rules, which require an initial attorney planning meeting report as part of "a standard structure for patent cases that will permit greater predictability and planning for the court and the litigants."  LPR Preamble.  Nearmap's position is also reasonable given that EagleView has already used 24.5 of the agreed-upon 25 hours of deposition time and served more than the originally allotted twenty Rule 30(b)(6) deposition topics. Furthermore, EagleView has changed its lawyers several times in this action (across three different law firms) such that its current outside counsel is not the same counsel that

negotiated the attorney planning meeting report. Thus, requiring the attorney planning meeting report would have the added benefit of the current counsel's views on the case.

## **CONCLUSION**

Accordingly, Nearmap respectfully requests that the Court enter an amended case scheduling order adopting Nearmap's proposal which is set forth in the righthand column below.

| **Deadline for Discovery as to the Newly-Asserted Claims** | **EagleView Proposal** | **Nearmap Proposal** |
|---|---|---|
| Fact discovery begins | 7/5/2023 | Upon entry of scheduling order |
| Deadline to submit attorney planning meeting report | No proposal | 10 days after entry of scheduling order |
| Deadline for EV to serve initial infringement contentions for '648 and '657 Patents and supplemental final infringement contentions for '436, '840, and '376 Patents | 7/28/2023 | 8/11/2023 |
| Deadline for Nearmap to serve initial non-infringement, unenforceability, and invalidity contentions for '648 and '657 Patents and supplemental final non-infringement, unenforceability, and invalidity contentions for '436, '840, and '376 Patents and for '960, '568, '961, '737, '152, and '149 Patents as to the newly-accused CoreLogic SkyMeasure product | 8/11/2023 | 8/25/2023 |
| Deadline for EV to serve final infringement contentions for '648 and '657 Patents | 10/4/2023 | 12/15/2023 |
| Final date to seek stay pending post-grant proceedings in the Patent Office as to the new asserted patents | 10/4/2023 | 12/15/2023 |

| Deadline for Discovery as to the Newly-Asserted Claims | EagleView Proposal | Nearmap Proposal |
|---|---|---|
| Deadline for Nearmap to serve final unenforceability and invalidity contentions for '648 and '657 Patents | 10/18/2023 | 1/19/2024 |
| Deadline for Nearmap to serve final non-infringement contentions for '648 and '657 Patents | 11/1/2023 | 2/2/2024 |
| Deadline to serve written discovery before close of fact discovery | 11/15/2023 | 2/14/2024 |
| Parties exchange proposed claim terms and claim constructions | 11/15/2023 | 2/16/2024 |
| Deadline to reach agreement on submitting no more than ten terms for construction | 11/22/2023 | 2/23/2024 |
| Close of fact discovery before claim construction | 12/15/2023 | 3/15/2024 |
| Deadline to file opening cross-motions for claim construction and joint appendix; deadline to file dispositive motions required to be filed with claim construction | 12/20/2023 | 3/22/2024 |
| Deadline to file simultaneous responsive claim construction briefs; deadline to file opposition to dispositive motions filed with claim construction | 1/17/2024 | 4/19/2024 |
| Deadline to file joint claim construction chart and status report | 1/24/2024 | 4/26/2024 |
| Deadline to file reply to dispositive motions filed with claim construction; | 1/31/2024 | 5/3/2024 |
| Deadline to submit technology tutorial to the Court | 1/31/2024 | 5/3/2024 |
| Disclosure of intent to rely on opinions of counsel and materials in support | 7 days after Claim Construction Order ("CCO") (LPR 1.3(c) – Day 7 / Week 1) | |

6

| Deadline for Discovery as to the Newly-Asserted Claims | EagleView Proposal | Nearmap Proposal |
|---|---|---|
| Deadline to file motion for additional discovery; EV to file new proposed scheduling order for Court to set trial deadlines by order or through a case management conference | 14 days after CCO (LPR 1.3(b), 1.2 – Day 14/ Week 2) | |
| Parties bearing burden of proof serve opening expert reports | 28 days after CCO (LPR 5.1(b) – Day 28/ Week 4) | |
| Parties serve counter expert reports | 56 days after CCO (LPR 5.1(c) – Day 56/ Week 8) | |
| Close of expert discovery | 91 days after CCO (LPR 5.2 – 35 days after counter expert reports: Day 91/ Week 13) | |
| Deadline for filing partial or complete motions to exclude expert testimony | 105 days after CCO (consistent with prior scheduling order) | |
| Deadline for filing dispositive or potentially dispositive motions | 119 days after CCO (LPR 6.1 – 28 days after close of expert discovery: Day 119/ Week 17) | |
7

Submitted this 12th day of July, 2023

By: */s/ Brent O. Hatch*
Brent O. Hatch
HATCH LAW GROUP, PC

Nicholas Groombridge
Jennifer H. Wu
Jenny C. Wu
Jennifer Rea Deneault
Scott E. Miller
Kyle Bersani
GROOMBRIDGE, WU,
  BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, New York 10017
332-269-0030 (telephone)
nick.groombridge@groombridgewu.com
jennifer.wu@groombridgewu.com
jenny.wu@groombridgewu.com
jenna.deneault@groombridgewu.com
scott.miller@groombridgewu.com
kyle.bersani@groombridgewu.com

*Attorneys for Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, Nearmap Ltd*