Brent O. Hatch (5715)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendants – Additional counsel listed in signature*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> *Defendants*. | **DEFENDANTS' MOTION TO SEAL DOCUMENTS PURSUANT TO DUCivR 5-3** <br><br> **Seal Nearmap's Short Form Discovery Motion to Compel Responses to Requests for Production Nos. 41–46, 47–49, and 51 and Exhibits 3–7 Thereto** <br><br> Case No.: 2:21-cv-00283(TS)(DAO) <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

Pursuant to DUCivR 5-3, Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Pty Ltd (collectively, "Nearmap") respectfully move this Court for leave to file under seal Nearmap's Short Form Discovery Motion to Compel Responses to Requests for Production Nos. 41–46, 47–49, and 51 ("the Motion") and Exhibits 3–7 thereto.

### INTRODUCTION AND BACKGROUND

The Court may at any time order all or a portion of the documents filed in a pending civil case to be sealed for good cause. Whether good cause exists in a particular case is a matter left to the sound discretion of the Court. In the exercise of this discretion, there is good cause for the

Court to seal documents when the public's right of access is outweighed by competing interests and when these documents are sources of business information that might harm a party's competitive standing if revealed to the public.

The sole basis for proposing that the Motion and Exhibits 3, 6, and 7 thereto be sealed is that Plaintiffs EagleView Technologies, Inc. and Pictometry International, Corp. (collectively, "EagleView") have designated the information as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order. *See* DUCivR 26-2; DUCivR 5-3(b)(2)(C)(i).

Should EagleView seek to have the Confidential Materials remain under seal under DUCivR 5-3(b), Defendants respectfully request that the Court enter an order restricting public access to and/or sealing the Motion and Exhibits 3, 6 and 7 thereto.

As to Exhibits 4 and 5, there is good cause to enter an order restricting public access to, and/or sealing Exhibits 4 and 5 to the Motion. Specifically, the Court should restrict public access because Nearmap's countervailing interest in preserving the confidentiality of its commercially sensitive business information outweighs the limited public interest in access. Exhibits 4 and 5 contain sensitive technical information that is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order. *See* DUCivR 26-2. Accordingly, Nearmap requests the Court seal this document pursuant to DUCivR 5-3.

Exhibits 4 and 5 to the Motion contain commercially sensitive information that may be damaging to Nearmap if made available to the public, including their competitors. Thus, the

Court should afford limited weight to the presumption of public access under the circumstances. There are countervailing interests that outweigh the public's limited interest in access to Exhibits 4 and 5 to the Motion filed in this private commercial dispute.

**ARGUMENT**

## I.     Exhibits 3, 6 and 7 Should Be Filed Under Seal

The sole basis for proposing that the Motion and Exhibits 3, 6 and 7 thereto be sealed is that Plaintiffs EagleView Technologies, Inc. and Pictometry International, Corp. (collectively, "EagleView") have designated the information as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order.  *See* DUCivR 26-2; DUCivR 5-3(b)(2)(C)(i). Should EagleView seek to have the Confidential Materials remain under seal under DUCivR 5-3(b), Defendants respectfully request that the Court enter an order restricting public access to and/or sealing the Motion and Exhibits 3, 6 and 7 thereto.

## II.     Exhibits 4 and 5 Should Be Filed Under Seal

Good cause also exists for the Court to seal Exhibits 4 and 5 to the Motion. The Court may at any time order all or a portion of the documents filed in a pending civil case to be sealed for good cause.  DUCivR 5-3.  "[A] court, in its discretion, may seal documents 'if the public's right of access is outweighed by competing interests.'"  *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).  "Documents can only be sealed on motion and with a showing of 'good cause.'"  *AH Aero Serv., LLC v. Heber City*, Case No. 2:17-CV-01118, 2020 WL 6135819, at *2 (D. Utah Oct. 19, 2020).  There is good cause for the Court to seal documents that "contain information that is highly sensitive and of a proprietary nature."  *Braun v. Medtronic Sofamor*

3

*Danek, Inc.*, 719 Fed. Appx. 782, 801 n.8 (10th Cir. 2017) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Further, "the public's right of access is outweighed by" the possible competitive harm to Nearmap from public disclosure of its commercially sensitive information. Finally, the relief sought through this motion is narrowly tailored under the circumstances because Nearmap does not seek to seal the entire case.

Because there are compelling reasons to keep under seal Exhibits 4 and 5 to the Motion containing confidential information, and because Nearmap is requesting to seal only the documents necessary to protect Nearmap's substantial commercial interests, Exhibits 4 and 5 to the Motion should be sealed.

**CONCLUSION**

For the foregoing reasons, Nearmap respectfully requests leave to file Exhibits 3, 4, 5, 6, and 7 to the Motion under seal. Nearmap further requests that the Court enter an Order restricting public access to and/or sealing Exhibits 3, 4, 5, 6, and 7 to the Motion. And because the Motion contains information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by EagleView, the Motion should be sealed for the same reasons as set forth above with respect to Exhibits 3, 6, and 7.

Submitted this 29th day of November 2023

By:   */s/ Brent O. Hatch*
Brent O. Hatch
HATCH LAW GROUP, PC

*Of Counsel:*
Nicholas Groombridge
Jennifer H. Wu
Jenny C. Wu
Jennifer Rea Deneault
Michael Milea
Allison Penfield
Scott E. Miller
Kyle Bersani
GROOMBRIDGE, WU,
  BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, New York 10017
332-269-0030 (telephone)
nick.groombridge@groombridgewu.com
jennifer.wu@groombridgewu.com
jenny.wu@groombridgewu.com
jenna.deneault@groombridgewu.com
mike.milea@groombridgewu.com
allison.penfield@groombridgewu.com
scott.miller@groombridgewu.com
kyle.bersani@groombridgewu.com

*Attorneys for Nearmap US, Inc.,*
*Nearmap Australia Pty Ltd, and Nearmap*
*Ltd*