UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF EXECUTIVE CHAIRMAN CHRIS JURASEK (DOC. NO. 346)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") move for a protective order to prevent Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Ltd. (collectively, "Nearmap") from deposing EagleView's Executive Chairman, Chris Jurasek.[1] EagleView argues this deposition is unjustified under Rule 26 of the Federal Rules of Civil Procedure and the apex doctrine.[2] Nearmap, on the other hand, contends Mr. Jurasek has unique, personal knowledge relevant to this case which justifies deposing him.[3] As explained below, because

---

[1] (Pls.' Mot. for an Automatic Stay and a Protective Order Precluding the Dep. of Executive Chairman Chris Jurasek ("Mot."), Doc. No. 346.)

[2] (*See id.*; Reply in Supp. of Pls.' Mot. for an Automatic Stay and a Protective Order Precluding the Dep. of Exec. Chairman Chris Jurasek, Doc. No. 367.)

[3] (Nearmap's Opp'n to Pls.' Mot. for a Protective Order Precluding the Dep. of Chris Jurasek ("Opp'n"), Doc. No. 353.)

1

Nearmap has demonstrated Mr. Jurasek has unique, personal knowledge relevant to Nearmap's patent misuse defense, and EagleView has not shown other circumstances warrant preventing him from being deposed, EagleView's motion for a protective order is denied.

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure permits the court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] Under Rule 26(b), the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[5]

The apex doctrine allows a court to protect a high-level corporate executive from the burdens of a deposition when any of the following circumstances exist:

> (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company.[6]

"[T]he party seeking to depose an executive bears an initial burden of making some showing that the executive has unique personal knowledge of some relevant issues."[7] "Upon such a showing, the burden shifts to the executive to demonstrate by evidence that he in fact has no unique

---

[4] Fed. R. Civ. P. 26(c)(1).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. 11-cv-01528-REB-KLM, 2011 U.S. Dist. LEXIS 68940, at *3 (D. Colo. June 27, 2011) (unpublished).

[7] *Id.* at *4 (internal quotation marks omitted).

personal knowledge or that there exists one of the other three circumstances under which requiring him to sit for a deposition is inappropriate."[8]

## BACKGROUND

EagleView brought this action against Nearmap alleging infringement of patents related to rooftop aerial measurement technology.[9] EagleView later settled a separate infringement action against Xactware Solutions, Inc. and Verisk Analytics, Inc. (collectively, "Verisk") involving related patents. After receiving the settlement agreement and related documents in discovery, Nearmap moved to amend its pleadings to add a patent misuse defense based on the Verisk settlement.[10] While this motion was pending, EagleView filed a motion for a protective order to prevent Nearmap from deposing Mr. Jurasek, who at that time was EagleView's CEO.[11] Nearmap argued Mr. Jurasek had personal knowledge regarding the Verisk settlement which was relevant to Nearmap's proposed patent misuse defense and to calculation of damages for EagleView's existing claims.[12] The court granted EagleView's motion for a protective order because (1) Nearmap had not yet been granted leave to assert a patent misuse defense, and (2)

---

[8] *Id.*

[9] (*See* Compl. ¶¶ 1–2, Doc. No. 2.)

[10] (*See* Mot. for Leave to File First Am. Answer and Countercls., Doc. No. 101.)

[11] (*See* Pls.' Short Form Disc. Mot. for a Protective Order Precluding Deps. of CEO Chris Jurasek and Gen. Counsel Kim Nakamaru ("First Mot. for Protective Order"), Doc. No. 153.)

[12] (Def.'s Opp'n to First Mot. for Protective Order, Doc. No. 163.)

3

Nearmap failed to demonstrate Mr. Jurasek had unique, personal knowledge of valuation of the patents relevant to calculation of damages.[13]

Thereafter, Nearmap's motion to amend was granted[14] and Nearmap filed an amended pleading asserting a patent misuse defense.[15] Nearmap's amended pleading alleges EagleView impermissibly broadened the scope of its patents by conditioning the settlement on Verisk's agreement to stop selling certain unaccused products that compete with EagleView.[16] Nearmap also alleges the settlement had anticompetitive effects.[17] After amending its pleading, Nearmap renewed its efforts to depose Mr. Jurasek, and EagleView filed the instant motion for a protective order.[18]

## ANALYSIS

Applying the apex doctrine factors set forth above, EagleView is not entitled to a protective order preventing Mr. Jurasek from being deposed.

---

[13] (*See* Mem. Decision and Order Granting Pls.' Short Form Mot. for a Protective Order 5–7, Doc. No. 221.)

[14] (*See* Mem. Decision and Order Granting Def.'s Mot. for Leave to File First Am. Answer and Countercls., and Granting in Part and Den. in Part Pls.' Mot. for Leave to File an Am. Compl. ("Order on Mots. to Am. Pleadings") 3–5, Doc. No. 267.)

[15] (*See* Defs.' Am. Answer to Pls.' First Am. Compl. and Countercls. ("Am. Answer and Countercls.") ¶¶ 469–81, Doc. No. 285.)

[16] (*Id.* at ¶ 480; *see also* Order on Mots. to Am. Pleadings 4, Doc. No. 267.)

[17] (Am. Answer and Countercls. ¶¶ 479–80, Doc. No. 285; *see also* Order on Mots. to Am. Pleadings 4, Doc. No. 267.)

[18] (Mot., Doc. No. 346.)

First, Nearmap has demonstrated Mr. Jurasek has unique, personal knowledge regarding the Verisk settlement agreement which is relevant to Nearmap's patent misuse defense. As set forth in Nearmap's opposition and exhibits, Mr. Jurasek personally negotiated and signed the Verisk settlement agreement, including spending a day negotiating the terms of the settlement in person.[19] Emails between EagleView and Verisk representatives leading up to the settlement show Mr. Jurasek participated in multiple one-on-one calls and in-person meetings with Verisk representatives in the days leading up to the settlement.[20] Mr. Jurasek also indicated, in response to a settlement-related email, that he would prefer to discuss settlement issues by phone rather than in writing.[21] Thus, Mr. Jurasek is the only EagleView representative with knowledge of these one-on-one, oral negotiations.

Given the broad scope of relevance at the discovery stage,[22] these settlement negotiations are relevant to Nearmap's patent misuse defense. Nearmap notes the final settlement agreement and written correspondence do not explain why Verisk agreed to stop selling products not

---

[19] (*See* Opp'n 3–4, Doc. No. 353; Ex. 1 to Opp'n, Verisk Settlement Agreement (executed Nov. 5, 2021), Doc. No. 355-1 (sealed); Ex. 3 to Opp'n, Email from C. Jurasek to S. Stephenson (Nov. 1, 2021), Doc. No. 355-3 (sealed).)

[20] (*See* Opp'n 4–5, Doc. No. 353; Exs. 7–13 to Opp'n, Doc. Nos. 355-7–355-13 (sealed) (contemporaneous emails referencing one-on-one phone calls and meetings between Mr. Jurasek and Verisk representatives regarding the settlement between Oct. 29, 2021, and Nov. 5, 2021).)

[21] (*See* Opp'n 4, Doc. No. 353, Ex. 6 to Opp'n, Email from C. Jurasek to S. Stephenson (Oct. 28, 2021), Doc. No. 355-6 (sealed).)

[22] *See Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (Relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense." (internal quotation marks omitted)).

covered by EagleView's patents, or how those terms came to be in the final agreement.[23] Where Mr. Jurasek personally participated in one-on-one negotiations of the settlement terms, he has unique knowledge relevant to these issues. Accordingly, Nearmap has met its initial burden to show Mr. Jurasek has unique, personal knowledge relevant to this case.

EagleView has not met its burden to show that any of the other apex doctrine factors would render a deposition inappropriate. Under the second factor, EagleView cannot show the information sought from Mr. Jurasek can be obtained from another witness, given Mr. Jurasek's personal participation in one-on-one negotiations. Under the third factor, EagleView has not identified any alternative discovery method through which Nearmap could obtain this information. Finally, EagleView has not demonstrated the deposition would impose a severe hardship on Mr. Jurasek in light of his corporate obligations. EagleView asserts generally that a deposition would be burdensome because Mr. Jurasek's "schedule is extremely busy and demanding."[24] However, EagleView offers no evidence supporting its burden arguments, and a general assertion that Mr. Jurasek is busy is insufficient to demonstrate severe hardship. Accordingly, EagleView has not shown other circumstances exist which warrant protecting Mr. Jurasek from being deposed.

For these reasons, the apex doctrine does not prevent Mr. Jurasek from being deposed, and EagleView has not shown good cause for a protective order.

---

[23] (*See* Opp'n 5, Doc. No. 353.)

[24] (Mot. 4, Doc. No. 346.)

## CONCLUSION

Because Nearmap has demonstrated Mr. Jurasek has unique, personal knowledge relevant to its patent misuse defense, and no other circumstances exist which warrant preventing him from being deposed, EagleView's motion[25] for a protective order to preclude the deposition of Mr. Jurasek is denied.

DATED this 20th day of December, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[25] (Doc. No. 346.)