Brent O. Hatch (5715)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendants – Additional counsel listed in signature*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> *Defendants*. | **NEARMAP'S MOTION TO SEAL DOCUMENTS PURSUANT TO DUCivR 5-3** <br><br> **Seal EagleView's Short Form Motion to Compel Production and Inspection and Exhibit 2 Thereto** <br><br> Case No.: 2:21-cv-00283(TS)(DAO) <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

Pursuant to DUCivR 5-3, Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Pty Ltd (collectively, "Nearmap") respectfully move this Court for an Order restricting public access to and/or sealing EagleView's Short Form Motion to Compel Production (Dkt. 381) (the "Motion") and Exhibit 2 thereto.

## ARGUMENT

The Court may at any time order all or a portion of the documents filed in a pending civil case to be sealed for good cause. DUCivR 5-3. "[A] court, in its discretion, may seal documents 'if the public's right of access is outweighed by competing interests.'" *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). "Documents can only be sealed on motion and with a

showing of 'good cause.'" *AH Aero Serv., LLC v. Heber City*, Case No. 2:17-CV-01118, 2020 WL 6135819, at *2 (D. Utah Oct. 19, 2020). There is good cause for the Court to seal documents that "contain information that is highly sensitive and of a proprietary nature." *Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. Appx. 782, 801 n.8 (10th Cir. 2017) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Good cause exists for the Court to seal the Motion and Exhibit 2 thereto because they contain Nearmap's sensitive technical information, sensitive business information, competitive technical information, and competitive business information that is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order. *See* DUCivR 26-2. The Court should restrict public access because Nearmap's countervailing interest in preserving the confidentiality of its commercially sensitive business information outweighs the limited public interest in access. Further, "the public's right of access is outweighed by" the possible competitive harm to Nearmap from public disclosure of its commercially sensitive information. Finally, the relief sought through this motion is narrowly tailored under the circumstances because Nearmap does not seek to seal the entire case.

Because there are compelling reasons to keep under seal the Motion and Exhibit 2 thereto, and because Nearmap is requesting to seal only the documents necessary to protect Nearmap's substantial commercial interests, the Motion and Exhibit 2 thereto should be sealed.

<u>**CONCLUSION**</u>

Nearmap respectfully requests that the Court enter an Order restricting public access to and/or sealing the Motion and Exhibit 2 thereto.

Submitted this 12th day of February 2024

By:  */s/ Brent O. Hatch*
Brent O. Hatch
HATCH LAW GROUP, PC

*Of Counsel:*
Nicholas Groombridge
Jennifer H. Wu
Jenny C. Wu
Jennifer Rea Deneault
Michael Milea
Allison Penfield
Scott E. Miller
Kyle Bersani
GROOMBRIDGE, WU,
  BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, New York 10017
332-269-0030 (telephone)
nick.groombridge@groombridgewu.com
jennifer.wu@groombridgewu.com
jenny.wu@groombridgewu.com
jenna.deneault@groombridgewu.com
mike.milea@groombridgewu.com
allison.penfield@groombridgewu.com
scott.miller@groombridgewu.com
kyle.bersani@groombridgewu.com

*Attorneys for Nearmap US, Inc., Nearmap*
*Australia Pty Ltd, and Nearmap Ltd*