UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING SETTLEMENT NEGOTIATION DOCUMENTS** <br> **(DOC. NO. 349)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant Nearmap US, Inc. ("Nearmap") moves to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") to produce agreements and negotiation documents related to nonparties OpenSolar and CoreLogic.[1] Specifically, Nearmap seeks (1) the settlement agreement between EagleView and nonparty OpenSolar and nonprivileged negotiation documents related to the same; and (2) the nonprivileged negotiation documents related to an agreement between EagleView and nonparty CoreLogic.[2] In response, EagleView indicates the settlement agreement with OpenSolar has already been produced, but it opposes production of

---

[1] (Nearmap's Short Form Disc. Mot. to Compel Resps. to Reqs. for Produc. Nos. 41–46, 47–49, and 51 ("Mot."), Doc. No. 349 (sealed, unredacted version at Doc. No. 351).)

[2] (*See id*. at 1.)

1

the other requested documents on grounds of relevance and undue burden.[3] In reply, Nearmap reiterates its request for negotiation documents related to both agreements.[4] As discussed below, the motion is moot as to the settlement agreement with OpenSolar, but is granted as to the negotiation documents with both OpenSolar and CoreLogic because they are relevant to EagleView's contributory-infringement and induced-infringement claims against Nearmap.[5]

## ANALYSIS

As an initial matter, the motion is moot as to the agreements between EagleView and OpenSolar because the agreements have already been produced.[6] Accordingly, the parties' remaining dispute concerns only Nearmap's request for the negotiation documents pertaining to the agreements between EagleView and OpenSolar as well as the agreement between EagleView and CoreLogic.

Turning to the negotiation documents, Nearmap argues the requested documents are relevant to EagleView's damages claims, indirect infringement claims, and Nearmap's patent-misuse defense.[7] Nearmap contends EagleView's negotiation documents may contain evidence of: (1) comparable licenses, which could help calculate a reasonable royalty; (2)

---

[3] (EagleView's Resp. to Nearmap's Short Form Mot. to Compel Resps. to Reqs. for Produc. Nos. 41–46, 47–49, and 51 ("Opp'n"), Doc. No. 356 (sealed, unredacted version at docket number 358).)

[4] (Reply in Supp. of Nearmap's Short Form Disc. Mot. to Compel Resps. to Reqs. for Produc. Nos. 41–46, 47–49, and 51 ("Reply"), Doc. No. 376 (sealed, unredacted version at Doc. No. 378).)

[5] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

[6] (*See* Opp'n 1–2, Doc. No. 356.)

[7] (Mot. 2–3, Doc. No. 349.)

statements by EagleView contradicting their allegations in this action that third parties such as CoreLogic and OpenSolar infringed on EagleView's patents; and (3) the manner in which EagleView enforced its patent, which bears on Nearmap's patent-misuse defense.[8]

In opposition, EagleView argues these documents are irrelevant and production would be unduly burdensome.[9] EagleView contends the negotiation documents are irrelevant because the OpenSolar agreement is not patent related.[10] EagleView next argues Nearmap did not mention OpenSolar in Nearmap's patent-misuse defense—and that EagleView has previously explained "negotiation documents are not relevant to a patent[-]misuse defense."[11] Finally, EagleView attempts to distinguish the CoreLogic negotiation documents from similar documents the court previously ordered EagleView to produce relating to its settlement with Verisk.[12]

First, the court grants Nearmap's motion as to the CoreLogic negotiation documents—for largely the same reasons the court previously ordered disclosure of similar documents related to EagleView's settlement with Verisk. Settlement and licensing agreements relating to the patents-in-suit are relevant to determining a reasonable royalty and, therefore, discoverable in

---

[8] (*Id.*)

[9] (Opp'n, Doc. No. 356.)

[10] (*Id.* at 2.)

[11] (*Id.*) The quoted argument has dubious utility given the court already rejected it. (*See* Mem. Decision and Order Den. Pls.' Mot. for a Protective Order Precluding the Dep. of Exec. Chairman Chris Jurasek 5, Doc. No. 369 (finding settlement negotiations relevant to patent-misuse defense).)

[12] (Opp'n 2, Doc. No. 356.)

patent infringement cases.[13]  Documents regarding underlying negotiations are also relevant and discoverable where they "could aid defendant in its calculations concerning a reasonable royalty amount and damages."[14]

The CoreLogic negotiation documents are relevant to EagleView's claimed damages in this case, including calculation of a reasonable royalty.  As EagleView suggests, the CoreLogic agreement differs from the Verisk agreement previously addressed[15] because EagleView did not sue CoreLogic (and, thus, did not enter a settlement agreement).  But the CoreLogic agreement contains an infringement release.[16]  Whether an agreement settles formal litigation or simply pardons purported past infringement, the agreement and the circumstances of its negotiation remain relevant, particularly at the discovery stage.[17]  Accordingly, the CoreLogic negotiation documents are relevant for largely the same reasons the court found the Verisk negotiation documents relevant.

---

[13] *E.g.*, *Modern Font Applications v. Alaska Airlines*, No. 2:19-cv-561, 2021 U.S. Dist. LEXIS 21563, at *6–7 (D. Utah Feb. 3, 2021) (unpublished) (citing 35 U.S.C. § 284).

[14] *Kajeet, Inc. v. Qustodio, LLC*, No. 18-1519, 2019 U.S. Dist. LEXIS 227979, at *23 (C.D. Cal. Oct. 22, 2019) (unpublished); *see also Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, 753 F. Supp. 2d 662, 664 (E.D. Tex. 2010) (finding settlement-related communications could "be key in determining whether the settlement agreements accurately reflect the inventions' value or were strongly influenced by a desire to avoid or end full litigation").

[15] (*See* Mem. Dec. Granting in Part Def.'s Short Form Disc. Mot. Regarding Settlement Docs., Doc. No. 93.)

[16] (Ex. 7 to Mot., Collaboration Agreement 2–3, Doc. No. 351-7 (sealed).)

[17] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .").

Second, the court grants Nearmap's motion in its entirety (as to both the CoreLogic and OpenSolar negotiation documents) because the documents are relevant to EagleView's contributory-infringement and induced-infringement claims against Nearmap. "[A]bsent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement."[18] EagleView alleges Nearmap indirectly infringed EagleView's patents "by way of inducement and/or contributory infringement."[19] In its contentions, EagleView indicates its claims of indirect infringement against Nearmap are based on direct infringement by CoreLogic and OpenSolar.[20] As Nearmap suggests, EagleView's negotiation documents may shed light on its decision not to bring infringement claims against OpenSolar or CoreLogic. Such information is relevant to EagleView's contributory infringement and induced infringement claims against Nearmap, particularly as it (1) relates to EagleView's position on whether those third parties infringed or (2) reveals whether EagleView received any value in return for not bringing claims against OpenSolar or CoreLogic.

Finally, EagleView has not demonstrated production of the negotiation documents would be unduly burdensome. EagleView does not describe an overwhelming volume of information and provides no estimate of the time or expense required to produce the documents Nearmap seeks. Given the relevance of the requested documents, EagleView has not shown the burden or

---

[18] *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004) (quoting *Met-Coil Sys. Corp. v Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986)).

[19] (Pls.' First Am. Compl. 178, Doc. No. 274 (sealed, unredacted version at Doc. No. 276).)

[20] (Ex. 4 to Mot., Pls.' Contentions Pursuant to L. Pat. R. 2.3(c), Doc. No. 351-4 (sealed); Ex. 5 to Mot., Pls.' Contentions Pursuant to L. Pat. R. 2.3(c), Doc. No. 351-5 (sealed); *see also* Mot. 2, Doc. No. 349.)

expense of this discovery outweighs its likely benefit. Accordingly, the requested discovery is proportional to the needs of the case.

## CONCLUSION

Nearmap's motion[21] is granted in part and denied as moot in part. The motion is denied as moot as to the OpenSolar agreement, which has already been produced. The motion is granted as to the negotiation documents related to both the OpenSolar and CoreLogic agreements. EagleView is ordered to produce the nonprivileged negotiation documents related to the agreements within fourteen days of this order.

DATED this 20th day of February, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[21] (Doc. No. 349.)