UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S SHORT FORM DISCOVERY MOTION REGARDING EAGLE VIEW'S "COMPETITIVEINTEL" SLACK CHANNEL** <br> **(DOC. NO. 373)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Defendant Nearmap US, Inc. ("Nearmap") moves to compel Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") to produce information from EagleView's Slack channel[1] called "competitiveintel."[2] EagleView opposes production on grounds of relevance and undue burden.[3]

---

[1] Slack is an electronic communication service allowing users to organize communications in "channels" which are labeled by the users, often by the topic of conversation. *See, e.g.*, 73 CAIL *Annual Institute on Energy Law* § 3.03.

[2] (Nearmap's Short Form Disc. Mot. to Compel Produc. of EagleView's "competitiveintel" Slack Channel ("Mot."), Doc. No. 373.)

[3] (Pls.' Opp'n to Defs.' Short Form Mot. to Compel Produc. ("Opp'n") 3, Doc. No. 374.)

1

Because Nearmap's requests are overly broad and seek irrelevant information, the motion[4] is denied.[5]

## ANALYSIS

Nearmap asserts the entirety of EagleView's "competitiveintel" Slack channel is relevant to EagleView's trade-secret-misappropriation claim and responsive to Nearmap's requests for production of documents ("RFPs") numbers 7 and 13.[6] RFP 7 seeks: "All Documents and things relating to the Accused Products or both Nearmap and (a) the Asserted Patents or (b) the subject matter of the Asserted Patents, including any marketing or competitive analysis relating to the Accused Products."[7] RFP 13 seeks: "All Documents and things relating to the market for products relating to the Asserted Patents and competitors in that market, including the market share of EagleView."[8]

Nearmap contends "EagleView has put at issue whether competitive intelligence gathered by companies constitutes a trade secret."[9] Nearmap reasons that because EagleView found purported trade-secret information on a Slack channel used by Nearmap, EagleView's Slack

---

[4] (Doc. No. 373.)

[5] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

[6] (Mot. 1, Doc. No. 373.)

[7] (Ex. 1 to Mot., Pls.' First Suppl. Resps. to Certain of Defs.' Reqs. for Produc. 18, Doc. No. 373-1.)

[8] (*Id.* at 28.)

[9] (Mot. 2, Doc. No. 373.)

channel must also have information relevant to the trade-secret claim.[10] In opposition, EagleView argues it should not be required to produce "the entire contents" of its competitiveintel Slack channel because Nearmap's requests seek irrelevant information, are untimely, and such a production would be unduly burdensome.[11]

Nearmap's motion is denied because it has failed to show the entirety of EagleView's "competitiveintel" Slack channel is relevant or that ordering its production would be proportional. Discovery of nonprivileged information is appropriate only to the extent the information sought is relevant to a claim or defense and "proportional to the needs of the case."[12] In this case, Nearmap's requests are facially overbroad. As stated above, RFP 7 seeks, in part, "[a]ll Documents and things relating to the Accused Products."[13] This request, for every document "related to" the accused product, is overbroad because it refers to a wide variety of information in EagleView's possession, custody, or control—without regard to any issues in disputes in this case. To be relevant under Rule 26(b)(1), a document must relate to a claim or defense in this case, not to the products at issue.[14] Accordingly, Nearmap's request is facially overbroad.

---

[10] (*Id.*)

[11] (Opp'n 3, Doc. No. 374.)

[12] Fed. R. Civ. P. 26(b)(1). Of course, information "need not be admissible in evidence to be discoverable." *Id.*

[13] (Ex. 1 to Mot., Pls.' First Suppl. Resps. to Certain of Defs.' Reqs. for Produc. 18, Doc. No. 373-1.)

[14] *See, e.g., Doe v. Doe*, No. 1:20-cv-01041-SCY-JHR, 2023 U.S. Dist. LEXIS 178540 at *7 (D.N.M. Sept. 30, 2023) (unpublished) ("Giving the word its plain meaning, information is

Additionally, Nearmap fails to adequately explain how the contents of EagleView's "competitiveintel" Slack channel are relevant to this action, even if the court were to apply some limiting principle to Nearmap's request. Nearmap first asserts the contents are relevant because EagleView sought and obtained information purportedly relevant to EagleView's trade secret claim from Nearmap's Slack channel.[15] But this does not mean the inverse is true. As EagleView points out, it had a particularized basis for seeking information from Nearmap's Slack channel: EagleView found an email instructing a Nearmap employee to transmit EagleView's purportedly trade-secret information through Nearmap's Slack channel.[16] This email justified EagleView's request for information from Nearmap's Slack channel relevant to its claim of trade-secret misappropriation. Nearmap does not suggest it has similar information indicating EagleView transmitted information relevant to any claim or defense through EagleView's "competitiveintel" Slack channel.[17] Accordingly, Nearmap's argument is unpersuasive.

---

relevant when it has a significant and demonstrable bearing on the matter at hand—here, any party's claim or defense." (internal quotation marks omitted)).

[15] (Mot. 1, Doc. No. 373.)

[16] (Opp'n 2, Doc. No. 374.)

[17] Nearmap suggests an EagleView witness indicated the "competitiveintel" Slack channel contains information about "competitors and the market" and "likely" contains information about Nearmap. (Mot. 2, Doc. No. 373.) Yet this suggestion runs headlong into the twin problems of overbreadth and irrelevance. Nearmap is not entitled to discovery of every mention of any EagleView competitor, or even itself. It is entitled to information relevant to the claims and defenses in this action.

Finally, Nearmap attempts to show relevance by asserting, incorrectly, that EagleView has alleged "competitive intelligence shared on Slack channels" is trade-secret information.[18] Nowhere does EagleView make such an allegation. Rather, the complaint only mentions Slack in the context previously mentioned. Namely, EagleView alleges Nearmap communicated EagleView's purported trade secrets in Nearmap's Slack channel.[19] EagleView's allegations do not "put at issue whether competitive intelligence gathered by companies constitutes a trade secret."[20] Rather, EagleView alleges, based on specific information, that Nearmap's Slack channel contained information relevant to EagleView's trade-secret claim. In sum, Nearmap has failed to show its requests, even if narrowed, seek relevant information.

## CONCLUSION

Nearmap's motion[21] is denied because its requests for production are overly broad and seek irrelevant information.

DATED this 20th day of February, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[18] (*Id.*)

[19] (Pls.' First Am. Compl. ¶ 66, Doc. No. 276.)

[20] (Mot. 2, Doc. No. 373.)

[21] (Doc. No. 373.)