Juliette P. White, USB #9616
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES INC., PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP LTD <br><br> Defendants. | **PLAINTIFFS' MOTION TO SEAL** <br><br> **Defendants' Reply in Support of Nearmap's Short Form Discovery Motion to Compel Responses to Requests for Production and Exhibits 8 – 9 Thereto [Dkt. 376, 378]** <br><br> **Exhibit 1 to Plaintiffs' Motion for Leave to File Sur-reply to Defendants' Motion to Compel Production [Dkt. 383-1, 385-1]** <br><br> Case No. 2:21-cv-00283-TS-DAO <br><br> The Honorable Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively "EagleView"), pursuant to DUCivR 5-3 and the Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah, hereby move this Court for an order permanently sealing (1) Defendants' Reply in Support of Nearmap's Short Form Discovery Motion to Compel Responses to Requests for Production 41–46, 47–49, and 51 ("Defendants'

Reply") and Exhibits 8 and 9 thereto [Dkt. 376, 378] and (2) Plaintiffs' proposed Sur-Reply to Defendants' Motion to Compel Production, which is attached as Exhibit 1 to Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion to Compel Production ("Plaintiffs' Sur-Reply") [Dkt. 383-1, 385-1].

Both Defendants' Reply and Plaintiffs' Sur-Reply characterize and quote from confidential contracts (1) between EagleView and OpenSolar and (2) between EagleView and CoreLogic. Exhibits 8 and 9 to Defendants' Reply are the EagleView-OpenSolar contract itself. OpenSolar and CoreLogic are not parties to this lawsuit. To protect both EagleView's and non-parties' confidential business information, EagleView designated all of these contracts as "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" under the Protective Order.

ARGUMENT

## I.      Legal Standard

The common-law right of access to judicial records is not absolute.  The "'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'"  *Dovbysh v. Mutual of Enumclaw Ins. Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022).

A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); or information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013).  *See also Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive,

2

proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed."). "Confidential financial information is often sealed where its disclosure could cause competitive harm." *AH Aero Serv., LLC v. Heber City*, 2020 WL 5135819, at *5 (D. Utah Oct. 19, 2020).

## II.     Real and Substantial Interests Justify Sealing the Documents

Both Defendants' Reply and Plaintiffs' Sur-Reply characterize and quote from contracts between EagleView and OpenSolar and between EagleView and CoreLogic which EagleView designated as "Confidential Information—Attorneys Eyes Only" pursuant to the Standard Protective Order. *See* DUCivR 26-2; DUCivR 5-3(b)(2)(C)(i). Exhibits 8 and 9 to Defendants' Reply are the EagleView-OpenSolar contract itself. The CoreLogic agreement has previously been filed, *see* Dkt. 349, and has been sealed, *see* Dkt. 351. OpenSolar and CoreLogic are not parties to this lawsuit. The contracts between EagleView and OpenSolar, and between EagleView and CoreLogic, are, on their own terms, highly confidential. That confidentiality contractually extends to any documents relating to the agreements.

While this Court has noted that "a confidentiality provision in a settlement agreement or contract is insufficient, on its own, to warrant sealing," *see Memorandum Decision and Order Denying Without Prejudice Motions to Seal*, Dkt. 213 at 3, the OpenSolar and CoreLogic contracts contain highly confidential business information that, if made public, would harm both the competitive interests of EagleView and non-parties OpenSolar and CoreLogic. *See Nixon*, 435 U.S. at 598 (holding that a court may seal documents containing "business information that might harm a litigant's competitive standing"); *Hershey*, 550 F. App'x at 574 (holding that "the rationale for

protecting . . . records is even stronger [when] the records could harm the competitive interests of third parties"). This Court has previously found that references to a similar agreement between EagleView and non-party Verisk Analytics, Inc. warranted sealing in this case. *See Memorandum Decision and Order Granting Motions to Seal Related to Verisk Settlement Agreement, Negotiations, Communications, and Related Filings* ("Sealing Order"), Dkt. 307.

### III.    EagleView's Request is Narrowly Tailored.

Although EagleView seeks to seal, *inter alia*, portions of its Sur-Reply and Defendants' Reply, EagleView's request is limited to those portions of the documents that refer to confidential and sensitive contents of its agreements with non-parties OpenSolar and CoreLogic and the exhibits that contain the contract. As to the specific material that EagleView seeks to seal, EagleView respectfully submits that EagleView's interests, as well as those of OpenSolar and CoreLogic, in maintaining the information under seal outweigh the presumption of public access. *See* Sealing Order at 6.

### <u>CONCLUSION</u>

For the foregoing reasons, EagleView respectfully requests that the Court grant its motion to seal Defendants' Reply and Exhibits 8 and 9 thereto, and Plaintiffs' Sur-Reply, which was attached as Exhibit 1 to Plaintiffs' Motion for Leave to File Sur-Reply to Defendants' Motion to Compel Production.

Dated:  February 22, 2024

/s/ *Juliette P. White*
Juliette P. White
Sarah Jenkins Dewey
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Telephone: 801.532.1234
Fax: 801.536.6111
JWhite@parsonsbehle.com
ecf@parsonsbehle.com

L. Kieran Kieckhefer
Lillian J. Mao
Christina E. Myrold
GIBSON DUNN & CRUTCHER
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415.393.8337
Fax: 415.801.7404
KKieckhefer@gibsondunn.com
LMao@gibsondunn.com
CMyrold@gibsondunn.com

Stuart M. Rosenberg
Michael M. Polka
GIBSON DUNN & CRUTCHER
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5389
SRosenberg@gibsondunn.com
MPolka@gibsondunn.com

Brian M. Buroker
GIBSON DUNN & CRUTCHER
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8541
BBuroker@gibsondunn.com

Ahmed ElDessouki
GIBSON DUNN & CRUTCHER
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
AElDessouki@gibsondunn.com

*Attorneys for Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 22nd day of February 2024, I caused to be electronically filed and served the foregoing PLAINTIFFS' MOTION TO SEAL with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all attorneys listed on the docket.

*/s/* Juliette P. White
_____

Juliette P. White
*Attorney for Plaintiffs*