UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br>Plaintiffs,<br><br>v.<br><br>NEARMAP US, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' SHORT FORM MOTION TO COMPEL PRODUCTION AND INSPECTION OF CAMERA SYSTEMS (DOC. NO. 379)**<br><br>Case No. 2:21-cv-00283<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs Eagle View Technologies, Inc. and Pictometry International Corp. (collectively, "EagleView") moves to compel Defendant Nearmap US, Inc. ("Nearmap") to produce the accused devices (camera systems) for inspection, in the United States.[1] In response, Nearmap argues the requested discovery is both duplicative of inspections previously conducted in Australia and overly burdensome.[2] As discussed further below, the motion is denied because EagleView had ample opportunity to conduct an inspection and its request is unreasonably duplicative.[3]

---

[1] (Pls.' Short-Form Mot. to Compel Produc. and Inspection ("Mot."), Doc. No. 379 (sealed, unredacted version available at Doc. No. 381).)

[2] (Def.'s Opp'n to Pls.' Short-Form Mot. to Compel Produc. and Inspection of Nearmap's Camera Systems in the United States, ("Opp'n") Doc. No. 388 (sealed, unredacted version available at Doc. No. 390).)

[3] Pursuant to Rule 37-1 of the Local Rules of Civil Practice, the motion is decided based on the parties' briefing. *See* DUCivR 37-1(b)(5)(B).

1

## ANALYSIS

In support of its motion, EagleView argues that, in patent cases like this one, the accused devices are the most relevant subject of discovery.[4] While acknowledging Nearmap previously afforded EagleView the opportunity to inspect the accused devices in Australia, EagleView now seeks a second opportunity to inspect them in the United States.[5] Finally, EagleView contends Nearmap has not adequately shown the proposed inspection creates any undue burden.[6]

In opposition, Nearmap argues it already produced the accused devices for inspection in Australia in October 2023—when three EagleView attorneys inspected exemplars of all accused devices over a seven-hour period.[7] Nearmap contends the request for a second inspection in the U.S. requires Nearmap to either significantly disrupt ongoing operations, many of which are conducted by third parties and scheduled months in advance, or ship the devices EagleView already inspected from Australia to the U.S.[8] Finally, Nearmap observes, "EagleView cannot articulate what additional information it would obtain from another inspection in the U.S. of the same camera systems."[9]

EagleView's motion is denied because EagleView had ample opportunity to conduct an inspection and the request is unreasonably duplicative. Rule 26 of the Federal Rules of Civil

---

[4] (Mot. 2, Doc. No. 379.)

[5] (*See id.*)

[6] (*Id.* at 4.)

[7] (Opp'n. 1, Doc. No. 388.)

[8] (*Id.* at 2–3.)

[9] (*Id.*)

Procedure requires the court to "limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[10] As Nearmap asserts, and EagleView admits, EagleView not only had an opportunity to inspect all accused devices, but actually conducted a lengthy inspection.[11] EagleView does not claim any deficiency in the inspection Nearmap afforded only a few months ago, nor does EagleView outline circumstances justifying a second inspection now. Thus, EagleView had ample opportunity to obtain the information that can be gleaned from an inspection.

Additionally, EagleView does not describe any anticipated benefit from a second bite of this particular apple. EagleView makes several arguments highlighting the importance of inspecting accused devices and also cites the local patent rule's requirement that accused instrumentalities must be produced during discovery.[12] But EagleView fails to articulate any information it hopes to glean from its proposed second inspection of the accused devices. On the other hand, Nearmap describes several specific burdens imposed by EagleView's proposal, including costs, logistics, and business interruptions.

In the absence of an identified benefit from the proposed duplicative inspection, and given the burden on Nearmap of a second inspection, EagleView's request is unreasonably

---

[10] Fed. R. Civ. P. 26(b)(2)(C).

[11] (Mot. 2, Doc. No. 379; Opp'n 1, Doc. No. 388; *see also* Ex. 2 to Mot., Def.'s First Resp. to Pls.' Sixth Set of Reqs. for Produc. (Nos. 93–96) and First Set of Reqs. for Inspection (Nos. 1–4) 4, 8, 12, 16, Doc. No. 381-2 (sealed).)

[12] (Mot. 2–3, Doc. No. 379.)

duplicative. In short, while EagleView is entitled to inspect the accused devices, it has already done so. It is not entitled to inspect the accused devices repeatedly, absent sufficient justification, which it has not offered here.

## CONCLUSION

Because the requested discovery is unreasonably duplicative, EagleView's motion[13] is denied.

DATED this 28th day of February, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[13] (Doc. No. 379.)