Brent O. Hatch (5715)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendants – Additional counsel listed in signature*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> *Defendants*. | **MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO DUCivR 5-3** <br><br> Case No.: 2:21-cv-00283(TS)(DAO) <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

Pursuant to DUCivR 5-3, Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and

Nearmap Pty Ltd (collectively, "Nearmap") respectfully move this Court to seal Plaintiffs'

Expedited Objections to Magistrate Judge's Decision and Order Denying Plaintiffs' Short Form

Motion to Compel Production and Inspection (Dkt. 406) ("Plaintiffs' Objection").

## **ARGUMENT**

The Court may at any time order all or a portion of the documents filed in a pending civil

case to be sealed for good cause. DUCivR 5-3. "[A] court, in its discretion, may seal documents

'if the public's right of access is outweighed by competing interests.'" *United States v. Hickey*,

767 F.2d 705, 708 (10th Cir. 1985). "Documents can only be sealed on motion and with a

showing of 'good cause.'" *AH Aero Serv., LLC v. Heber City*, Case No. 2:17-CV-01118, 2020 WL 6135819, at *2 (D. Utah Oct. 19, 2020). There is good cause for the Court to seal documents that "contain information that is highly sensitive and of a proprietary nature." *Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. Appx. 782, 801 n.8 (10th Cir. 2017) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Good cause exists for the Court to seal Plaintiffs' Objection because it contains Nearmap's sensitive technical information, sensitive business information, competitive technical information, and competitive business information that is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order. *See* DUCivR 26-2. The Court should restrict public access because Nearmap's countervailing interest in preserving the confidentiality of its commercially sensitive business information outweighs the limited public interest in access. Further, "the public's right of access is outweighed by" the possible competitive harm to Nearmap from public disclosure of its commercially sensitive information. Finally, the relief sought through this motion is narrowly tailored under the circumstances because Nearmap is requesting to seal only the portions of Plaintiffs' Objection necessary to protect their substantial commercial interests.

Because there are compelling reasons to keep Plaintiffs' Objection under seal, and because Nearmap is requesting to seal only the documents necessary to protect Nearmap's substantial commercial interests, Plaintiffs' Objection should be sealed.

<u>**CONCLUSION**</u>

Nearmap respectfully requests that the Court enter an Order restricting public access to and/or sealing Plaintiffs' Objection.

Submitted this 20th day of March 2024

By: /s/ Brent O. Hatch
Brent O. Hatch
HATCH LAW GROUP, PC

*Of Counsel:*
Nicholas Groombridge
Jennifer H. Wu
Jenny C. Wu
Jennifer Rea Deneault
Michael Milea
Allison Penfield
Scott E. Miller
Kyle Bersani
GROOMBRIDGE, WU,
   BAUGHMAN & STONE LLP
565 Fifth Avenue, Suite 2900
New York, New York 10017
332-269-0030 (telephone)
nick.groombridge@groombridgewu.com
jennifer.wu@groombridgewu.com
jenny.wu@groombridgewu.com
jenna.deneault@groombridgewu.com
mike.milea@groombridgewu.com
allison.penfield@groombridgewu.com
scott.miller@groombridgewu.com
kyle.bersani@groombridgewu.com

*Attorneys for Nearmap US, Inc., Nearmap*
*Australia Pty Ltd, and Nearmap Ltd*