Brent O. Hatch (5715)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com

*Attorney for Defendants – Additional counsel listed in signature*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL, CORP., <br><br> *Plaintiffs*, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> *Defendants*. | **MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO DUCivR 5-3** <br><br> Case No.: 2:21-cv-00283(TS)(DAO) <br><br> Judge: Ted Stewart <br><br> Magistrate Judge: Daphne A. Oberg |

Pursuant to DUCivR 5-3, Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Pty Ltd (collectively, "Nearmap") respectfully move this Court to seal Nearmap's Response to Plaintiffs' Objections to Magistrate Judge's Order ("Response").

### ARGUMENT

The Court may at any time order all or a portion of the documents filed in a pending civil case to be sealed for good cause. DUCivR 5-3. "[A] court, in its discretion, may seal documents 'if the public's right of access is outweighed by competing interests.'" *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). "Documents can only be sealed on motion and with a showing of 'good cause.'" *AH Aero Serv., LLC v. Heber City*, Case No. 2:17-CV-01118, 2020

WL 6135819, at *2 (D. Utah Oct. 19, 2020). There is good cause for the Court to seal documents that "contain information that is highly sensitive and of a proprietary nature." *Braun v. Medtronic Sofamor Danek, Inc.*, 719 Fed. Appx. 782, 801 n.8 (10th Cir. 2017) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Good cause exists for the Court to seal the Response because it contains Nearmap's sensitive technical information, sensitive business information, competitive technical information, and competitive business information that is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to the Standard Protective Order. *See* DUCivR 26-2. The Court should restrict public access because Nearmap's countervailing interest in preserving the confidentiality of its commercially sensitive business information outweighs the limited public interest in access. Further, "the public's right of access is outweighed by" the possible competitive harm to Nearmap from public disclosure of its commercially sensitive information. Finally, the relief sought through this motion is narrowly tailored under the circumstances because Nearmap is requesting to seal only the portions of the Response necessary to protect its substantial commercial interests.

Because there are compelling reasons to keep the Response under seal, and because Nearmap is requesting to seal only the documents necessary to protect Nearmap's substantial commercial interests, the Response should be sealed.

## CONCLUSION

Nearmap respectfully requests that the Court enter an Order restricting public access to and/or sealing its Response to Plaintiffs' Objections to Magistrate Judge's Order.

Submitted this 27th day of March 2024

By:  /s/ Brent O. Hatch
    Brent O. Hatch
    HATCH LAW GROUP, PC

    *Of Counsel:*
    Nicholas Groombridge
    Jennifer H. Wu
    Jenny C. Wu
    Jennifer Rea Deneault
    Michael Milea
    Allison Penfield
    Scott E. Miller
    Kyle Bersani
    GROOMBRIDGE, WU,
      BAUGHMAN & STONE LLP
    565 Fifth Avenue, Suite 2900
    New York, New York 10017
    332-269-0030 (telephone)
    nick.groombridge@groombridgewu.com
    jennifer.wu@groombridgewu.com
    jenny.wu@groombridgewu.com
    jenna.deneault@groombridgewu.com
    mike.milea@groombridgewu.com
    allison.penfield@groombridgewu.com
    scott.miller@groombridgewu.com
    kyle.bersani@groombridgewu.com

    *Attorneys for Nearmap US, Inc., Nearmap*
    *Australia Pty Ltd, and Nearmap Ltd*