IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL, CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC., NEARMAP AUSTRALIA PTY LTD, and NEARMAP PTY LTD, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND INSPECTION <br><br><br> Case No. 2:21-CV-283 TS-DAO <br><br> District Judge Ted Stewart |

This matter comes before the Court on Plaintiff Eagle View Technologies' Objection to the Magistrate Judge's Order Denying Eagle View's Motion to Compel Production and Inspection. For the reasons discussed below, the Court will overrule Eagle View's Objection.

On February 7, 2024, Eagle View filed a Motion to Compel Production and Inspection seeking an order from the Magistrate Judge requiring Defendant Nearmap to "produce the accused camera systems, or in the alternative, to provide for their inspection, in the United States."[1] The Magistrate Judge denied the Motion, finding that Eagle View "had ample opportunity to conduct an inspection and the request [was] unreasonably duplicative."[2] The Magistrate Judge found it relevant that Nearmap had already produced the accused cameras for Eagle View's inspection in Australia, where Eagle View's attorneys inspected all the accused devices over a seven-hour period. Further, Nearmap argued that a second inspection in the

---

[1] Docket No. 379, at 2.

[2] Docket No. 395, at 2.

United States would either require significant disruption to ongoing operations, which are scheduled months in advance, or require Nearmap to ship the products Eagle View already inspected in Australia to the United States. Finally, the Magistrate Judge noted that Eagle View did not: "claim any deficiency in the inspection Nearmap afforded" them; "outline circumstances justifying a second inspection now;" or "describe any anticipated benefit from a second bite of this particular apple."[3] Eagle View filed a timely objection.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard. In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[4] "The clearly erroneous standard . . . requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[5]

## II. DISCUSSION

Eagle View objects to the Magistrate Judge's Order and asks that this Court enter an order setting aside the Magistrate Judge's decision and granting Eagle View's Motion. In support, Eagle View argues that "[t]here is no better evidence of infringement than the accused instrumentality itself,"[6] and the Magistrate Judge's "ruling ignores the heart of the issue—that

---

[3] *Id.* at 3.

[4] Fed. R. Civ. P. 72(a).

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 354, 395 (1948) (internal quotation marks omitted)).

[6] Docket No. 406, at 2.

Eagle View will be undeniably prejudiced unless [their] expert is able to inspect the accused systems."[7] Eagle View asserts an additional inspection is necessary to allow their expert to conduct a subsequent inspection. Eagle View argues that if the Court is not inclined to compel Nearmap to produce the accused devices, then the Court should enter an order precluding Nearmap from objecting to certain evidence related to the accused devices. Nearmap's Response reiterates the burden that facilitating the requested inspection would cause them and urges the Court to overrule Eagle View's objection.

The Court has considered the filings, the Magistrate Judge's Order, and the parties' briefing on the Objection. First, the Court finds that Eagle View's Objection fails to show the Magistrate Judge's Order is clearly erroneous or contrary to law.  Second, the Court declines to enter any order regarding what may or may not be presented or objected to at trial at this time. Eagle View may raise this argument at the appropriate time should Nearmap raise such an objection. Accordingly, the Court will overrule Eagle View's Objection to the Magistrate Judge's Order.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Objection to the Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Production and Inspection (Docket No. 406) is OVERRULED.

DATED this 16th day of May, 2024.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] *Id.* at 5.