UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL RELATED TO NEARMAP'S DISCOVERY MOTION REGARDING OPENSOLAR AND CORELOGIC AGREEMENTS** <br> **(DOC. NOS. 350, 357, 377 & 394)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] portions of the briefing and exhibits related to Nearmap's[2] discovery motion to compel EagleView[3] to produce agreements with OpenSolar and CoreLogic and related negotiation documents.[4] For the reasons explained below, the motions to seal are granted in part and denied in part.

---

[1] (Doc. Nos. 350, 357, 377, & 394.)

[2] This order refers to Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Ltd collectively as "Nearmap."

[3] This order refers to Plaintiffs EagleView Technologies, Inc. and Pictometry International Corp. collectively as "EagleView."

[4] (Nearmap's Short Form Disc. Mot. to Compel Resps. to Reqs. for Produc. Nos. 41–46, 47–49, and 51 ("Discovery Mot."), Doc. No. 349 (redacted), Doc. No. 351 (sealed).)

1

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[5] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[6] Particularly "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7] However, the right of public access is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] Further, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[11]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might

---

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] DUCivR 5-3(a)(1).

[7] *Colony Ins. Co.*, 698 F.3d at 1242 (citation omitted).

[8] *Id.* at 1241 (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] DUCivR 5-3(b)(2)(A).

harm a litigant's competitive standing.'"[12]  Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[13]  And this rationale is even stronger where "the records could harm the competitive interests of third parties."[14]

## ANALYSIS

EagleView seeks to seal portions of each brief filed in connection with Nearmap's discovery motion; exhibits containing the underlying agreements with OpenSolar and CoreLogic; and exhibits containing conferral emails between counsel regarding the discovery dispute.[15]  EagleView argues these documents contain confidential information regarding the business relationships between EagleView and the nonparties which would harm their competitive business interests if disclosed.  Nearmap seeks to seal exhibits containing excerpts of EagleView's infringement contentions, arguing they contain sensitive technical information regarding Nearmap's products.[16]  All the motions to seal are unopposed.

Each document at issue is addressed based on the standards outlined above.

---

[12] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[13] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[14] *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013) (unpublished).

[15] (*See* EagleView's Mots. to Seal, Doc. Nos. 357, 394.)

[16] (*See* Nearmap's Mot. to Seal, Doc. No. 350.)  Nearmap's other motion to seal, (Doc. No. 377), is based solely on EagleView's confidentiality designations.

1. <u>Nearmap's Discovery Motion[17] and EagleView's Opposition[18]</u>

For the most part, the redacted portions of Nearmap's discovery motion contain only general descriptions of the agreements with OpenSolar and CoreLogic, and/or speculation from Nearmap as to what they might contain. While the motion mentions one specific term from the CoreLogic agreement, this term is referenced in the court's public order on the discovery motion—thus, the existence of this term is already a matter of public record and is necessary to understand the basis for the court's decision. Similarly, the redacted portions of EagleView's opposition only generally describe what topics the agreements do *not* address. Overall, the redacted portions of the motion and opposition contain no confidential information regarding specific terms of the third-party agreements, and they are necessary to understand the parties' arguments regarding the discovery dispute. Accordingly, EagleView has not articulated a countervailing interest which outweighs the public interest in access to the redacted portions. The unredacted versions of Nearmap's discovery motion and EagleView's opposition shall be unsealed.

2. <u>Infringement Contentions (Exhibits 4 and 5 to Nearmap's Discovery Motion)[19]</u>

The infringement contention excerpts attached as Exhibits 4 and 5 to Nearmap's discovery motion contain detailed, technical information regarding Nearmap products. Most of this information is irrelevant to the discovery dispute; the contentions are only referenced for the general proposition that EagleView claims indirect infringement by

---

[17] (Doc. No. 349 (redacted), Doc. No. 351 (sealed, unredacted version).)

[18] (Doc. No. 356 (redacted), Doc. No. 358 (sealed, unredacted version).)

[19] (Doc. Nos. 351-4 & 351-5.)

Nearmap.[20]  Under these circumstances, Nearmap's interest in protecting confidential technical information regarding its products outweighs the public interest in access to these exhibits at this stage.  Exhibits 4 and 5 shall remain sealed until otherwise ordered.  This ruling may be revisited if the infringement contentions are later used to determine the parties' substantive legal rights.

3. <u>Conferral Emails (Exhibits 3 and 6 to Nearmap's Discovery Motion)</u>[21]

EagleView does not identify what information it considers confidential in the conferral emails between counsel.  Some emails in Exhibit 3 reference the names and dates of the third-party agreements, but no details regarding the terms of the agreements are discussed in the exhibits. EagleView has not demonstrated the remainder of Exhibit 3, or any portion of Exhibit 6, warrants sealing.  Thus, Exhibit 6[22] will be unsealed.  If EagleView seeks to seal the names and dates of the agreements, EagleView must file a redacted version of Exhibit 3 redacting only that information within seven days.  If no redacted version is filed, Exhibit 3[23] will also be unsealed in its entirety without further notice.

---

[20] (*See* Discovery Mot. 2, Doc. No. 349.)

[21] (Doc. Nos. 351-3 & 351-6.)

[22] (Doc. No. 351-6.)

[23] (Doc. No. 351-3.)

4. <u>OpenSolar and CoreLogic Agreements (Exhibit 7 to Nearmap's Discovery Motion and Exhibits 8 and 9 to Nearmap's Reply)</u>[24]

EagleView asserts the OpenSolar and CoreLogic agreements contain "highly confidential business information that, if made public, would harm both EagleView and non-parties OpenSolar and CoreLogic's competitive business interests."[25] EagleView also notes these agreements contain confidentiality provisions.[26] Where these exhibits were filed in connection with a discovery dispute rather than dispositive motions, and the terms relevant to the discovery dispute are discussed in the public briefing and the court's public order, the public interest in access to the agreements themselves is minimal at this stage. This interest is outweighed by the countervailing interest in protecting EagleView's and the nonparties' confidential business information. Therefore, Exhibits 7, 8, and 9 shall remain sealed until otherwise ordered. This ruling may be revisited if the agreements are later used to determine the parties' substantive legal rights.

5. <u>Nearmap's Reply</u>[27]

Two portions of Nearmap's reply directly quote from and describe specific terms of the third-party agreements: the redacted portion of page 1 and the redacted portion of the last paragraph of page 2. Where the relevant terms of the agreements are summarized elsewhere in the public portions of the briefing and the court's public order,

---

[24] (Doc. Nos. 351-7, 378-1, & 378-2.)

[25] (EagleView's Mot. to Seal 3, Doc. No. 357.)

[26] (*Id.*)

[27] (Doc. No. 376 (redacted), Doc. No. 378 (sealed, unredacted version).)

these direct quotations and specific descriptions of terms are not necessary to understand the parties' arguments or the court's ruling.  Under these circumstances, the countervailing confidentiality interests articulated by EagleView outweigh the public interest in access to the redacted information.

The other redacted portions of Nearmap's reply do not warrant sealing.  They contain only general descriptions or characterizations of the agreements and related communications.  Accordingly, Nearmap is ordered to file a new, redacted version of its reply, retaining only the redactions on page 1 and the last paragraph of page 2.  The unredacted version of the reply shall remain sealed until otherwise ordered.

6. <u>EagleView's Proposed Sur-reply</u>[28]

EagleView moved for leave to file a sur-reply in opposition to Nearmap's discovery motion,[29] and it attached a proposed sur-reply with redactions to the portions discussing the third-party agreements.  Because EagleView's motion for leave was denied[30] and it was not permitted to file the proposed sur-reply, the public interest in access to the redacted information therein is minimal and is outweighed by EagleView's confidentiality interests set forth above.  The proposed sur-reply shall remain sealed until otherwise ordered.

---

[28] (Doc. No. 376 (redacted), Doc. No. 378 (sealed, unredacted version).)

[29] (*See* Doc. No. 383.)

[30] (*See* Doc. No. 387.)

CONCLUSION

The motions to seal[31] documents related to Nearmap's discovery motion regarding the OpenSolar and CoreLogic agreements are granted in part and denied in part, and the court ORDERS as follows:

1. The clerk is directed to unseal docket numbers 351 (main document), 351-6, and 358.  These are the unredacted versions of Nearmap's discovery motion regarding the OpenSolar and CoreLogic agreements, Exhibit 6 thereto, and EagleView's opposition.

2. EagleView may file a new, redacted version of Exhibit 3 to Nearmap's discovery motion consistent with this order within seven days.  If no such motion is filed, Exhibit 3[32] will be unsealed without further notice.

3. Nearmap is ordered to file a new, redacted version of its reply[33] consistent with this order within seven days.

DATED this 9th day of September, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[31] (Doc. Nos. 350, 357, 377, & 394.)

[32] (Doc. No. 351-3.)

[33] (Doc. No. 376 (redacted).)