UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC.; and PICTOMETRY INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEARMAP US, INC.; NEARMAP AUSTRALIA PTY LTD; and NEARMAP LTD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO SEAL RELATED TO EAGLEVIEW'S MOTION TO COMPEL PRODUCTION OR INSPECTION OF ACCUSED CAMERA SYSTEMS** <br> **(DOC. NOS. 380, 386, 389, 407, 411 & 413)** <br><br> Case No. 2:21-cv-00283 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed motions to seal[1] portions of the briefing and exhibits related to EagleView's[2] discovery motion to compel Nearmap[3] to produce its accused camera systems or provide for their inspection in the United States,[4] as well as EagleView's objection to the order denying that discovery motion. For the reasons explained below, the motions to seal at docket numbers 389 and 413 are granted, and the motions to seal at docket numbers 380, 386, 407, and 411 are granted in part and denied in part.

---

[1] (Doc. Nos. 380, 386, 389, 407, 411, 413.)

[2] This order refers to Plaintiffs EagleView Technologies, Inc. and Pictometry International Corp. collectively as "EagleView."

[3] This order refers to Defendants Nearmap US, Inc., Nearmap Australia Pty Ltd, and Nearmap Ltd collectively as "Nearmap."

[4] (Pls.' Short Form Mot. to Compel Produc. and Inspection, Doc. No. 379 (redacted), Doc. No. 381 (sealed).)

1

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[5] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[6] Particularly "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7] However, the right of public access is "not absolute."[8] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[9] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[10] Further, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[11]

"[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might

---

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[6] DUCivR 5-3(a)(1).

[7] *Colony Ins. Co.*, 698 F.3d at 1242 (citation omitted).

[8] *Id.* at 1241 (citation omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] DUCivR 5-3(b)(2)(A).

harm a litigant's competitive standing.'"[12]  Thus, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[13]

## ANALYSIS

Nearmap seeks to seal portions of EagleView's discovery motion, Nearmap's response, EagleView's objection, and Nearmap's response to the objection, along with certain exhibits to these filings.[14]  Nearmap argues these documents contain Nearmap's confidential business information and sensitive technical information regarding Nearmap's products.  EagleView's motions to seal are based solely on Nearmap's confidentiality designations.[15]  All the motions to seal are unopposed.  Each document at issue is addressed based on the standards outlined above.

1. <u>EagleView's Discovery Motion,[16] Exhibit 1 (EagleView's Discovery Requests),[17] and Exhibit 2 (Nearmap's Discovery Responses)[18]</u>

EagleView's discovery motion describes and quotes from Nearmap's discovery responses and final noninfringement contentions, both of which are designated "attorneys' eyes only."  EagleView's discovery requests are attached as Exhibit 1 to the

---

[12] *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[13] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[14] (*See* Nearmap's Mots. to Seal, Doc. Nos. 386, 389, 411, 413.)

[15] (*See* EagleView's Mots. to Seal, Doc. Nos. 380, 407.)

[16] (Doc. No. 379 (redacted), Doc. No. 381 (sealed, unredacted version).)

[17] (Doc. No. 381-1 (sealed).)

[18] (Doc. No. 381-2 (sealed).)

discovery motion, and Nearmap's discovery responses are attached as Exhibit 2. EagleView redacted the portions of the discovery motion describing or quoting from the discovery responses and infringement contentions, and filed the unredacted version of the discovery motion and the entirety of Exhibits 1 and 2 under seal. Nearmap moves to seal the entire discovery motion and Exhibit 2 (the discovery responses), arguing these contain sensitive technical information and competitive business information.[19] Nearmap does not seek to seal Exhibit 1 (the discovery requests).

Nearmap's motion to seal[20] the discovery motion and Exhibit 2 is granted in part and denied in part. Because Exhibit 2 contains detailed technical information regarding Nearmap's products throughout, most of which is irrelevant to this discovery dispute, Exhibit 2 shall remain sealed in its entirety until otherwise ordered.

With regard to the discovery motion, the redacted portions of the last paragraph of page 4 reference technical information and competitive business information regarding Nearmap's operations which warrant sealing. Additionally, the block quotation from Nearmap's infringement contentions at the bottom of page 3 describes technical information which warrants sealing. Where the majority of the parties' arguments and the entirety of the court's order on the discovery motion remain public, Nearmap's competitive business interests outweigh the public's interest in access to these isolated portions of the discovery motion. Therefore, these portions of the discovery motion shall remain sealed until otherwise ordered.

---

[19] (See Doc. No. 386.)

[20] (Id.)

However, Nearmap has not demonstrated the remainder of the discovery motion should be sealed.  The other redacted portions of the motion merely describe or quote from Nearmap's objections to EagleView's discovery requests, and describe in general terms Nearmap's position with regard to this discovery dispute.  These portions of the motion do not contain detailed technical information or competitive business information.  Accordingly, the remainder of the motion shall be unsealed. Additionally, Exhibit 1 (the discovery requests) shall be unsealed, where Nearmap does not seek to seal this exhibit.

Within seven days, EagleView shall file a new, redacted version of its discovery motion, maintaining only the redactions to the block quotation on page 3 and the last paragraph of page 4.  The unredacted version of the discovery motion and Exhibit 2 shall remain sealed until otherwise ordered.  Exhibit 1 shall be unsealed.

2. <u>Nearmap's Opposition</u>[21]

Nearmap's opposition to EagleView's discovery motion contains detailed descriptions of Nearmap's business operations, in support of its argument that EagleView's request for production or inspection of Nearmap's camera systems would be unduly burdensome.  Nearmap redacted these portions of the opposition and filed the unredacted version under seal.  Nearmap moves to maintain these portions of the opposition under seal, arguing they contain confidential, competitive business information.[22]

---

[21] (Doc. No. 388 (redacted); Doc. No. 390 (sealed, unredacted version).)

[22] (*See* Doc. No. 389.)

Nearmap's motion to seal[23] the opposition is granted. Nearmap has demonstrated the redacted portions contain confidential information regarding Nearmap's business operations which would harm Nearmap's competitive business interests if disclosed. Although relevant to the discovery dispute, Nearmap's burden arguments are discussed in general terms in the court's public order.[24] The public's interest in access to the more detailed information contained in the opposition is minimal at this stage, and it is outweighed by Nearmap's competitive business interests. Therefore, the unredacted version of the opposition shall remain sealed until otherwise ordered.

3. EagleView's Objection[25] and Exhibit 1 (Conferral Emails)[26]

EagleView's objection to the court's order denying its discovery motion describes and quotes from Nearmap's discovery responses and infringement contentions, as well as conferral emails between counsel regarding the discovery dispute. EagleView redacted these portions of the objection and filed the unredacted version under seal. EagleView also filed the conferral emails under seal as Exhibit 1 to the objection. Nearmap moves to seal the objection, arguing it contains sensitive technical information and commercially sensitive business information.[27] Nearmap's motion to seal does not address Exhibit 1.

---

[23] (*Id.*)

[24] (Doc. No. 395.)

[25] (Doc. No. 406 (redacted); Doc. No. 408 (sealed, unredacted version).)

[26] (Doc. No. 408-1.)

[27] (*See* Doc. No. 411.)

Nearmap's motion to seal[28] the objection is granted in part and denied in part. Footnote 2 of the objection quotes Nearmap's infringement contentions with regard to technical information regarding Nearmap's products.  This portion of the objection warrants sealing, for the reasons explained above.  However, the remainder of the objection does noes not warrant sealing.  The other redacted portions merely describe Nearmap's general position and arguments with respect to this discovery dispute, and Nearmap has not explained how disclosure of such information would harm its business interests.  Accordingly, the remainder of EagleView's objection shall be unsealed. Additionally, Exhibit 1 (the conferral emails) shall be unsealed, where Nearmap does not seek to seal the exhibit and it does not appear to contain confidential information.

Within seven days, EagleView shall file a new, redacted version of its objection to the court's order, maintaining only the redactions in footnote 2.  The unredacted version shall remain sealed until otherwise ordered.  Exhibit 1 shall be unsealed.

4. <u>Nearmap's Response[29] to EagleView's Objection and Exhibits 1, 2 and 3</u>[30]

Nearmap's response to EagleView's objection contains detailed descriptions of Nearmap's business operations—similar to those in Nearmap's opposition to the underlying discovery motion.  It also contains some technical descriptions of Nearmap's products.  Nearmap redacted these portions of the response and filed the unredacted version under seal.  Nearmap also filed three exhibits to the response under seal.

---

[28] (*Id.*)

[29] (Doc. No. 412 (redacted); Doc. No. 414 (sealed, unredacted version).)

[30] (Doc. Nos. 414-1, 414-2, 414-3.)

Nearmap moves to seal the redacted portions of its response, but the motion to seal does not address the sealed exhibits.[31]

Nearmap's motion to seal[32] the response is granted. The redacted portions of the response addressing Nearmap's business operations and technical product information warrant sealing, for the reasons explained above. Therefore, the unredacted version of the response shall remain sealed until otherwise ordered.

However, Nearmap has not articulated a basis to seal the attached exhibits; the motion to seal simply does not address them. Based on a review of the exhibits, it appears they may contain some confidential information.[33] Accordingly, rather than unsealing the exhibits immediately, the court will give Nearmap seven days to file a motion to seal the exhibits, should it seek to maintain them under seal. If no such motion is filed, the exhibits to Nearmap's response will be unsealed without further notice.

## CONCLUSION

The motions to seal at docket numbers 389 and 413 are granted; the motions to seal at docket numbers 380, 386, 407, and 411 are granted in part and denied in part; and the court ORDERS as follows:

---

[31] (*See* Doc. No. 413.)

[32] (*Id.*)

[33] Exhibit 1 contains conferral emails describing Nearmap's camera systems; Exhibit 2 is an operating manual; and Exhibit 3 is a deposition transcript containing descriptions of Nearmap's products and operations.

1. The clerk is directed to unseal docket number 381-1 (Exhibit 1 to EagleView's discovery motion) and docket number 408-1 (Exhibit 1 to EagleView's objection).

2. EagleView is ordered to file new, redacted versions of its discovery motion[34] and objection[35] consistent with this order within seven days.

3. Nearmap may file a motion to seal the exhibits to Nearmap's response[36] to EagleView's objection within seven days. If no such motion is filed, these exhibits[37] will be unsealed without further notice.

4. The unredacted versions of EagleView's discovery motion, Exhibit 2 thereto, Nearmap's opposition, EagleView's objection, and Nearmap's response shall remain sealed until otherwise ordered.[38] This ruling may be revisited if the confidential information therein is later used to determine the parties' substantive legal rights.

DATED this 9th day of September, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[34] (Doc. No. 379 (redacted).)

[35] (Doc. No. 406 (redacted).)

[36] (Doc. No. 412 (redacted).)

[37] (Doc. Nos. 414-1, 414-2, 414-3.)

[38] (Doc. Nos. 381 (main document only), 381-2, 390, 408 (main document only), 414 (main document only).)